# IN THE UNITED STATE~~S~~
## FOR THE NORTHERN DIS~~TRICT~~
## EASTERN DIVISION

| | |
|---|---|
| SIMEON LEWIS, Estate ) | **Civil Action File** |
| Simeon Washa Amen Ra Ex, ) | **No.:** _____ |
| Plaintiff ) | **COMPLAINT** |
| ) | |
| **vs.** ) | |
| ) | |
| BNSF  RAIL WAY COMPANY, ) | ***Jury Trial Demanded*** |
| C.E.O. - Matthew K. Rose ) | |
| Defendant, Respondent | |

**FILED**

SEP 1 5 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

---

## COMPLAINT AND OPENING STATEMENT

NOW comes Plaintiff, *pro se*, and complains of Defendants and alleges as follows:

Defendant, Burlington Northern Santa Fe Railway (BNSF) and subordinates of

Mathew K. Rose have individually and or severally caused injury to Plaintiff. This

is a civil action by Plaintiff against individuals and corporate officials whom

currently participate in violations involving unlawful seizure, trespass, conspiracy,

deprivation, negligence, malfeasance, fraud, theft of private property, and other

violations that will be discovered throughout this case as this court may reveal. At

all times relevant herein Defendants, employed as Railroad Company employees

agents are acting outside of the scope of their jurisdiction and authority, which

willfully caused Plaintiff damages and injury, and in so doing, violated clearly established labor laws, acts, and debt collection acts as well as pain and suffering. Defendant's action has also caused Plaintiff to lose a life insurance policy worth one million(1,000,000.00) dollars. Plaintiff could not maintain monthly premium payment.

**1.** Defendant has withheld Plaintiff's contractually agreed upon pay and turned it over to the Internal Revenue Service (IRS) without Plaintiff's approval or consent. The property involved in this nonconsensual taking of pay have been labeled FEDERAL INCOME TAX on Plaintiff's pay stub.

**2.** Defendant has withheld and turned over Plaintiff's property to the IRS based on a "NOTICE OF LEVY". It is Plaintiff's belief that the Defendant knows or should have known the difference between a NOTICE OF LEVY and an actual LEVY. Plaintiff has attached a certified copy of a Notice of Federal Tax Lien that was recorded in the Office of the Recorder of Deed's in Washington D.C. This certified copy has two additional pages attached showing proof that there is no supporting documents such as, abstract copy of court order, no legal description, no property address, no return address etc. **Exhibit J**

**3.** Defendant has also turned over Plaintiff's property to Illinois Department of Family Services (IDHFS) Division of Child Support without court order, without legal obligation and without Plaintiffs' permission.

Plaintiff would like to invoke the decisions of HAINES V. KERNER (1972) 404 US where the words of a Pro Se litigant are liberally construed and held to less rigorous standards (see Elliot v. Bronson (1989, CA Conn) 872 F2d 20.) than pleadings drafted by lawyers and dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him to relief (ALSO SEE Estelle v. Gamble, 429 U.S. 97, 105 (1976), Denton V. Hernandez (a992) , and Erickson V. Pardus (2007). Plaintiff also invoke the decision of SANNER V. THE BOARD OF TRADE 62F .3d 918, 925 (7th Cir.1995) as a PLAINTIFF. In Sanner all well pleaded facts made by a plaintiff are accepted with a sort of deference in a case. Plaintiff Alleges:

### Jurisdiction and Venue

Plaintiff invokes the jurisdiction of this court pursuant to common law and under the United States Constitution Article 3 Section 2 as well as 28 U.S.C §1332, which is Diversity Jurisdiction. Violations of defendants were all committed within the geographic jurisdiction of the United States District Court of Northern Illinois Eastern Division. The defending party has its headquarters located in the Texas Republic. The monetary threshold of $75,000 is met as this case is for the value of 156,642.99.

## PARTIES

**4.** Simeon Washa Amen Ra (hereinafter Plaintiff) is One of We the People, an indigenous inhabitant traveler temporarily in one of these several states of the united States of America called Illinois and at all times relevant in this case is the possessor of private property of his labor which is being stolen without consent or a court order. Plaintiff is a natural man and is domiciled in Cook County, Illinois state republic, Northwest Territory, United States of America.

**5.** On information and belief, BNSF RAILWAY COMPANY is a for-profit Delaware corporation bearing Delaware Secretary of State File No. 0325720, is foreign to this republic state of Illinois and bears Illinois Secretary of State filing 49629346. Address is 2500 LOU MENK DR, FORT WORTH, TX 76131-2828002.

**6.** Defendant Mathew K. Rose is the Chief Operating Officer of BNSF RAILWAY at all times relevant to this complaint, was, and is responsible for compensating, enriching, rewarding, and making policy for Defendant officers and is being sued as a person in its official and individual capacity.

## FACTUAL ALLEGATIONS

**7.** On February 10th, 2010 the Burlington Northern Santa Fe (BNSF) sent to

Plaintiff a letter ("LOCK IN LETTER"). Said letter was sent from the IRS

instructed the BNSF to begin withholding money from Plaintiff's pay for

"FEDERAL INCOME TAXES" at a rate of single and 00. **Exhibit A**

**8.** On February 20th, 2010 Plaintiff responded to said LOCK IN LETTER and

asked the Defendant's payroll employee Carrie McCabe what basis in law did the

BNSF, a private sector company have to withhold any amounts of pay without

Plaintiff's consent? There was no response from Defendant.

**9.** On October 22nd, 2010 eight months later, Defendant began withholding

what was listed on Plaintiff's paystub as a "FEDERAL INCOME TAX".

The Defendant has withheld this alleged "FEDERAL INCOME TAX" at a

rate of single and 00 which means that the Defendant has taken the maximum

amount of federal income taxes from Plaintiff's pay. The Defendant is still

withholding Plaintiff's property against consent or wishes as of September 07,

2014. **Exhibit A1**

**10.** On November 12, 2010, Plaintiff mailed Defendant a Notice by Affidavit

to Cease and Desist Collection of Tax against Plaintiff without his consent in an

attempt to stop Defendant from committing this unlawful act. A second request for

a response to the Affidavit was also sent on December 29, 2012. Defendant did

not respond to either request. **Exhibits B, B1**

**11.** On January 31, 2011, Plaintiff mailed Defendant a "NOTICE TO

TERMINATE WITHHOLDING AUTHORIZATION" in support of my

right to terminate and rescind any and all form W-4 voluntary withholding

agreements. Plaintiff presented evidence to Defendant that the signing of

a form W-4 is voluntary and can be cancelled by the private sector worker

and that the private sector company should not alter or disregard my claim.

Plaintiff does not wish to volunteer to have any of his pay (property) that he

receives for his labor (property) to be held for federal income taxes. **Exhibit C**

**12.** On January 05, 2012 Plaintiff received a letter from Defendant

requesting that I update form W-4 even after the Defendant received my

Affidavit terminating any and all W-4 agreements and my termination of

withholding authorization.

**13.** On February 15, 2012 Plaintiff made another attempt to stop the non-consensual withholding of pay and sent the BNSF a "WITTHOLDING EXEMPTION CERTIFICATE" by Affidavit. Plaintiff presented evidence to Defendant that Plaintiff believed that he had no liability under 26 USC subtitle A. Plaintiff also added information explaining to Defendant that the forms W-2, W-4 were related to Tax class 5 "Estate and Gift Tax" which Plaintiff is not liable for. Plaintiff does not wish to have any withholding of his pay that he receives in exchange for his sweat equity to be treated as a gift to anyone. **Exhibit D**

**14.** On February 15, 2012 Plaintiff sent the Defendant another Affidavit entitled NOTICE of NON-CONSENT to UNLAWFUL WITHHOLDING, etc. This was yet another attempt to stop Defendant from doing further harm to Plaintiff. Defendant did not respond. **Exhibit E**

**15.** On September 26, 2012, Defendant mailed Plaintiff a copy of a "NOTICE

OF LEVY" form 668-W(c). The "NOTICE OF LEVY" stated an amount was owed to the IRS of $54,409.63. **Exhibit F**

**16.** On October 15, 2012, Plaintiff sent the Defendant an "Affidavit of Notice of Wrongful Levy" and several emails in attempt to stop any unlawful acts. Defendant presented no evidence to the Plaintiff to ensure that anything was done to verify that the claims against Plaintiff were valid. **Exhibit G**

**17.** On October 22, 2012 the Defendant began honoring the "NOTICE OF LEVY" form 668 W(c) as if it were an actual "LEVY". This non-consensual taking of pay was in addition to the pay already being withheld for alleged federal income taxes. This now amounted to Plaintiffs pay being taken to the sum of 85%.

**18.** On March 1, 2013, in an attempt to show Defendant that the IRS "NOTICE OF LEVY" was only a notice and not an actual LEVY. Plaintiff presented evidence to Defendant showing that there was not any recorded proof of an actual levy or lien at the Recorded of Deed's office for cook county nor was there any recorded proof of any levy or lien with the Illinois Secretary of State's office as required by law. **Exhibits H, H1, H2**

**19.** On October 07, 2013, Defendant had garnished Plaintiff's pay for an entire year. The alleged amount of $50,409.63 that claimed to be owed to the IRS had been satisfied and allegedly paid to the IRS.

**20.** On October 10, 2013 Plaintiff sent an email to Defendants Payroll Department requesting that the garnishment be stopped. Even though the accounting of Plaintiff and Defendant show the amount had been satisfied Defendant still refused to discontinue withholding for said "NOTICE OF LEVY" form 668-W(c). Plaintiff was then informed that the Defendant would not stop sending payments out without a release of levy. Defendant had not presented any evidence of a lawful reason to continue to withhold Plaintiffs contractually agreed upon pay.

**21.** On October 24, 2013, Plaintiff went into the IRS office a 230 S. Dearborn and requested a release of levy from the IRS but was denied. The IRS employee, Ms. Thomas and her supervisor Ms. Terry L. Jackson stated that there were a total of five (5) missing payments of random dates and that Plaintiff's pay stubs did not prove that the Defendant sent the funds to the proper place.

**22.** On October 24, 2013, Plaintiff requested copies of the cancelled checks

from Defendant in an attempt to show proof that the IRS had received and cashed said checks.

**23.** On February 25, 2014, ninety (90) days later, Plaintiff received from Defendant via email, copies of thirty two (32) cancelled checks. The checks appear to have been sent to IRS P.O. Box 219236, Kansas City, MO 64121-9236 from Defendant. Plaintiff would like to point out that although the checks had Department of Treasury stamped on them; the checks appear to be deposited into UMB National Association Bank, 1008 Oak Street, Kansas City, MO. 64121-9236 Bank routing number XXX-XXX-695. There also appears to be an alleged transaction that takes place a day or two after each deposit to an unnamed financial institution. **Exhibit I**

**24.** On or about June 10, 2014, Defendant ceased garnishment of Plaintiff's pay for IRS notice of levy form 668-W(c) with no explanation as to why.

**25.** On or about June 22, 2014 Defendant began garnishing and turning over Plaintiff's property to Illinois Department of Health and Family Services (IDHFS)

Child Support Enforcement Division without Plaintiff's consent nor a valid and verified Court Order from a court of competent jurisdiction. The amount currently being garnished by Defendant is $840.00 per month. **Exhibit K paystubs 2010-14**

## COUNT I

## NON CONSENUAL TAKING OF PAY
## BREACH OF FIDUCIARY RESPONSIBILITY

**26.** Plaintiff incorporates the allegations 1 through 25 above.

The Defendants have continually taken Plaintiff's pay at a rate of 85% per pay period, against his wishes and non-consent. The Defendants actions have placed Plaintiff in a state of "Peonage". The Defendant has cause irrepreparable damage and harm to Plaintiff. Defendant is a private sector company bound by contract through a collective bargaining agreement to compensate Plaintiff for his labor. Plaintiff has not been properly paid for over four and a half years. Plaintiff would like to point out sections from United States Code (U.S.C) as well as the Code of Federal Regulations (CFR) that relate to Plaintiff's rights in regards to voluntary withholding agreements.

**27.** 26 CFR 31.3401(a)-3 Amounts deemed wages under voluntary withholding agreements.

(a) In general. Notwithstanding the exceptions to the definition of wages specified in section 3401(a) and the regulations thereunder, the term "wages" includes the amounts described in paragraph (b)(1) of this section with respect to which there is a voluntary withholding agreement in effect under section **3402(p)**. References in this chapter to the definition of wages contained in section 3401(a) shall be deemed to refer also to this section § 31.3401(a)-3.

**28.** 26 USC 3402 (p) Voluntary withholding agreements.

(1) Certain Federal payments

(A) In general

If, at the time a specified Federal payment is made to any person, a request by such person is in effect that such payment be subject to withholding under this chapter, then for purposes of this chapter and so much of subtitle F as relates to this chapter, such payment shall be treated as if it were a payment of wages by an employer to an employee.

**29.** 26 CFR 31.3402(p)-1 Voluntary withholding agreements

(a) In general. An employee and his employer may enter into an agreement under section 3402(b) to provide for the withholding of income tax upon payments of

amounts described in paragraph (b) (1) of § 31.3401(a)-3, made after December

31, 1970.

An agreement may be entered into under this section only with respect to amounts

which are includible in the gross income of the employee under section 61, and

must be applicable to all such amounts paid by the employer to the employee.

The amount to be withheld pursuant to an agreement under section 3402(p) shall

be determined under the rules contained in section 3402 and the regulations

there under.

**30.  26 CFR 31.3402(p)-1(b) (2)**

An agreement under section 3402 (p) shall be effective for such period as the

employer and employee mutually agreed upon. However, either the employer or

the employee may terminate the agreement prior to the end of such period by

furnishing a signed written notice to the other.

**31.**  26 U.S.C. §3402(n)-1, Employees incurring no income tax liability.

**32.** 26 CFR §31.3402(n)-1—"Not withstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to the payment, a withholding exemption certificate furnished to the employer by the employee which contains statements that—

(a)     The employee incurred no liability for income tax imposed under subtitle A of the Code for his preceding taxable year; and

(b)     The employee anticipates that he will incur no liability for income tax imposed by Subtitle A for his current taxable year."

**33.** The Defendant has not presented any verified documentation to Plaintiff that would allow Defendant to lawfully honor a request from a third party to withhold federal income taxes at a rate of single and zero, without the consent of the worker.

"Employer is not authorized to alter withholding exemption certificate filed by employee or to dishonor employee's claim".

**United States v. Malinowski, 347 F. Supp. 352, 1992**

## COUNT II
## BREACH OF FUDICARY RESPONSIBILTY

**34.** Plaintiff incorporates the allegations in 1through 33 above.

**35.** Plaintiff has never received a copy of any verified documentation in regards to a court preceding that has found the Plaintiff liable for owing any back taxes to the Department of Treasury or the IRS. The Defendant mailed Plaintiff a copy of the "NOTICE OF LEVY", at first glance the notice has Plaintiff's address as one and the same as the Department of Treasury. Another portion of the five page "NOTICE" required the signature of Defendant's office on the "Levy Acknowledgement Form". The entire levy acknowledgement form was left blank, leaving Plaintiff to believe that Defendant's office was well aware that the "NOTICE" was not an actual court ordered levy signed by a judge. The Defendant has garnished Plaintiffs pay for an entire year based on a "NOTICE OF LEVY" form 668-W and not a triple signed "LEVY" form 668-B. It is of great concern to Plaintiff, that Defendant did not take the necessary steps to ensure and protect

Plaintiff's property. **See reverse side of Pg.3, Exhibit F**

## COUNT III

## BREACH OF FIDUCIARY RESPONSIBILITY

**36.** Plaintiff incorporates the allegations in 1through 35 above.

**37.** Defendant has also garnished Plaintiff's pay and turned over to the Illinois Department of Child Support Enforcement without a verified Court Order. Plaintiff has an agreed arrangement that Plaintiff will pay support directly to Rose Harding, who is the mother of Plaintiff's children and **not** to the IDHFS. Plaintiff had not been able to make any support payment to Rose Harding over the last twenty one (21) months because of Defendants actions. The Defendants act caused Plaintiff to fall behind on said payments which caused Ms. Harding to apply for Public Aid Assistance. It is Plaintiffs belief that the Defendant did not take the necessary steps to ensure and protect Plaintiffs property.

## COUNT IV
## Fith Amendment Violation

# DUE PROCESS

**38.** Plaintiff incorporates the allegation in 1through 37 above.

**39.** Plaintiff made various attempts to show the Defendant that his due process

rights were being violated.  The FIFTH AMENDENT of the Constitution of the

United States of America states:

"nor be deprived of life, liberty, or property, without due process of law"

The actions of the Defendant have forced the Plaintiff into a state of Peonage:

These actions establish a policy of peonage as defined at 18 U.S.C. § 1581,

42 U.S.C. § 1994 and is prohibited by the Thirteenth Amendment to the

Constitution for the united States of America.

The Thirteenth Amendment, which was added to the Constitution for the

United States of America in 1864, prohibits involuntary servitude.

Laws on peonage were passed by Congress shortly thereafter.

They are founded upon the long standing principles that are based upon the

Constitutional Fifth Amendment mandate that no person shall be deprived of

life, liberty or property <u>without due process of law</u>.

The Supreme Court of the United States of America, in <u>Clyatt v. U.S.</u>, 197

U.S. 207 (1904) explains why peonage is properly brought into Federal Court.

To wit:

*"...That which is contemplated by the statute is compulsory service to secure*

*the payment of a debt. Is this legislation within the power of Congress? It may*

*be conceded as a general proposition that the ordinary relations of individuals*

*are subject to the control of the states and are not entrusted to the general*

*government, but the Thirteenth Amendment, adopted as an outcome of the civil*

*war, reads:*

*Sec. 1. Neither slavery nor <u>involuntary</u> servitude, except as a punishment for a*

*crime whereof the party shall have been duly convicted, shall exist within the*

*United States, or any place subject to their jurisdiction.*

*Sec. 2. Congress shall have power to enforce this article by appropriate*

*legislation."*

Attached Exhibits-A,A1,B,B1,C,D,E,F,G,H,H1,H2,I,J,K.

Plaintiff reserves his rights to amend the complaint and ad other possible violations
such as,

18 USC 241- CONSPIRACT AGAINST RIGHTS

18 USC 242- DEPREVATION OF RIGHTS UNDER COLOR OF LAW

And others.

**Wherefore**, Plaintiff Simeon W. Amen Ra requests this Honorable Court to
enter judgment in favor of Plaintiff against Defendant for Treble Damages:

(1) Statutory damages

(2) Compensatory damages in an amount to be proven at trial

(3) Punitive damages in an amount to be proven at trial.

(4) Pain, suffering and all other relief deemed proper by the court

Total amount $160,000.00 x 3= $480,000.00

Respectfully submitted,

/s/ simeon washa amen re Ex
P.O. Box 199273
Chicago, Illinois 60619

Dated this ___15___ day of September, 2014

On this 12 day of September 2014 before me personally appeared

Simeon W. Amen Ra whose identity was proven to me on the basis

of satisfactory evidence to be the man who he claims to be, and acknowledged

that he signed the document above in his stated capacity.

(Seal)

"OFFICIAL SEAL"
Cheryl D. Moore
Notary Public, State of Illinois
My Commission Expires February 1, 2015

Cheryl D. Moore
_____
Notary Public

Dated this 12th day of _____September_____, 2014

## CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiffs, hereby certifies that on September ~~17th~~ 8th, 2014, he served a copy of the above Complaint, and this certificate of service, on:

BNSF RAIL WAY COMPANY
C.E.O. MATTHEW K. ROSE
C/O Hannah Stadheim, Human Resources
3611 West 38th Street
Chicago, Illinois 60632

By certified mail: 7013 2250 0002 2516 2446

Respectfully submitted,


/s/ simeon washa amen re Ex
P.O. Box 199273
Chicago, Illinois 60619

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SIMEON LEWIS, Estate

simeon washa amen ra Ex,

Plaintiff

      **vs.**

BNSF  RAIL WAY COMPANY,

C.E.O. - Matthew K. Rose

Defendant, Respondent

)
)
)
)
)
)
)
)
)

**Civil Action File No.:** _____

**ORDER CONCERNING PLAINTIFFS' COMPLAINT**

_____

## ORDER CONCERNING PLAINTIFFS' COMPLAINT

Having considered the Motion and Plaintiff's Opposition, and good cause being found on behalf of the Plaintiff, the Court HEREBY ORDERS:

_____. This _____ day of _____, 2014.

      Judge _____

      Deputy Clerk / Secretary_____

Certified Mail Receipt:

state of Illinois   )
                 ) ss :
county of cook   )

# AFFIDAVIT OF TRUTH IN SUPPORT OF COMPLAINT

"Indeed, no more than (affidavits) is necessary to make the prima facie case." United States v. Kis, 658 F.2nd, 526, 536 (7th Cir. 1981); Cert Denied, 50 U.S. L.W. 2169; S. Ct. March 22, 1982

- I Simeon W. Amen Ra am of the age of maturity to make this affidavit and the testimonial facts herein

- I Simeon W. Amen Ra am mentally competent to make this Official Affidavit of Testimonial Facts for the Court Record

- I Simeon W. Amen Ra have personal knowledge of the facts in this testimony and affidavit

- This affidavit is made under penalties of perjury and must be responded to by a counter affidavit by any and all parties within 30 days or it will stand as undisputed fact as a matter of law

- Any and all responses must be in affidavit form under your full commercial liability, rebutting each of my points, on a point-by-point basis, and Declarations are insufficient, as declarations permit lying by omission, which no honorable presentment may contain.

"I Minister Simeon W. Amen Ra declare under penalty of perjury under the laws of the Aboriginal Republic of North America/International Indigenous Society and the United States of America that the foregoing is true and correct.

[Made Pursuant to Title 28 USCA Section 1746][1]

---

[1] Ferguson v. Commissioner of the Internal Revenue 921 F. 2d. 588 (5th Circuit 1991] 'Court abused its discretion in refusing testimony of witness who refused, on religious grounds, to swear or affirm, and who instead **offered to testify accurately and completely and to be subject to penalties for perjury**".

The BNSF RAILWAY COMPANY (BNSF) has withheld a total of $69,628.17 of my property for the years of 2010, 2011, 2012, 2013, 2014 listing it as an alleged "FEDERAL INCOME TAX" of my pay. This was done and is still happening against my wishes or consent.

The BNSF has also withheld a total of $87,014.82 of my property for the years of 2012, 2013, 2014 listing it as an alleged "FEDERAL TAX LEVY". This was done against my wishes or consent. The combined amounts as of September 7, 2014 are $156,642.99 and counting.

The BNSF has begun withholding Child Support payment and Arrearage without a valid court order issued by a court of competent jurisdiction. This was done against my wishes or consent and without a valid verified court order. The total amount as of September 07, 2014 is $2,940.00.

---

Affiant states the following as it pertains to BNSF's non-consensual withholding of a "FEDERAL INCOME TAX" from contractually agreed upon pay.

1. The BNSF has not provided Affiant with any verified proof that I have consented to have a FEDERAL INCOME TAX withheld from my contractually agreed upon pay for the years of 2010-2014.

2. The BNSF has not provided Affiant with any verified documentation that would disallow Affiants non-consent of federal or state tax withholding claims.

3. The BNSF has not provided Affiant with a verified copy of IRS Form 2678, making their company a withholding agency for the IRS.

4. The BNSF has not provided Affiant with any verified proof that An Article III court of competent jurisdiction has found me liable for owing back taxes for "FEDERAL INCOME TAXES".

Affiant further states the following as it pertains to BNSF compliance with IRS "NOTICE OF LEVY" form 668-W(c) received on September 22nd 2012.

5. The BNSF has not provided Affiant with any verified documentation that authorizes any property to be turned over to the IRS against my consent for a "NOTICE OF LEVY" Form 668-W(c).

6. The BNSF has not provided Affiant with a copy of a signed "LEVY AKNOWLEDGEMENT FORM" that was attached to form 668-W(c)" NOTICE OF LEVY".

7. The BNSF has not provided Affiant any verified proof that a "NOTICE OF LEVY" Form 668-W(c) is a forcible document AT LAW.

8. The BNSF has not provided Affiant a copy of a verified form 668-B "LEVY" with the appropriate triple signatures of IRS Revenue Officers and an abstract copy of a court order signed by a judge.

9. The BNSF has not provided Affiant any certified proof that attempts were made to verify the claim of the alleged IRS Operations Managers, Maureen A. Judge, DeANNE BENDER.

10. The BNSF has not provided Affiant any verified proof of a valid "DEBT INSTRUMENT" bearing Affiants name that would cause an obligation to any bureau, agency or corporation.

11. The BNSF has not provided Affiant a copy of any verified document that would constitute a valid "SEIZURE" of Affiants property signed by a judge of an Article III court of competent jurisdiction.

12. The BNSF has not provided Affiant a copy of "WRIT OF EXECUTION" nor a "WRIT OF ATTACHMENT" against Affiant issued by an Article III court of competent jurisdiction.

13. The BNSF has not provided Affiant with a verified copy of a court ordered "WARRANT OF DISTRAINT" against Affiant issued by a court of competent jurisdiction.

14. The BNSF has not provided Affiant with any verified documented proof that wage garnishment IS PERMITTED before judgment is obtained.

15. The BNSF has not provided Affiant with any verified documents purporting to be a "JUDGEMENT" in favor of any bureau, agency or corporation including the "INTERNAL REVENUE TAX AND AUDIT SERVICE", "INTERNAL REVENUE", "UNITED STATES OF AMERICA, INC" or "U.S. DEPARTMENT OF TREASURY INC." against Simeon Lewis or Simeon Washa Amen Ra.

16. The BNSF has not provided Affiant with any verified contract or documents such as a UCC-1 FINANCING STATEMENT listing Simeon Lewis or Simeon Washa Amen Ra as a "DEBTOR" owing a debt to any bureau, agency or corporation mentioned above in item 15.

17. The BNSF has not provided Affiant with any verified contract or documents such as a UCC-1 FINANCING STATEMENT listing any bureau, agency or corporation mentioned in item 15 as a "SECURED PARTY CREDITOR" against Simeon Lewis or Simeon Washa Amen Ra.

18. The BNSF has not provided Affiant a copy of a verified "FEDERAL TAX LIEN" accompanied with an abstract court order issued by a court of competent jurisdiction naming Affiant as a party subject to a lien.

Affiant further states the following in regards to withholding of Child Support and Arrearage,

19. The BNSF has not provided Affiant with any verified documentation that a court of competent jurisdiction has issued an Order authorizing the withholding of Child Support and Arrearage from my pay.

Affiant further states,

20. Affiant has shown the BNSF verified proof that there is no LEVY/ LIEN on file with the Cook County Recorder of Deeds here in Illinois as required by law. **Exhibit H**

21. Affiant has shown the BNSF verified proof that there is no LEVY/ LIEN on file with the Secretary of State here in Illinois as required by law. **Exhibit H1, H2**

22. Affiant has given the BNSF documentation that terminates any and all past W-4 agreements as well as termination of BNSF's withholding authorization. **Exhibit C**

23. Affiant has requested by Affidavit that the BNSF discontinue the use of a social security number to identify Affiant based on the Law as well as my Religious beliefs. **Exhibit BB**

24. Affiant has provided the BNSF with the following documents: (1) Citizenship Status is that of a U.S. National, authenticated by former U.S. Secretary of State-Condoleezza Rice. (2) Form W-8BEN. (3) Form I-9. (4) Form 56-Notice Concerning Fiduciary Relationship. (5) United Nations Resolutions – UN A/RES/60-147, UN A/RES/ 61-295. **Exhibit AA**

25. Affiant has informed the BNSF of their possible First Amendment Violation (Religion), Fifth Amendment (Due Process), as well as Human Rights Violations.

Further Affiant sayeth not.

If the BNSF disagrees with anything stated in this Affidavit of Truth, then rebut that, with which you disagree, with particularity, within thirty (30) days of receipt thereof, by means of your written, sworn and notarized affidavit of truth, based in specific, relevant fact and law to support your disagreement. Your failure to respond, as stipulated, is your agreement with and admission to the fact that everything in this Affidavit of Truth is true, correct, legal, lawful, and is your irrevocable admission attesting to this, fully binding upon you in any court of law in America, without your protest, objection or that of those who represent you.

## REMEDY SOUGHT

Affiant requests the return of property in the amount of $156,642.99 including interest. If this matter goes to a trial by jury, other relief sought will be punitive as well as compensatory (Treble Damages) and any other relief granted by the court.

Cease any further withholdings for Child Support and Arrearages and return all funds taken. $2,940.00.

Respectfully submitted,

*[signature]*

All Rights Reserved

On this ___ day of September 2014, before me personally appeared *Simeon Amen Ra* whose identity was proven to me on the basis of satisfactory evidence to be the man who he claims to be, and acknowledged that he signed the document above in his stated capacity.

(Seal)

*[signature]*

Notary Public

Dated this ___ day of September 2014

"OFFICIAL SEAL"
Cheryl D. Moore
Notary Public, State of Illinois
My Commission Expires February 1, 2015

TO:  BNSF RAIL WAY COMPANY
C.E.O. MATTHEW K. ROSE
C/O Hannah Stadheim, Human Resources
3611 West 38th Street
Chicago, Illinois 60632