IL Dept of Healthcare and Family Services

| ROSE HARDING | 135769925 | Order No. | 2007D0080461 |
|---|---|---|---|
| Obligee/Custodial Parent | RIN | | |

vs.

| SIMEON W. AMEN RA | 123066953 | IV-D No. | C01055196 |
|---|---|---|---|
| Obligor/Non-Custodial Parent | RIN | | |

## PROOF OF SERVICE OF JUDICIAL INCOME WITHHOLDING FOR SUPPORT

Copies of the attached Income Withholding for Support prepared in the above case on NOVEMBER 21, 2014 have been delivered to BNSF RAILWAY COMPANY , payor at PO BOX 1738 TOPEKA KS 66601-1738 and _____ , obligor at _____ ; by:

[X] Ordinary mail

[ ] Certified mail, return receipt requested

[ ] Facsimile transmission or other electronic means

[ ] Personal delivery

[ ] Other method provided by law for service of a summons

Service was made on the 21ST day of NOVEMBER, 2014

### CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this form HFS 2584 are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Division of Child Support Services

By: SHONTE LITTLE

CUSTOMER SERVICE

PO BOX 641097

CHICAGO IL 60664-1097

HFS 2584 (R-7-10)
(SEQ: 1677F)

http://www.ChildSupportIllinois.com

IL478-1238

IL Dept of Healthcare and Family Services
Division of Child Support Services

# INCOME WITHHOLDING FOR SUPPORT

☐ ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)

☒ AMENDED IWO

☐ ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT

☐ TERMINATION OF IWO                              Date: NOVEMBER 21, 2014

☒ Child Support Enforcement (CSE) Agency      ☐ Court      ☐ Attorney

☐ Private Individual/Entity (Check One)

NOTE: This IWO must be regular on its face. Under certain circumstances you must reject this IWO
and return it to the sender (see IWO instructions
http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154_instructions.pdf). If you receive this
document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying
order must be attached.

State/Tribe/Territory __State of IL__          Remittance Identifier (include w/payment)
City/County/Dist./Tribe __COOK__                         __1703100/2007D0080461__
Private Individual/Entity _____       Order Identifier  2007D0080461
                                               CSE Agency Case Identifier  C01055196

# BNSF RAILWAY COMPANY _____      RE:  AMEN RA, SIMEON W.
Employer/Income Withholder's Name          Employee/Obligor's Name (Last, First, MI)
PO BOX 1738
Employer/Income Withholder's Address       Employee/Obligor's Social Security Number
TOPEKA KS  66601-1738                      HARDING, ROSE
                                           Custodial Party/Obligee's Name (Last, First, MI)

Employer/Income Withholder's FEIN [       ]          Entry Date of Order for
                                                     Support  09/13/2007
Child(ren)'s Name(s) (Last, First, MI) Child(ren)'s Birth Date(s)

ORDER INFORMATION: This document is based on the support or withholding order from Illinois
(State/Tribe). You are required by law to deduct these amounts from the employee/obligor's income
until further notice.
$ 300.00 ___ per T-MO ___  current child support
$ _____ per _____  past-due child support - Arrears greater than 12 weeks?   ☐ yes   ☒ no
$ _____ per _____  current cash medical support
$ _____ per _____  past-due cash medical support
$ _____ per _____  current spousal support
$ _____ per _____  past-due spousal support
$ _____ per _____  other (must specify) _____

for a Total Amount to Withhold of $ 300.00 ___ per T-MO __.

AMOUNTS TO WITHHOLD: You do not have to vary your pay cycle to be in compliance with the Order
Information. If your pay cycle does not match the ordered payment cycle, withhold one of the
following amounts:

$ 138.46 ___ per weekly pay period      $ 300.00 ___ per semimonthly pay period (twice a month)
$ 276.92 ___ per bi-weekly pay period (every two weeks)   $ 600.00 ___ per monthly pay period.
$ _____ LUMP SUM PAYMENT. Do not stop any existing IWO unless you receive a termination order.

REMITTANCE INFORMATION: If the employee/obligor's principal place of employment is Illinois
(State/Tribe), you must begin withholding no later than the first pay period that occurs 14 days
after the date of 11/21/2014. Send payment within 7 working days of the pay date. If you cannot
withhold the full amount of support for any or all orders for this employee/obligor, withhold up to
65  % of disposable income for all orders. If the employee/obligor's principal place of employment
is not Illinois (State/Tribe), obtain withholding limitations, time requirements, and any allowable
employer fees at  http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm
for the employee/obligor's principal place of employment.

112114        C01055196        135769925        123066953        2007D0080461

Document Tracking Identifier                                      OMB 0970-0154
HFS 3683 (R-12-12)
(SEQ: 1674F)

For electronic payment requirements and centralized payment collection and disbursement facility information (State Disbursement Unit (SDU)), **see**
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the **Remittance Identifier with the payment** and if necessary this FIPS Code:
1703100/2007D0080461 .

| Remit payment to: | State Disbursement Unit | | (SDU/Tribal Order Payee) |
|---|---|---|---|
| at PO Box 5400 | Carol Stream IL 60197-5400 | | (SDU/Tribal Payee Address) |

☐ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with 42 USC 666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

Signature of Judge/Issuing Official (if required by State or Tribal law): _____
Print Name of Judge/Issuing Official: _Healthcare and Family Services_
Title of Judge/Issuing Official: _Division of Child Support Services_
Date of Signature: _____

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.

[X]  If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

### ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer Services website located at:
   http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts_map.htm

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (USC 42 666(b)(7)). If a Federal tax levy is in effect, please notify the sender.

**Combining Payments:** When remitting payments to an SDU or Tribal CSE agency, you may combine withheld amounts from more than one employee/obligor's income in a single payment. You must, however, separately identify each employee/obligor's portion of the payment.

**Payments to SDU:** You must send child support payments payable by income withholding to the appropriate SDU or to a Tribal CSE agency. If this IWO instructs you to send a payment to an entity other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box above and return this notice to the sender. Exception: If this IWO was sent by a Court, Attorney or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment regarding time periods within which you must implement the withholding and forward the support payments.

**Multiple IWOs:** If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support. Follow the State or Tribal law/procedure of the employee/obligor's principal place of employment to determine the appropriate allocation method.

**Lump Sum Payments:** You may be required to notify a State or Tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/ procedure. See attached supplemental sheet for details regarding: "Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law."

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO. See attached supplemental sheet for details regarding: "Rights, Remedies and Duties of the Obligor Under Illinois Law."

OMB Expiration Date - 05/31/2014. The OMB Expiration Date has no bearing on the termination date of the IWO; it identifies the version of the form currently in use.

| 112114 | C01055196 | 135769925 | 123066953 | 2007D0080461 |

HFS 3683 (R-12-12)
(SEQ: 1674B)

Employer's Name: <u>BNSF RAILWAY COMPANY</u>          Employer FEIN: ▮▮▮▮▮▮▮

Employee/Obligor's Name: <u>SIMEON W. AMEN RA</u>

CSE Agency Case Identifier <u>CO1055196</u>     Order Identifier: <u>1703100/2007D0080461</u>

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment (see REMITTANCE INFORMATION). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Arrears greater than 12 weeks?** If the Order Information does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

Additional Information: _____

_____

_____

**NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS:** If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below:

☐  This person has never worked for this employer nor received periodic income.

☐  This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____    Last known phone number: _____

Last known address: _____

Final payment date to SDU/Tribal Payee: _____    Final payment amount: _____

New employer's name: _____
New employer's address: _____

**CONTACT INFORMATION:**

**To Employer/Income Withholder:** If you have any questions, contact the Income Withholding Unit (issuer name) by phone at <u>(312) 803-7253, Toll Free: 1-888-245-1938</u> , by fax at (888) 227-0370, by email or website at: <u>www.ChildSupportIllinois.com</u>.

Send termination/income status notice and other correspodence to:
IL Dept of Healthcare and Family Services  Division of Child Support Services
<u>PO Box 641097    Chicago IL 60664-1097</u>_____ (Issuer address).

**To Employee/Obligor:** If the employee/obligor has questions, contact the Income Withholding Unit (issuer name) by phone at <u>(312) 803-7253, Toll Free: 1-888-245-1938</u> , by fax at (888) 227-0370, by email or website at <u>www.ChildSupportIllinois.com</u>.

IMPORTANT:   The person completing this form is advised that the information may be shared with the employee/obligor.

112114      CO1055196      135769925      123066953      2007D0080461

HFS 3683 (R-12-12)
(SEQ:  1675F)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law:

1) The payor shall deduct the amount designated in the income withholding notice, as supplemented by any notice provided pursuant to section 45(f) of the Income Withholding for Support Act, beginning no later than the next payment of income which is payable or creditable to the obligor that occurs 14 days following the date the income withholding notice was mailed, sent by facsimile or other electronic means, or placed for personal delivery to or service on the payor. The payor may combine all amounts withheld for the benefit of an obligee or public office into a single payment and transmit the payment with a listing of obligors from whom withholding has been effected. The payor must pay the amount withheld to the State Disbursement Unit within 7 busines days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to withhold the amount designated in the Income Withholding Notice or to pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, the payor shall pay a penalty of $100 for each day that the amount designated in the income withholding notice (whether or not withheld by the payor) is not paid to the State Disbursement Unit after the period of 7 business days has expired. The total penalty for a payor's failure, on one occasion, to withhold or pay to the State Disbursement Unit an amount designated in the income withholding notice may not exceed $10,000. This penalty may be collected in a civil action which may be brought against the payor in favor of the obligee or public office. An action to collect the penalty may not be brought more than one year after the date of the payor's alleged failure to withhold or pay income. For each withholding, the payor shall provide the State Disbursement Unit, at the time of transmittal, with the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. For withholding of income, the payor shall be entitled to receive a fee not to exceed $5 per month to be taken from the income to be paid to the obligor. Whenever the obligor is no longer receiving income from the payor, the payor shall return a copy of the income withholding notice to the obligee or public office and shall provide information for the purpose of enforcing the Income Withholding for Support Act. Withholding of income shall be made without regard to any prior or subsequent garnishments, attachments, wage assignments, or any other claims of creditors. The income withholding notice is binding upon the payor until service on the payor of an order of the court or notice from either the Department or Clerk of the Circuit Court to cease the withholding.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) Income available for withholding shall be applied first to the current support obligation, then to any premium required for employer, labor union, or trade union related health insurance coverage ordered under the order for support, and then to payments required on past-due support obligations. If there is insufficient available income remaining to pay the full amount of the required health insurance premium after withholding of income for the current support obligation, then the remaining available income shall be applied to payments required on past-due support obligations. If the payor has been served with more than one income withholding notice pertaining to the same obligor, the payor shall allocate income available for withholding on a proportionate share basis, giving priority to current support payments. No payor shall discharge, discipline, refuse to hire or otherwise penalize an obligor because of the duty to withhold income. Where a payor willfully fails to withhold or pay over income pursuant to a properly served income withholding notice, or willfully discharges, disciplines, refuses to hire or otherwise penalizes an obligor, or otherwise fails to comply with any duties imposed by the Income Withholding for Support Act, the obligee, public office or obligor, as appropriate, may file a complaint with the court against the payor. Upon a finding in favor of the complaining party, the court shall enter judgment and direct the enforcement thereof for the total amount that the payor willfully failed to withhold or pay over; and may order employment or reinstatement of or restitution to the obligor, or both, where the obligor has been discharged, disciplined, denied employment or otherwise penalized by the payor and may impose a fine upon the payor not to exceed $200.

4) If an obligee who is receiving income withholding payments under the Income Withholding for Support Act does not receive a payment required under the income withholding notice, he or she must give written notice of the non-receipt of the payor. The notice must

112114          CO1055196          135769925          123066953          2007D0080461

HFS 3683 (R-12-12)
(SEQ: 1675B)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

include the date on which the obligee believes the payment was to have been made and the amount of the payment. The obligee must send the notice to the payor by certified mail, return receipt requested. After receiving a written notice of non-receipt of payment under section 45(j) of the Income Withholding for Support Act, a payor must, within 14 days thereafter, either (i) notify the obligee of the reason for the non-receipt of payment or (ii) make the required payment, together with interest at the rate of 8% calculated from the date on which the payment of income should have been made. A payor who fails to comply with section 45(j) of the Income Withholding for Support Act is subject to the $100 per day penalty provided pursuant to subsection (a) of Section 35 of the Income Withholding for Support Act.

Rights, Remedies and Duties of the Obligor Under Illinois Law:

1) An employer cannot discharge, discipline, refuse to hire, or otherwise penalize the obligor because of the duty to withhold. If the employer does so, the employer may be ordered to reinstate or provide restitution to the obligor, or both, and may be fined up to $200, pursuant to a complaint filed by the obligor in the circuit court. The obligor is required by law to notify the Department/Clerk of the Circuit Court of any new address or employer within 7 days of the change. At any time after the initial service of the income withholding notice, the Department may serve any employer with the same income withholding notice without further notice to the obligor. New service of an income withholding notice is not required in order to resume withholding of income in the case of an obligor with respect to whom an income withholding notice was previously served on the payor if withholding of income was terminated becasue of an interruption in the obligor's employment of less than 180 days.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that data shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfsaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) The obligor may contest initiated income withholding under Section 30 of the Income Withholding for Support Act, or the obligor may contest income withholding after accrual of delinquency under Section 25 of the Act, by filing a petition to contest withholding with the Clerk of the Circuit Court if the order was issued by the court, or petitioning the Department if the order for support was issued administratively by the Department. The obligor must file the petition within 20 days after service of a copy of the income withholding notice. However, as required by law, the grounds for the request to contest the initiated income withholding shall be limited to whether the parties' written agreement providing an alternative arrangement to immediate withholding continues to ensure payment of support, or misidentification of the obligor. As required by law, the grounds for the petition to contest withholding after accrual of delinquency shall be limited to a dispute concerning the existence or amount of the delinquency, or misidentification of the obligor. The obligor may, at any time, file with the Circuit Clerk or Department a petition to correct a term contained in an income withholding notice to conform to the terms stated in the underlying order for support for the amount of current support, the amount of the arrearage, the periodic amount for payment of the arrearage, or the periodic amount for payment of the delinquency, or to modify, suspend or terminate the income withholding notice because of a modification, suspension or termination of the underlying order for support; or, suspend the income withholding because of inability to deliver income withheld to the obligee due to the obligee's failure to provide a mailing address or other means of delivery. Any obligee, public office or obligor who willfully initiates a false proceeding under the Income Withholding for Support Act may be punished as in cases of contempt of court.

112114          CO1055196          135769925          123066953          2007D0080461

HFS 3683 (R-12-12)
(SEQ: 1676F)

| | | | |
|---|---|---|---|
| ROSE HARDING | 135769925 | Order No. | 2007D0080461 |
| Obligee/Custodial Parent | RIN | | |
| vs. | | | |
| SIMEON W. AMEN RA | 123066953 | IV-D No. | C01055196 |
| Obligor/Non-Custodial Parent | RIN | | |

## PROOF OF SERVICE OF JUDICIAL
## INCOME WITHHOLDING FOR SUPPORT

Copies of the attached Income Withholding for Support prepared in the above case on JUNE 05, 2014 have been delivered to BNSF RAILWAY COMPANY , payor at PO BOX 1738

TOPEKA KS 66601-1738 and

_____, obligor at _____

_____ ; by:

[X] Ordinary mail

[ ] Certified mail, return receipt requested

[ ] Facsimile transmission or other electronic means

[ ] Personal delivery

[ ] Other method provided by law for service of a summons

Service was made on the 5TH day of JUNE, 2014

### CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this form HFS 2584 are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Division of Child Support Services

By: SHONTE LITTLE

CUSTOMER SERVICE

PO BOX 641097

CHICAGO IL 60664-1097

IL Dept of Healthcare and Family Services
Division of Child Support Services

## INCOME WITHHOLDING FOR SUPPORT

☐ ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)

☒ AMENDED IWO

☐ ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT

☐ TERMINATION OF IWO                    Date: __JUNE 05, 2014__

☒ Child Support Enforcement (CSE) Agency    ☐ Court    ☐ Attorney

☐ Private Individual/Entity (Check One)

NOTE: This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154_instructions.pdf). If you receive this document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying order must be attached.

State/Tribe/Territory __State of IL__            Remittance Identifier (include w/payment)
City/County/Dist./Tribe __COOK__                                1703100/2007D0080461
Private Individual/Entity _____        Order Identifier  2007D0080461
                                             CSE Agency Case Identifier  CO1055196

__BNSF RAILWAY COMPANY__            RE: __AMEN RA, SIMEON W.__
Employer/Income Withholder's Name       Employee/Obligor's Name (Last, First, MI)
__PO BOX 1738__
Employer/Income Withholder's Address     Employee/Obligor's Social Security Number
__TOPEKA KS  66601-1738__               __HARDING, ROSE__
                                        Custodial Party/Obligee's Name (Last, First, MI)

Employer/Income Withholder's FEIN ▓▓▓▓▓       Entry Date of Order for
                                             Support __09/13/2007__
Child(ren)'s Name(s) (Last, First, MI)  Child(ren)'s Birth Date(s)

ORDER INFORMATION: This document is based on the support or withholding order from Illinois (State/Tribe). You are required by law to deduct these amounts from the employee/obligor's income until further notice.
$ __300.00__  per __T-MO__  current child support
$ __120.00__  per __T-MO__  past-due child support - Arrears greater than 12 weeks?  ☐ yes  ☒ no
$ _____  per _____  current cash medical support
$ _____  per _____  past-due cash medical support
$ _____  per _____  current spousal support
$ _____  per _____  past-due spousal support
$ _____  per _____  other (must specify) _____

for a Total Amount to Withhold of $ __420.00__  per __T-MO__ .

AMOUNTS TO WITHHOLD: You do not have to vary your pay cycle to be in compliance with the Order Information. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ __193.85__  per weekly pay period     $ __420.00__  per semimonthly pay period (twice a month)
$ __387.69__  per bi-weekly pay period (every two weeks)  $ __840.00__  per monthly pay period.
$ _____  LUMP SUM PAYMENT. Do not stop any existing IWO unless you receive a termination order.

REMITTANCE INFORMATION: If the employee/obligor's principal place of employment is Illinois (State/Tribe), you must begin withholding no later than the first pay period that occurs 14 days after the date of 06/05/2014. Send payment within 7 working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to 65 % of disposable income for all orders. If the employee/obligor's principal place of employment is not Illinois (State/Tribe), obtain withholding limitations, time requirements, and any allowable employer fees at http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm for the employee/obligor's principal place of employment.

060514        CO1055196        135769925        123066953        2007D0080461

Document Tracking Identifier
HFS 3683 (R-12-12)
(SEQ: 1622F)

OMB 0970-0154

For electronic payment requirements and centralized payment collection and disbursement facility
information (State Disbursement Unit (SDU)), see
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the **Remittance Identifier** with the payment and if necessary this FIPS Code:
_1703100/2007D0080461____.

| Remit payment to: _State Disbursement Unit_____ | (SDU/Tribal Order Payee) |
| at _P.O. Box 5400  Carol Stream IL  60197-5400_____ | (SDU/Tribal Payee Address) |

☐ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU
in accordance with 42 USC 666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below).  If
payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must
check this box and return the IWO to the sender.

Signature of Judge/Issuing Official (if required by State or Tribal law): _____
Print Name of Judge/Issuing Official: _Healthcare and Family Services____
Title of Judge/Issuing Official: _Division of Child Support Services_____
Date of Signature: _____

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe
that issued this order, a copy of this IWO must be provided to the employee/obligor.

☒ If checked, the employer/income withholder must provide a copy of this form to the
employee/obligor.

### ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer
Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts_map.htm

**Priority:**  Withholding for support has priority over any other legal process under State law
against the same income (USC 42 666(b)(7)).  If a Federal tax levy is in effect, please notify the
sender.

**Combining Payments:**  When remitting payments to an SDU or Tribal CSE agency, you may combine
withheld amounts from more than one employee/obligor's income in a single payment.  You must,
however, **separately** identify each employee/obligor's portion of the payment.

**Payments to SDU:**  You must send child support payments payable by income withholding to the
appropriate SDU or to a Tribal CSE agency.  If this IWO instructs you to send a payment to an entity
other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box
above and return this notice to the sender.  Exception:  If this IWO was sent by a Court, Attorney
or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order
was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:**  You must report the pay date when sending the payment. The pay date is the
date on which the amount was withheld from the employee/obligor's wages.  You must comply with the
law of the State (or Tribal law if applicable) of the employee/obligor's principal place of
employment regarding time periods within which you must implement the withholding and forward the
support payments.

**Multiple IWOs:**  If there is more than one IWO against this employee/obligor and you are unable to
fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to
the greatest extent possible, giving priority to current support before payment of any past-due
support.  Follow the State or Tribal law/procedure of the employee/obligor's principal place of
employment to determine the appropriate allocation method.

**Lump Sum Payments:**  You may be required to notify a State or Tribal CSE agency of upcoming lump sum
payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender
to determine if you are required to report and/or withhold lump sum payments.

**Liability:**  If you have any doubts about the validity of this IWO, contact the sender. If you fail
to withhold income from the employee/obligor's income as the IWO directs, you are liable for both
the accumulated amount you should have withheld and any penalties set by State or Tribal law/
procedure.  See attached supplemental sheet for details regarding: "Duties of, and Fines and
Penalties Applicable to, the Payor Under Illinois Law."

**Anti-discrimination:**  You are subject to a fine determined under State or Tribal law for
discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action
against an employee/obligor because of this IWO.  See attached supplemental sheet for details
regarding: "Rights, Remedies and Duties of the Obligor Under Illinois Law."

OMB Expiration Date - 05/31/2014.  The OMB Expiration Date has no bearing on the termination date of
the IWO; it identifies the version of the form currently in use.

060514          CO1055196          135769925          123066953          2007D0080461

HFS 3683 (R-12-12)
(SEQ:  1622B)

Employer's Name: __BNSF RAILWAY COMPANY_____     Employer FEIN: █████████

Employee/Obligor's Name: __SIMEON W. AMEN RA_____

CSE Agency Case Identifier __CO1055196_____     Order Identifier: __1703100/2007DO080461_____

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment (see REMITTANCE INFORMATION). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Arrears greater than 12 weeks?** If the Order Information does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

**Additional Information:** _____
_____
_____
_____

**NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS:** If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below:

☐  This person has never worked for this employer nor received periodic income.

☐  This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____     Last known phone number: _____

Last known address: _____
_____

Final payment date to SDU/Tribal Payee: _____     Final payment amount: _____

New omployer's name: _____
New employer's address:_____

**CONTACT INFORMATION:**

**To Employer/Income Withholder:** If you have any questions, contact the Income Withholding Unit (issuer name) by phone at __(312) 803-7253, Toll Free: 1-888-245-1938__, by fax at (888) 227-0370, by email or website at: www.ChildSupportIllinois.com.

Send termination/income status notice and other correspodence to:
IL Dept of Healthcare and Family Services  Division of Child Support Services
__PO Box 641097   Chicago IL 60664-1097_____ (Issuer address).

**To Employee/Obligor:** If the employee/obligor has questions, contact the Income Withholding Unit (issuer name) by phone at __(312) 803-7253, Toll Free: 1-888-245-1938__, by fax at (888) 227-0370, by email or website at __www.ChildSupportIllinois.com__.

IMPORTANT:  The person completing this form is advised that the information may be shared with the employee/obligor.

060514          CO1055196          135769925          123066953          2007DO080461

HFS 3683 (R-12-12)
(SEQ:  1623F)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law:

1) The payor shall deduct the amount designated in the income withholding notice, as supplemented by any notice provided pursuant to section 45(f) of the Income Withholding for Support Act, beginning no later than the next payment of income which is payable or creditable to the obligor that occurs 14 days following the date the income withholding notice was mailed, sent by facsimile or other electronic means, or placed for personal delivery to or service on the payor. The payor may combine all amounts withheld for the benefit of an obligee or public office into a single payment and transmit the payment with a listing of obligors from whom withholding has been effected. The payor must pay the amount withheld to the State Disbursement Unit within 7 busines days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to withhold the amount designated in the Income Withholding Notice or to pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, the payor shall pay a penalty of $100 for each day that the amount designated in the Income withholding notice (whether or not withheld by the payor) is not paid to the State Disbursement Unit after the period of 7 business days has expired. The total penalty for a payor's failure, on one occasion, to withhold or pay to the State Disbursement Unit an amount designated in the income withholding notice may not exceed $10,000. This penalty may be collected in a civil action which may be brought against the payor in favor of the obligee or public office. An action to collect the penalty may not be brought more than one year after the date of the payor's alleged failure to withhold or pay income. For each withholding, the payor shall provide the State Disbursement Unit, at the time of transmittal, with the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. For withholding of income, the payor shall be entitled to receive a fee not to exceed $5 per month to be taken from the income to be paid to the obligor. Whenever the obligor is no longer receiving income from the payor, the payor shall return a copy of the income withholding notice to the obligee or public office and shall provide information for the purpose of enforcing the Income Withholding for Support Act. Withholding of income shall be made without regard to any prior or subsequent garnishments, attachments, wage assignments, or any other claims of creditors. The income withholding notice is binding upon the payor until service on the payor of an order of the court or notice from either the Department or Clerk of the Circuit Court to cease the withholding.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) Income available for withholding shall be applied first to the current support obligation, then to any premium required for employer, labor union, or trade union related health insurance coverage ordered under the order for support, and then to payments required on past-due support obligations. If there is insufficient available income remaining to pay the full amount of the required health insurance premium after withholding of income for the current support obligation, then the remaining available income shall be applied to payments required on past-due support obligations. If the payor has been served with more than one income withholding notice pertaining to the same obligor, the payor shall allocate income available for withholding on a proportionate share basis, giving priority to current support payments. No payor shall discharge, discipline, refuse to hire or otherwise penalize an obligor because of the duty to withhold income. Where a payor willfully fails to withhold or pay over income pursuant to a properly served income withholding notice, or willfully discharges, disciplines, refuses to hire or otherwise penalizes an obligor, or otherwise fails to comply with any duties imposed by the Income Withholding for Support Act, the obligee, public office or obligor, as appropriate, may file a complaint with the court against the payor. Upon a finding in favor of the complaining party, the court shall enter judgment and direct the enforcement thereof for the total amount that the payor willfully failed to withhold or pay over; and may order employment or reinstatement of or restitution to the obligor, or both, where the obligor has been discharged, disciplined, denied employment or otherwise penalized by the payor and may impose a fine upon the payor not to exceed $200.

4) If an obligee who is receiving income withholding payments under the Income Withholding for Support Act does not receive a payment required under the income withholding notice, he or she must give written notice of the non-receipt to the payor. The notice must

| 060514 | CO1055196 | 135769925 | 123066953 | 2007D0080461 |

HFS 3683 (R-12-12)
(SEQ: 1623B)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

include the date on which the obligee believes the payment was to have been made and the amount of the payment. The obligee must send the notice to the payor by certified mail, return receipt requested. After receiving a written notice of non-receipt of payment under section 45(j) of the Income Withholding for Support Act, a payor must, within 14 days thereafter, either (i) notify the obligee of the reason for the non-receipt of payment or (ii) make the required payment, together with interest at the rate of 9% calculated from the date on which the payment of income should have been made. A payor who fails to comply with section 45(j) of the Income Withholding for Support Act is subject to the $100 per day penalty provided pursuant to subsection (a) of Section 35 of the Income Withholding for Support Act.

Rights, Remedies and Duties of the Obligor Under Illinois Law:

1) An employer cannot discharge, discipline, refuse to hire, or otherwise penalize the obligor because of the duty to withhold. If the employer does so, the employer may be ordered to reinstate or provide restitution to the obligor, or both, and may be fined up to $200, pursuant to a complaint filed by the obligor in the circuit court. The obligor is required by law to notify the Department/Clerk of the Circuit Court of any new address or employer within 7 days of the change. At any time after the initial service of the income withholding notice, the Department may serve any employer with the same income withholding notice without further notice to the obligor. New service of an income withholding notice is not required in order to resume withholding of income in the case of an obligor with respect to whom an income withholding notice was previously served on the payor if withholding of income was terminated becasue of an interruption in the obligor's employment of less than 180 days.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) The obligor may contest initiated income withholding under Section 30 of the Income Withholding for Support Act, or the obligor may contest income withholding after accrual of delinquency under Section 25 of the Act, by filing a petition to contest withholding with the Clerk of the Circuit Court if the order was issued by the court, or petitioning the Department if the order for support was issued administratively by the Department. The obligor must file the petition within 20 days after service of a copy of the income withholding notice. However, as required by law, the grounds for the request to contest the initiated income withholding shall be limited to whether the parties' written agreement providing an alternative arrangement to immediate withholding continues to ensure payment of support, or misidentification of the obligor. As required by law, the grounds for the petition to contest withholding after accrual of delinquency shall be limited to a dispute concerning the existence or amount of the delinquency, or misidentification of the obligor. The obligor may, at any time, file with the Circuit Clerk or Department a petition to correct a term contained in an income withholding notice to conform to the terms stated in the underlying order for support for the amount of current support, the amount of the arrearage, the periodic amount for payment of the arrearage, or the periodic amount for payment of the delinquency, or to modify, suspend or terminate the income withholding notice because of a modification, suspension or termination of the underlying order for support; or, suspend the income withholding because of inability to deliver income withheld to the obligee due to the obligee's failure to provide a mailing address or other means of delivery. Any obligee, public office or obligor who willfully initiates a false proceeding under the Income Withholding for Support Act may be punished as in cases of contempt of court.

| 060514 | CO1055196 | 135769925 | 123066953 | 200700080461 |

HFS 3683 (R-12-12)
(SEQ: 1624F)

IL Dept of Healthcare and Family Services

| ROSE HARDING | 135769925 | Order No. | 2007D0080461 |
|---|---|---|---|
| Obligee/Custodial Parent | RIN | | |

vs.

| SIMEON W. AMEN RA | 123066953 | IV-D No. | C01055196 |
|---|---|---|---|
| Obligor/Non-Custodial Parent | RIN | | |

**PROOF OF SERVICE OF JUDICIAL**
**INCOME WITHHOLDING FOR SUPPORT**

Copies of the attached Income Withholding for Support prepared in the above case on APRIL 17, 2014 have been delivered to BNSF RAILWAY COMPANY , payor at
PO BOX 1738
TOPEKA KS 66601-1738 and
_____, obligor at _____
_____ ; by:

[X] Ordinary mail

[ ] Certified mail, return receipt requested

[ ] Facsimile transmission or other electronic means

[ ] Personal delivery

[ ] Other method provided by law for service of a summons

Service was made on the 17TH day of APRIL, 2014

CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this form HFS 2584 are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Division of Child Support Services

By: SHONTE LITTLE

CUSTOMER SERVICE

PO BOX 641097

CHICAGO IL 60664-1097

HFS 2584 (R-7~10)
(SEQ: 1537F)

http://www.ChildSupportIllinois.com          IL478-1238

IL Dept of Healthcare and Family Services
Division of Child Support Services

## INCOME WITHHOLDING FOR SUPPORT

☐ ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)

☒ AMENDED IWO

☐ ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT

☐ TERMINATION OF IWO                                      Date: JUNE 16, 2014

☒ Child Support Enforcement (CSE) Agency      ☐ Court      ☐ Attorney

☐ Private Individual/Entity (Check One)

NOTE:  This IWO must be regular on its face.  Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154 instructions.pdf).  If you receive this document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying order must be attached.

State/Tribe/Territory  State of IL
City/County/Dist./Tribe  COOK
Private Individual/Entity

Remittance Identifier (include w/payment)
                  1703100/2007D0080461
Order Identifier  2007D0080461
CSE Agency Case Identifier  C01055196

BNSF RAILWAY COMPANY
Employer/Income Withholder's Name
PO BOX 1738
Employer/Income Withholder's Address
TOPEKA KS  66601-1738

RE:  AMEN RA, SIMEON W.
Employee/Obligor's Name (Last, First, MI)

Employee/Obligor's Social Security Number
HARDING, ROSE
Custodial Party/Obligee's Name (Last, First, MI)

Employer/Income Withholder's FEIN

Entry Date of Order for Support  09/13/2007

Child(ren)'s Name(s) (Last, First, MI)    Child(ren)'s Birth Date(s)

ORDER INFORMATION:  This document is based on the support or withholding order from Illinois (State/Tribe).  You are required by law to deduct these amounts from the employee/obligor's income until further notice.
$ 300.00 ___ per T-MO ___ current child support
$ 120.00 ___ per T-MO ___ past-due child support - Arrears greater than 12 weeks?   ☐ yes   ☒ no
$ _____ per _____ current cash medical support
$ _____ per _____ past-due cash medical support
$ _____ per _____ current spousal support
$ _____ per _____ past-due spousal support
$ _____ per _____ other (must specify) _____

for a Total Amount to Withhold of $ 420.00 ___ per T-MO .

AMOUNTS TO WITHHOLD:  You do not have to vary your pay cycle to be in compliance with the Order Information.  If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ 193.85 ___ per weekly pay period      $ 420.00 ___ per semimonthly pay period (twice a month)
$ 387.69 ___ per bi-weekly pay period (every two weeks)   $ 840.00 ___ per monthly pay period.
$ _____ LUMP SUM PAYMENT. Do not stop any existing IWO unless you receive a termination order.

REMITTANCE INFORMATION:  If the employee/obligor's principal place of employment is Illinois (State/Tribe), you must begin withholding no later than the first pay period that occurs 14 days after the date of 06/16/2014.  Send payment within 7 working days of the pay date.  If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to 65  % of disposable income for all orders.  If the employee/obligor's principal place of employment is not Illinois (State/Tribe), obtain withholding limitations, time requirements, and any allowable employer fees at http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm for the employee/obligor's principal place of employment.

| 061614 | C01055196 | 135769925 | 123066953 | 2007D0080461 |

Document Tracking Identifier
HFS 3683 (R-12-12)
(SEQ:  1576F)

OMB 0970-0154

For electronic payment requirements and centralized payment collection and disbursement facility information (State Disbursement Unit (SDU)), see
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the **Remittance Identifier with the payment** and if necessary this FIPS Code: 1703100/200700080461    .

| Remit payment to: | State Disbursement Unit | (SDU/Tribal Order Payee) |
|---|---|---|
| at P.O. Box 5400 | Carol Stream IL  60197-5400 | (SDU/Tribal Payee Address) |

☐ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with 42 USC 666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

Signature of Judge/Issuing Official (if required by State or Tribal law): _____
Print Name of Judge/Issuing Official: __Healthcare and Family Services__
Title of Judge/Issuing Official: _Division of Child Support Services_
Date of Signature: _____

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.

☒ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

### ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts_map.htm

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (USC 42 666(b)(7)). If a Federal tax levy is in effect, please notify the sender.

**Combining Payments:** When remitting payments to an SDU or Tribal CSE agency, you may combine withheld amounts from more than one employee/obligor's income in a single payment. You must, however, separately identify each employee/obligor's portion of the payment.

**Payments to SDU:** You must send child support payments payable by income withholding to the appropriate SDU or to a Tribal CSE agency. If this IWO instructs you to send a payment to an entity other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box above and return this notice to the sender. Exception: If this IWO was sent by a Court, Attorney or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment regarding time periods within which you must implement the withholding and forward the support payments.

**Multiple IWOs:** If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support. Follow the State or Tribal law/procedure of the employee/obligor's principal place of employment to determine the appropriate allocation method.

**Lump Sum Payments:** You may be required to notify a State or Tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/ procedure. See attached supplemental sheet for details regarding: "Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law."

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO. See attached supplemental sheet for details regarding: "Rights, Remedies and Duties of the Obligor Under Illinois Law."

OMB Expiration Date - 05/31/2014. The OMB Expiration Date has no bearing on the termination date of the IWO; it identifies the version of the form currently in use.

061614          CO1055196          135769925          123066953          200700080461

HFS 3683 (R-12-12)
(SEQ: 1576B)

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment (see REMITTANCE INFORMATION). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Arrears greater than 12 weeks?** If the Order Information does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

Additional Information: _____
_____
_____
_____

NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS: If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below;

☐  This person has never worked for this employer nor received periodic income.

☐  This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____   Last known phone number: _____

Last known address: _____

Final payment date to SDU/Tribal Payee: _____   Final payment amount: _____

New employer's name: _____
New employer's address:_____

CONTACT INFORMATION:

To Employer/Income Withholder: If you have any questions, contact the Income Withholding Unit (issuer name) by phone at _(312) 803-7253, Toll Free: 1-888-245-1938_ , by fax at (888) 227-0370, by email or website at: www.ChildSupportIllinois.com.

Send termination/income status notice and other correspodence to:
_IL Dept of Healthcare and Family Services  Division of Child Support Services_
_PO Box 641087    Chicago IL 60664-1097_                                    (Issuer address).

To Employee/Obligor: If the employee/obligor has questions, contact the Income Withholding Unit (issuer name) by phone at _(312) 803-7253, Toll Free: 1-888-245-1938_ , by fax at (888) 227-0370, by email or website at  www.ChildSupportIllinois.com.

IMPORTANT: The person completing this form is advised that the information may be shared with the employee/obligor,

061614          CO1055196          135769925          123066953          2007DO080461

HFS 3683 (R-12-12)
(SEQ:  1577F)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law:

1) The payor shall deduct the amount designated in the income withholding notice, as supplemented by any notice provided pursuant to section 45(f) of the Income Withholding for Support Act, beginning no later than the next payment of income which is payable or creditable to the obligor that occurs 14 days following the date the income withholding notice was mailed, sent by facsimile or other electronic means, or placed for personal delivery to or service on the payor. The payor may combine all amounts withheld for the benefit of an obligee or public office into a single payment and transmit the payment with a listing of obligors from whom withholding has been effected. The payor must pay the amount withheld to the State Disbursement Unit within 7 busines days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to withhold the amount designated in the Income Withholding Notice or to pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, the payor shall pay a penalty of $100 for each day that the amount designated in the income withholding notice (whether or not withheld by the payor) is not paid to the State Disbursement Unit after the period of 7 business days has expired. The total penalty for a payor's failure, on one occasion, to withhold or pay to the State Disbursement Unit an amount designated in the income withholding notice may not exceed $10,000. This penalty may be collected in a civil action which may be brought against the payor in favor of the obligee or public office. An action to collect the penalty may not be brought more than one year after the date of the payor's alleged failure to withhold or pay income. For each withholding, the payor shall provide the State Disbursement Unit, at the time of transmittal, with the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. For withholding of income, the payor shall be entitled to receive a fee not to exceed $5 per month to be taken from the income to be paid to the obligor. Whenever the obligor is no longer receiving income from the payor, the payor shall return a copy of the income withholding notice to the obligee or public office and shall provide information for the purpose of enforcing the Income Withholding for Support Act. Withholding of income shall be made without regard to any prior or subsequent garnishments, attachments, wage assignments, or any other claims of creditors. The income withholding notice is binding upon the payor until service on the payor of an order of the court or notice from either the Department or Clerk of the Circuit Court to cease the withholding.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) Income available for withholding shall be applied first to the current support obligation, then to any premium required for employer, labor union, or trade union related health insurance coverage ordered under the order for support, and then to payments required on past-due support obligations. If there is insufficient available income remaining to pay the full amount of the required health insurance premium after withholding of income for the current support obligation, then the remaining available income shall be applied to payments required on past-due support obligations. If the payor has been served with more than one income withholding notice pertaining to the same obligor, the payor shall allocate income available for withholding on a proportionate share basis, giving priority to current support payments. No payor shall discharge, discipline, refuse to hire or otherwise penalize an obligor because of the duty to withhold income. Where a payor willfully fails to withhold or pay over income pursuant to a properly served income withholding notice, or willfully discharges, disciplines, refuses to hire or otherwise penalizes an obligor, or otherwise fails to comply with any duties imposed by the Income Withholding for Support Act, the obligee, public office or obligor, as appropriate, may file a complaint with the court against the payor. Upon a finding in favor of the complaining party, the court shall enter judgment and direct the enforcement thereof for the total amount that the payor willfully failed to withhold or pay over; and may order employment or reinstatement of or restitution to the obligor, or both, where the obligor has been discharged, disciplined, denied employment or otherwise penalized by the payor and may impose a fine upon the payor not to exceed $200.

4) If an obligee who is receiving income withholding payments under the Income Withholding for Support Act does not receive a payment required under the income withholding notice, he or she must give written notice of the non-receipt to the payor. The notice must

061614            CO1055196            135769925            123066953            200700080461

HFS 3683 (R-12-12)
(SEQ:  1577B)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

include the date on which the obligee believes the payment was to have been made and the amount of the payment. The obligee must send the notice to the payor by certified mail, return receipt requested. After receiving a written notice of non-receipt of payment under section 45(j) of the Income Withholding for Support Act, a payor must, within 14 days thereafter, either (i) notify the obligee of the reason for the non-receipt of payment or (ii) make the required payment, together with interest at the rate of 9% calculated from the date on which the payment of income should have been made. A payor who fails to comply with section 45(j) of the Income Withholding for Support Act is subject to the $100 per day penalty provided pursuant to subsection (a) of Section 35 of the Income Withholding for Support Act.

Rights, Remedies and Duties of the Obligor Under Illinois Law:

1) An employer cannot discharge, discipline, refuse to hire, or otherwise penalize the obligor because of the duty to withhold. If the employer does so, the employer may be ordered to reinstate or provide restitution to the obligor, or both, and may be fined up to $200, pursuant to a complaint filed by the obligor in the circuit court. The obligor is required by law to notify the Department/Clerk of the Circuit Court of any new address or employer within 7 days of the change. At any time after the initial service of the income withholding notice, the Department may serve any employer with the same income withholding notice without further notice to the obligor. New service of an income withholding notice is not required in order to resume withholding of income in the case of an obligor with respect to whom an income withholding notice was previously served on the payor if withholding of income was terminated becasue of an interruption in the obligor's employment of less than 180 days.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satifsaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) The obligor may contest initiated income withholding under Section 30 of the Income Withholding for Support Act, or the obligor may contest income withholding after accrual of delinquency under Section 25 of the Act, by filing a petition to contest withholding with the Clerk of the Circuit Court if the order was issued by the court, or petitioning the Department if the order for support was issued administratively by the Department. The obligor must file the petition within 20 days after service of a copy of the income withholding notice. However, as required by law, the grounds for the request to contest the initiated income withholding shall be limited to whether the parties' written agreement providing an alternative arrangement to immediate withholding continues to ensure payment of support, or misidentification of the obligor. As required by law, the grounds for the petition to contest withholding after accrual of delinquency shall be limited to a dispute concerning the existence or amount of the delinquency, or misidentification of the obligor. The obligor may, at any time, file with the Circuit Clerk or Department a petition to correct a term contained in an income withholding notice to conform to the terms stated in the underlying order for support for the amount of current support, the amount of the arrearage, the periodic amount for payment of the arrearage, or the periodic amount for payment of the delinquency, or to modify, suspend or terminate the income withholding notice because of a modification, suspension or termination of the underlying order for support; or, suspend the income withholding because of inability to deliver income withheld to the obligee due to the obligee's failure to provide a mailing address or other means of delivery. Any obligee, public office or obligor who willfully initiates a false proceeding under the Income Withholding for Support Act may be punished as in cases of contempt of court.

061614          CO1055196          135769925          123066953          2007D0080461

HFS 3683 (R-12-12)
(SEQ: 1578F)

IL Dept of Healthcare and Family Services

| ROSE HARDING | 135769925 | Order No. | 2007D0080461 |
|---|---|---|---|
| Obligee/Custodial Parent | RIN | | |

vs.

| SIMEON W. AMEN RA | 123066953 | IV-D No. | C01055196 |
|---|---|---|---|
| Obligor/Non-Custodial Parent | RIN | | |

### PROOF OF SERVICE OF JUDICIAL
### NATIONAL MEDICAL SUPPORT NOTICE

Copies of the attached National Medical Support Notice prepared in the above case on APRIL 16, 2014 have been delivered to BURLINGTON NORTHERN AND SANTA F , payor at 2500 LOU MENK DR
FORT WORTH TX 76131-2828 and
SIMEON W. AMEN RA , obligor at 7236 S MICHIGAN AVE # 2
CHICAGO IL 60619-1016 ; by:

[X] Ordinary mail

[ ] Certified mail, return receipt requested

[ ] Facsimile transmission or other electronic means

[ ] Personal delivery

[ ] Other method provided by law for service of a summons

Service was made on the 16TH day of APRIL, 2014

### CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this form HFS 2584 are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Division of Child Support Services

By: SHONTE LITTLE

CUSTOMER SERVICE

PO BOX 641097

CHICAGO IL 60664-1097

HFS 2584 (R-7-10)
(SEQ: 1538F)

http://www.ChildSupportIllinois.com

IL478-1238

IL Dept of Healthcare and Family Services
Division of Child Support Services
Medical Support Unit
PO Box 641097
Chicago IL 60664-1097

BURLINGTON NORTHERN AND SANTA F
2500 LOU MENK DR
FORT WORTH TX 76131-2828

Obligor: SIMEON W. AMEN RA

Date: APRIL 16, 2014
RIN: 123066953
SSN:

FIPS/Docket: 1703100/2007D0080461
Case Number: CO1055196
Obligee: ROSE HARDING

RIN: 135769925

COMPLETE REVERSE SIDE AND RETURN

## HIPAA PRIVACY

Please be advised that your Plan Administrator must comply with the requirements of the National Medical Support Notice (NMSN) served on you by Healthcare and Family Services (HFS). Your Plan Administrator may claim that the federal Health Insurance Portability and Accountability Act (HIPAA) (Pub. L.104-191) prohibits the Plan Administrator from disclosing the requested information.

Our Department's Office of General Counsel has stated that HIPAA's privacy rule (45 CFR Part 160 and Part 164 subpart A and E) does NOT prohibit the Plan Administrator from complying with the requirements of the NMSN (HFS 3554) or any other insurance coverage report the Department may provide, including the Health Insurance Report (HFS 1442A), or enrolling the Obligor's minor children named in the NMSN in your health plan.

The privacy rule permits a covered entity "to use or disclose protected health information to the extent that such use or disclosure is required by law". 45 CFR Section 164,512(a).

Compliance with the requirements of the NMSN, providing requested information to the State child support enforcement agency regarding enrollment of child support obligors' children, is required by State and federal law and regulation, including 42 USC Section 666(a)(19); 29 USC Section 1169(a); 45 CFR Sections 303.30(a)(7), 303,32, 160,103; 29 CFR Section 2590; 750 ILCS Section 5/505.2; and 750 ILCS Section 28/22.

Specifically, Section 505.2 of the Illinois Marriage and Dissolution of Marriage Act states:
(f) Disclosure of information. The obligor's employer or labor union or trade union shall disclose to the obligee or Public Office, upon request, information concerning any dependent coverage plans which would be made available to a new employee or labor union member or trade union member. The employer or labor union or trade union shall disclose such information whether or not a court order for medical support has been entered.

750 ILCS 5/505.2(f); and Section 22 of the Income Withholding for Support Act state:
(f) The administrator of a health insurance plan to whom an employer has transferred the severable notice to plan administrator part of a National Medical Support Notice shall complete that part with the health insurance coverage information required under the instructions in the Notice and shall return that part to the Title IV-D Agency within 40 business days after the date of the Notice.

Your failure or the failure of your Plan Adminstrator to comply with the requirements of the NMSN may result in the Department filing a complaint against you in court. 750 ILCS 28/50(a).

If you have any questions, you may contact HFS' Income Withholding and Medical Support Unit at 1-888-245-1938.

| 041614 | CO1055196 | 135769925 | 123066953 | 2007D0080461 |

HFS 3570 (R-6-12)
(SEQ: 6464F)

IL Dept of Healthcare and Family Services
Division of Child Support Services

## INCOME WITHHOLDING FOR SUPPORT

[X] **ORIGINAL INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)**

[ ] AMENDED IWO

[ ] ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT

[ ] TERMINATION OF IWO                                    Date: __APRIL 17, 2014__

[X] Child Support Enforcement (CSE) Agency     [ ] Court     [ ] Attorney

[ ] Private Individual/Entity (Check One)

NOTE: This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions http://www.acf.hhs.gov/programs/cse/forms/OMB-0970-0154 instructions.pdf). If you receive this document from someone other than a State or Tribal CSE agency or a Court, a copy of the underlying order must be attached.

State/Tribe/Territory __State of IL__          Remittance Identifier (include w/payment)
City/County/Dist./Tribe __COOK__                             __1703100/2007D0080461__
Private Individual/Entity _____          Order Identifier __2007D0080461__
                                              CSE Agency Case Identifier __C01055196__

BNSF RAILWAY COMPANY                     RE: __AMEN RA, SIMEON W.__
Employer/Income Withholder's Name            Employee/Obligor's Name (Last, First, MI)
PO BOX 1738
Employer/Income Withholder's Address         Employee/Obligor's Social Security Number
TOPEKA KS  66601-1738                        HARDING, ROSE
                                             Custodial Party/Obligee's Name (Last, First, MI)

Employer/Income Withholder's FEIN [ ]            Entry Date of Order for
                                                 Support __09/13/2007__
Child(ren)'s Name(s) (Last, First, MI)  Child(ren)'s Birth Date(s)

ORDER INFORMATION: This document is based on the support or withholding order from Illinois (State/Tribe). You are required by law to deduct these amounts from the employee/obligor's income until further notice.

$ _300.00_ per _T-MO_ current child support
$ _____ per _____ past-due child support - Arrears greater than 12 weeks?  [ ] yes  [X] no
$ _____ per _____ current cash medical support
$ _____ per _____ past-due cash medical support
$ _____ per _____ current spousal support
$ _____ per _____ past-due spousal support
$ _____ per _____ other (must specify) _____

for a Total Amount to Withhold of $ _300.00_ per _T-MO_ .

AMOUNTS TO WITHHOLD: You do not have to vary your pay cycle to be in compliance with the Order Information. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ _138.46_ per weekly pay period          $ _300.00_ per semimonthly pay period (twice a month)
$ _276.92_ per bi-weekly pay period (every two weeks)   $ _600.00_ per monthly pay period.
$ _____ LUMP SUM PAYMENT. Do not stop any existing IWO unless you receive a termination order.

REMITTANCE INFORMATION: If the employee/obligor's principal place of employment is Illinois (State/Tribe), you must begin withholding no later than the first pay period that occurs 14 days after the date of 04/17/2014. Send payment within 7 working days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold up to 65 % of disposable income for all orders. If the employee/obligor's principal place of employment is not Illinois (State/Tribe), obtain withholding limitations, time requirements, and any allowable employer fees at http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm for the employee/obligor's principal place of employment.

041714        C01055196        135769925        123066953        2007D0080461

Document Tracking Identifier                                      OMB 0970-0154
HFS 3683 (R-12-12)
(SEQ: 1533F)

For electronic payment requirements and centralized payment collection and disbursement facility information (State Disbursement Unit (SDU)), see
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contact_map.htm.

Include the **Remittance Identifier with the payment** and if necessary this FIPS Code:
1703100/2007D0080461_____.

| Remit payment to: State Disbursement Unit | (SDU/Tribal Order Payee) |
|---|---|
| at P.O. Box 5400  Carol Stream IL  60197-5400 | (SDU/Tribal Payee Address) |

[ ] **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with 42 USC 666(b)(5) and (b)(6) or Tribal Payee (see Payments to SDU below). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

Signature of Judge/Issuing Official (if required by State or Tribal law): _____
Print Name of Judge/Issuing Official: _Healthcare and Family Services_
Title of Judge/Issuing Official: _Division of Child Support Services_
Date of Signature: _____

If the employee/obligor works in a State or for a Tribe that is different from the State or Tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.

[X] If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

### ADDITIONAL INFORMATION FOR EMPLOYERS/INCOME WITHHOLDERS

State-specific contact and withholding information can be found on the Federal Employer Services website located at:
http://www.acf.hhs.gov/programs/cse/newhire/employer/contacts/contacts_map.htm

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (USC 42 666(b)(7)). If a Federal tax levy is in effect, please notify the sender.

**Combining Payments:** When remitting payments to an SDU or Tribal CSE agency, you may combine withheld amounts from more than one employee/obligor's income in a single payment. You must, however, separately identify each employee/obligor's portion of the payment.

**Payments to SDU:** You must send child and child support payments payable by income withholding to the appropriate SDU or to a Tribal CSE agency. If this IWO instructs you to send a payment to an entity other than an SDU (e.g., payable to the custodial party, court, or attorney), you must check the box above and return this notice to the sender. Exception: If this IWO was sent by a Court, Attorney or Private Individual/Entity and the initial order was entered before January 1, 1994 or the order was issued by a Tribal CSE agency, you must follow the "Remit payment to" instructions on this form.

**Reporting the Pay Date:** You must report the pay date when sending the payment. The pay date is the date on which the amount was withheld from the employee/obligor's wages. You must comply with the law of the State (or Tribal law if applicable) of the employee/obligor's principal place of employment regarding time periods within which you must implement the withholding and forward the support payments.

**Multiple IWOs:** If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to Federal, State, or Tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support. Follow the State or Tribal law/procedure of the employee/obligor's principal place of employment to determine the appropriate allocation method.

**Lump Sum Payments:** You may be required to notify a State or Tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by State or Tribal law/ procedure. See attached supplemental sheet for details regarding: "Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law."

**Anti-discrimination:** You are subject to a fine determined under State or Tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO. See attached supplemental sheet for details regarding: "Rights, Remedies and Duties of the Obligor Under Illinois Law."

OMB Expiration Date - 05/31/2014. The OMB Expiration Date has no bearing on the termination date of the IWO; it identifies the version of the form currently in use.

| 041714 | C01055196 | 135769925 | 123066953 | 2007D0080461 |

HFS 3683 (R-12-12)
(SEQ: 15338)

Employer's Name: __BNSF RAILWAY COMPANY_____ Employer FEIN: _____

Employee/Obligor's Name: __SIMEON W. AMEN RA_____

CSE Agency Case Identifier __CO1055196_____ Order Identifier: __1703100/2007DO080461__

**Withholding Limits:** You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) (15 U.S.C. 1673(b)); or 2) the amounts allowed by the State or Tribe of the employee/obligor's principal place of employment (see REMITTANCE INFORMATION). Disposable income is the net income left after making mandatory deductions such as: State, Federal, local taxes, Social Security taxes, statutory pension contributions and Medicare taxes. The Federal limit is 50% of the disposable income if the obligor is supporting another family and 60% of the disposable income if the obligor is not supporting another family. However, those limits increase 5% - to 55% and 65% - if the arrears are greater than 12 weeks. If permitted by the State or Tribe, you may deduct a fee for administrative costs. The combined support amount and fee may not exceed the limit indicated in this section.

For Tribal orders, you may not withhold more than the amounts allowed under the law of the issuing Tribe. For Tribal employers/income withholders who receive a State IWO, you may not withhold more than the lesser of the limit set by the law of the jurisdiction in which the employer/income withholder is located or the maximum amount permitted under section 303(d) of the CCPA (15 U.S.C. 1673 (b)).

Depending upon applicable State or Tribal law, you may need to also consider the amounts paid for health care premiums in determining disposable income and applying appropriate withholding limits.

**Arrears greater than 12 weeks?** If the Order Information does not indicate that the arrears are greater than 12 weeks, then the Employer should calculate the CCPA limit using the lower percentage.

**Additional Information:** _____

_____

_____

**NOTIFICATION OF EMPLOYMENT TERMINATION OR INCOME STATUS:** If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, an employer must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the Contact Information below:

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____ Last known phone number: _____

Last known address: _____

Final payment date to SDU/Tribal Payee: _____ Final payment amount: _____

New employer's name: _____
New employer's address: _____

**CONTACT INFORMATION:**

**To Employer/Income Withholder:** If you have any questions, contact the Income Withholding Unit (issuer name) by phone at _(312) 803-7253, Toll Free: 1-888-245-1938_, by fax at (888) 227-0370, by email or website at: www.ChildSupportIllinois.com.

Send termination/income status notice and other correspondence to:
_IL Dept of Healthcare and Family Services  Division of Child Support Services_
_PO Box 641097   Chicago IL 60664-1097_____ (Issuer address).

**To Employee/Obligor:** If the employee/obligor has questions, contact the Income Withholding Unit (issuer name) by phone at _(312) 803-7253, Toll Free: 1-888-245-1938_, by fax at (888) 227-0370, by email or website at  www.ChildSupportIllinois.com.

IMPORTANT:  The person completing this form is advised that the information may be shared with the employee/obligor.

041714          CO1055196          135769925          123066953          2007DO080461

HFS 3683 (R-12-12)
(SEQ:  1534F)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

Duties of, and Fines and Penalties Applicable to, the Payor Under Illinois Law:

1) The payor shall deduct the amount designated in the income withholding notice, as supplemented by any notice provided pursuant to section 45(f) of the Income Withholding for Support Act, beginning no later than the next payment of income which is payable or creditable to the obligor that occurs 14 days following the date the Income withholding notice was mailed, sent by facsimile or other electronic means, or placed for personal delivery to or service on the payor. The payor may combine all amounts withheld for the benefit of an obligee or public office into a single payment and transmit the payment with a listing of obligors from whom withholding has been effected. The payor must pay the amount withheld to the State Disbursement Unit within 7 busines days after the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. If the payor knowingly fails to withhold the amount designated in the Income Withholding Notice or to pay the amount withheld to the State Disbursement Unit within 7 business days after the date the amount would have been paid or credited to the obligor, the payor shall pay a penalty of $100 for each day that the amount designated in the income withholding notice (whether or not withheld by the payor) is not paid to the State Disbursement Unit after the period of 7 business days has expired. The total penalty for a payor's failure, on one occasion, to withhold or pay to the State Disbursement Unit an amount designated in the income withholding notice may not exceed $10,000. This penalty may be collected in a civil action which may be brought against the payor in favor of the obligee or public office. An action to collect the penalty may not be brought more than one year after the date of the payor's alleged failure to withhold or pay income. For each withholding, the payor shall provide the State Disbursement Unit, at the time of transmittal, with the date the amount would (but for the duty to withhold income) have been paid or credited to the obligor. For withholding of income, the payor shall be entitled to receive a fee not to exceed $5 per month to be taken from the income to be paid to the obligor. Whenever the obligor is no longer receiving income from the payor, the payor shall return a copy of the income withholding notice to the obligee or public office and shall provide information for the purpose of enforcing the Income Withholding for Support Act. Withholding of income shall be made without regard to any prior or subsequent garnishments, attachments, wage assignments, or any other claims of creditors. The income withholding notice is binding upon the payor until service on the payor of an order of the court or notice from either the Department or Clerk of the Circuit Court to cease the withholding.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satisfaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) Income available for withholding shall be applied first to the current support obligation, then to any premium required for employer, labor union, or trade union related health insurance coverage ordered under the order for support, and then to payments required on past-due support obligations. If there is insufficient available income remaining to pay the full amount of the required health insurance premium after withholding of income for the current support obligation, then the remaining available income shall be applied to payments required on past-due support obligations. If the payor has been served with more than one income withholding notice pertaining to the same obligor, the payor shall allocate income available for withholding on a proportionate share basis, giving priority to current support payments. No payor shall discharge, discipline, refuse to hire or otherwise penalize an obligor because of the duty to withhold income. Where a payor willfully fails to withhold or pay over income pursuant to a properly served income withholding notice, or willfully discharges, disciplines, refuses to hire or otherwise penalizes an obligor, or otherwise fails to comply with any duties imposed by the Income Withholding for Support Act, the obligee, public office or obligor, as appropriate, may file a complaint with the court against the payor. Upon a finding in favor of the complaining party, the court shall enter judgment and direct the enforcement thereof for the total amount that the payor willfully failed to withhold or pay over; and may order employment or reinstatement or of restitution to the obligor, or both, where the obligor has been discharged, disciplined, denied employment or otherwise penalized by the payor and may impose a fine upon the payor not to exceed $200.

4) If an obligee who is receiving income withholding payments under the Income Withholding for Support Act does not receive a payment required under the income withholding notice, he or she must give written notice of the non-receipt to the payor. The notice must

041714          CO1055196          135769925          123066953          2007D0080461

HFS 3683 (R-12-12)
(SEQ: 15348)

ILLINOIS SUPPLEMENT TO THE INCOME WITHHOLDING ORDER FOR SUPPORT (IWO), OMB 0970-0154

include the date on which the obligee believes the payment was to have been made and the amount of the payment. The obligee must send the notice to the payor by certified mail, return receipt requested. After receiving a written notice of non-receipt of payment under section 45(j) of the Income Withholding for Support Act, a payor must, within 14 days thereafter, either (i) notify the obligee of the reason for the non-receipt of payment or (ii) make the required payment, together with interest at the rate of 9% calculated from the date on which the payment of income should have been made. A payor who fails to comply with section 45(j) of the Income Withholding for Support Act is subject to the $100 per day penalty provided pursuant to subsection (a) of Section 35 of the Income Withholding for Support Act.

Rights, Remedies and Duties of the Obligor Under Illinois Law:

1) An employer cannot discharge, discipline, refuse to hire, or otherwise penalize the obligor because of the duty to withhold. If the employer does so, the employer may be ordered to reinstate or provide restitution to the obligor, or both, and may be fined up to $200, pursuant to a complaint filed by the obligor in the circuit court. The obligor is required by law to notify the Department/Clerk of the Circuit Court of any new address or employer within 7 days of the change. At any time after the initial service of the income withholding notice, the Department may serve any employer with the same income withholding notice without further notice to the obligor. New service of an income withholding notice is not required in order to resume withholding of income in the case of an obligor with respect to whom an income withholding notice was previously served on the payor if withholding of income was terminated becasue of an interruption in the obligor's employment of less than 180 days.

2) If any unpaid arrearage or delinquency equal to at least one month's support obligation exists on the termination date stated in the order for support or, if there is no termination date stated in the order, on the date the child attains the age of majority or is otherwise emancipated, then the periodic amount required to be paid for current support of that child immediately prior to that date shall automatically continue to be an obligation, not as current support but as periodic payment toward satisfaction of the unpaid arrearage or delinquency. That periodic payment shall be in addition to any periodic payment previously required for satifsaction of the arrearage or delinquency. The total periodic amount to be paid toward satisfaction of the arrearage or delinquency may be enforced and collected by any method provided by law for the enforcement and collection of child support, including but not limited to income withholding under the Income Withholding for Support Act.

3) The obligor may contest initiated income withholding under Section 30 of the Income Withholding for Support Act, or the obligor may contest income withholding after accrual of delinquency under Section 25 of the Act, by filing a petition to contest withholding with the Clerk of the Circuit Court if the order was issued by the court, or petitioning the Department if the order for support was issued administratively by the Department. The obligor must file the petition within 20 days after service of a copy of the income withholding notice. However, as required by law, the grounds for the request to contest the initiated income withholding shall be limited to whether the parties' written agreement providing an alternative arrangement to immadiate withholding continues to ensure payment of support, or misidentification of the obligor. As required by law, the grounds for the petition to contest withholding after accrual of delinquency shall be limited to a dispute concerning the existence or amount of the delinquency, or misidentification of the obligor. The obligor may, at any time, file with the Circuit Clerk or Department a petition to correct a term contained in an income withholding notice to conform to the terms stated in the underlying order for support for the amount of current support, the amount of the arrearage, the periodic amount for payment of the arrearage, or the periodic amount for payment of the delinquency, or to modify, suspend or terminate the income withholding notice because of a modification, suspension or termination of the underlying order for support; or, suspend the income withholding because of inability to deliver income withheld to the obligee due to the obligee's failure to provide a mailing address or other means of delivery. Any obligee, public office or obligor who willfully initiates a false proceeding under the Income Withholding for Support Act may be punished as in cases of contempt of court.

041714          CO1055196          135769925          123066953          2007D0080461

HFS 3683 (R-12-12)
(SEQ: 1535F)