

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Simeon Washa Amen Ra, Ex rel ) | Case No: 14 CV 7173 |
| SIMEON LEWIS ) | |
| Plaintiff ) | Honorable John Z. Lee |
| vs. ) | Magistrate Judge Maria Valdez |
| INTERNAL REVENUE SERVICE, ) | |
| UNITED STATES ) | **FILED** |
| Defendant, Respondent ) | JAN 2 7 2015 |
| | THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff, Simeon Washa Amen Ra, Pro Se, submits his response and states the following: Defendant has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), (2) as well as 12(b)(6) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12: Defenses and Objections of the Federal Rules of Civil Procedure Plaintiff states the following: This Suit is brought against Internal Revenue Service the tax collection entity for the Department of Treasury and the United States.

### I. Plaintiff's Response to the Motion to Dismiss:
1. The Complaint should not be dismissed unless it appears to a certainty that Plaintiffs would be entitled to no relief under any state of facts that could be proved in support of the claims. See Gomez v Toledo (1980, US) 64 L Ed 2d 572, 100 S Ct 1920.

2. The ruling of the court in this case held; "Where a plaintiff pleads pro se in a suit for protection of civil rights, the court should endeavor to construe the Plaintiff's pleading without regard to technicalities." In Walter Process Equipment v. Food Machinery 382 U.S. 172 (1965) it was held that in a "motion to dismiss", the material allegations of the complaint are taken as admitted."

3. There is legal sufficiency to show Plaintiff is entitled to relief under his Complaint. A Complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) also Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989).

Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations. In applying the Conley standard, the Court will "accept the truth of the well-pleaded factual allegations of the Complaint.

## II. This court does have subject matter jurisdiction

4. Jurisdiction is proper under the United States Constitution Article 3 Section 2 as well as 28 U.S.C § 1331, 1332, which is Diversity Jurisdiction, 28 U.S.C. § 1346 as stated in Plaintiff's complaint.

5. In noting and accepting the "Native American status of the Plaintiff the Judge is asked take judicial notice and address that Article 4 of the Constitution for the United States of America not only grants this court jurisdiction but also binds the Judge to his Oath of Office to uphold the Constitution of the United States of America and to protect it from enemies both foreign and domestic. Article 4 states that Only Congress can deal with those of the status of Indigenous called Native Americans and not the states. Also see 18 USC 112: Protection of Internationally Protected Persons. Other authority is Article 6 of the Constitution of the United States of America which states that the constitution is the highest law of the land.

## Background

### III. Plaintiff's 2007, 2008, 2009 Taxes

**6.** On page 1 of Defendant's Memorandum in Support of Motion to Dismiss ( Herein Motion). Plaintiff is not and will not be titled a taxpayer. This title is prejudicial and Plaintiff objects to being called or identified as such. After a thorough search of alleged tax liability Plaintiff has submitted a Notice of Revocation and Rescission of IRS Forms recorded on 10/28/2014, with the Office of the Cook County Recorder of Deeds.

Plaintiff gave a thorough explanation of the forms W-2, W-4 and how these forms apply to Tax Class Five (5) "Gift and Estate Taxes". The Commissioner of the IRS as well as several Congress persons and a U.S. Senator were all informed of this action on 02/14/2014.

"The reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as persons liable for the tax without an opportunity for judicial review of this status before the appellation of "taxpayer" is bestowed upon them and their property seized." Botta v . Scanlon, 228 F. 2nd 304 (1961).

**7.** On page 1-2 Defendant claims that a Notice of Deficiency was sent to Plaintiff. Plaintiff has never received a notice of deficiency from the IRS informing him that he owes back taxes for a Subtitle A income tax for the tax years of 2007-2009. Tax liability should be specific to eliminate any confusion. Plaintiff has an Affidavit on Fact on record with this court.

**8**. Defendant states that a notice of deficiency was issued to Plaintiff pursuant to 26 United States Code (U.S.C.) § 6213. However there is no Implementing Regulation for section 6213 found in the Code of Federal Regulation (CFR) that would give the IRS authority to issue such a notice to Plaintiff. There is no corresponding Implementing Regulation found in the Index and Finding Aids of the CFR as well. The above mentioned revenue section does not apply to Plaintiff and the U.S. Tax Court is not the proper venue for Plaintiff to address his grievance. Plaintiff directs this courts attention to **28 U.S.C. § 3002** Definitions:

(2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.

In United States v. Mersky, 361 U.S. 431, 437, 438, 80 S.Ct. 459 (1960) the Court had before it a statute which contained the words, "The Secretary may by regulations..." concerning this language, the Court stated as follows:

"Here the statute is not complete by itself since it merely declares the range of its operation and leaves to its progeny the means to be utilized in effectuation of its command.... once promulgated, these regulations, called for by the statute itself, have the force of law, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the Congressional language. The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore the construction of one necessarily involves the construction of the other."

"for federal tax purposes, federal regulations govern."
[Dodd v. United States, 223 F Supp 785, Lyeth v. Hoey, 305 US 186,, 59 S. Ct 155]

**9.** Defendant is attempting to mislead the court by misapplying revenue laws. The above mentioned section 6213 comes from the Internal Revenue Code, which the courts have said only applies to statutory "taxpayers" which I am not.

"The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them [nontaxpayers] Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws". Economy Plumbing and Heating Co. v. US, 470 F. 2d 585 (1972)

**10.** Defendant is misrepresenting the facts. Defendant knows that 26 U.S.C and 26 I.R.C contain the same language **BUT** are not one in the same at law.

## Title 1 USC Section 204
204. Codes and supplements as evidence of the laws of United States and District of Columbia; citation of Codes and supplements.
(a) United States Code... Provided, however that whenever titles of such Code shall have been enacted into positive law the text thereof shall be legal evidence of the laws therein contained, in all courts of the United States, the several states, and the territories and insular possessions of the United States..........................
    (SCROLL TO THE BOTTOM AND READ THIS)
    TITLE 26, INTERNAL REVENUE CODE
    The Internal Revenue Code of 1954 was enacted in the form of a separate code by act Aug. 16, 1954, ch. 736, 68A Stat. 1. Pub. L. 99–514, §2(a), Oct. 22, 1986, 100 Stat. 2095, provided that the Internal Revenue Title enacted Aug. 16, 1954, as heretofore, hereby, or hereafter amended, may be cited as the ''Internal Revenue Code of 1986''.
    **The sections of Title 26, United States Code, are identical to the sections of the Internal Revenue Code.**

**11.** On page 2 of Defendant's Motion to Dismiss (Def. Ex. A,B,C) there is a chart claiming to be an assessment done by a delegate of the Secretary of the Treasury for the years of 2007-2009. Once again the Defendant is submitting information that they are fully aware does not qualify as a verified assessment of tax liability. This is not a copy of a "Summary Record of Assessments" or the "Assessment Certificate, Form 23-C" signed under penalty of perjury as required by law. There has been no valid assessment made and certified under penalty of perjury as require by law

**United States of America v. Dixon, 672 F.Supp. 503 (USDC, Middle Dist. Ala., 1987).**

> "The defendant correctly contends that the basis of tax liability is the assessment. For a tax liability to be duly collected, it must be first properly assessed. In order for a tax deficiency to be assessed against a taxpayer, an assessment officer must sign and date a Form 23-C.

**Brafman v. United States, 384 F.2d 863 (1967):**

"It appears that the requirement of the applicable Treasury Regulation—that an assessment officer sign the assessment certificate [form 23C]—is consistent with the literally mechanical procedure for recording of liability. The recordation is to be accomplished through "machine operations", but the actual and final assessment step, that step which establishes a prima facie case of taxpayer liability, can be taken only with the approval of a responsible officer of the Internal Revenue Service. What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate."

**12.** On page 3 of Defendant's Motion to Dismiss it states "Plaintiff did not request a Collection Due Process Hearing". Plaintiff had repeatedly requested information in regards to a Collection Due Process Hearing but was given the run around when he informed several IRS employees that there was no Implementing Regulation in the C.F.R. for section 26 U.S.C. § 6330 that would give the IRS the authority to force Plaintiff to participate in said Hearing to rebut an alleged claim. Defendant admits that on October 25, 2012, a "Notice of Levy was sent to Plaintiff's employer requesting a garnishment of wages for unpaid income tax assessments". This was done unlawfully as the IRS has not produced a copy of said assessment.

**Radinsky v. United States of America, 622 F.Supp. 412 (USDC, Colorado, 1985).**

"In the two briefs filed in this action, the IRS has not explained where it finds statutory authority to employ its tax collection procedures to collect from the plaintiffs a sum of money that has never been assessed as a tax. Since the IRS had no authority to adjust the plaintiffs' account or employ

deficiency procedures in these circumstances, it is self-evident that the collection of the sum in this manner was wrongful."

**13.** On page 3 of Defendant's Motion to Dismiss, Defendant states that on 09/22/2012, a Notice of Levy was sent to Plaintiff's employer by a delegate of the Secretary of Treasury (Secretary). Plaintiff denies that the alleged IRS employee whose name appears on said levy is a delegate of the Secretary. Through the Freedom of Information Act, Plaintiff has requested a copy of any and all Delegation of Authority Orders for the issuance of said levy and has not received proof of this authority. This said notice was sent on form 668-W(c) not on form 668-B which is the proper form that an actual LEVY garnishment will be sent on when it has been ordered by a judge from a court of competent jurisdiction. Defendant fails to mention that Plaintiff's address on said notice of levy is **1500 Pennsylvania Ave NW, Washinton DC 20220-0001003**. This address is one in the same as the Department of Treasury. Plaintiff contends that this is further proof of outright chicanery on the part of Defendant IRS.

**14.** On page 3 Defendant states that a copy of a delegate of the Secretary sent Plaintiff a copy of a Notice of Federal Tax Lien for 2007-2009. This is completely false and would have been impossible as the notice also list Plaintiff's address as one in the same as the Department of Treasury. This said notice sent on form 668(Y)(c) is a fraudulently recorded document as Plaintiff will prove at trial. Defendant's reliance on 26 U.S.C. § 6320 as authority is misplaced as this section does not have an Implementing Regulation that can be found in the C.F.R. that would support this code and apply to Plaintiff.

**United States v. Minker, 350 U.S. 179, 76 S.Ct. 281 (1956):** "Where administrative action may result in the loss of both property and life, or of all that makes life worth living, any doubt as to extent of power delegated to administrative officials is to be resolved in citizen's favor, and court must be especially sensitive to citizen's rights where proceeding is non-judicial."

### IV. INCOME TAX WITHHOLDING (page 3)

**15.** Defendant admits to instructing the private sector company the Plaintiff's works for to disregard Plaintiff's withholding claim. Defendant does not have the lawful authority to instruct

6

the private sector company to commit such an act. Based on this unlawful act the (BNSF) has withheld a Subtitle A "Income Tax" from Plaintiff's pay without his consent for the years of 2010, 2011, 2012, 2013, 2014, 2015 and refuses to stop.

"The Company is not authorized to alter the form [W-4 or its equivalent] or to dishonor the worker's claim. The certificate goes into effect automatically"
[U.S. District Court Judge Huyett, United States v. Malinowski, 347 F. Supp. 352 in 1992]

Also:
According to the United States Government Accounting Office, see (USGAO) report dated 09/15/03, it states in part,

"Under current law, the IRS does not have statutory authority to impose a penalty to enforce employer compliance with the reporting requirement. The reporting requirement was promulgated in Treasury regulations."
[ Reliability of Information on Taxpayers Claiming Many Withholding Allowances or Exemption from Federal Income Tax Withholding, GAO-03-913R]

**16.** Defendant's claim of 26 C.F.R. § 31.3402(f)(2)-1(g(2)(i) as its authority to instruct the BNSF to withhold a Subtitle A "Income Tax" from Plaintiff's pay without his consent is misplaced and is also another attempt to mislead the court. The above mentioned CFR section applies to Subtitle C "Employment Taxes" and not Subtitle A "Income Taxes" in which the later has been taken unlawfully. There is no Statute/Law that supports this Regulation nor allows the IRS to issue such a letter for a private sector worker.

**17.** This court must take notice that 26 U.S.C. § 3402, 3403 and 26 CFR § 31.3402 all relate to Subtitle C "Employment Taxes" and not Subtitle A "Income Taxes". Plaintiff also states that the IRC is only prime facie evidence of an actual law. Defendant's tax collector the IRS has committed a willful act of misapplication of revenue law by instructing a private sector company (BNSF) to withhold a Subtitle A "Income Tax" while quoting a Subtitle C "Employment Tax" section as the authority to do so. Said private sector company BNSF engaged in this arrangement with the IRS based on a cleverly presented willful misrepresentation of revenue law. If

7

administrative agencies have the right to encumber, seize and/or dispose of private property without judicial due process, there is no reason to have courts.

In **Federal Crop Insurance v. Merrill, 332 U.S. 380**, the Supreme Court ruled:

"Whatever the form in which the government functions, anyone entering into an arrangement with the government takes a risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority." Also see, Utah Power & Light Co. v. United States, 243 U.S. 389; United States v. Stewart, 311 U.S. 60; and generally, in re Floyd Acceptances, 7 Wall. 666.

**18.** On **page 4** of Defendants Motion to Dismiss, Defendant claims that 26 U.S.C § 7422 is a requirement for the filing of a refund. Plaintiff states that he is entitled to a return of his property without filing an income tax return as the property in question was withheld unlawfully and without Plaintiff's consent. The tax allegedly owed is voluntary in nature. Further, there is no Statute or Implementing Regulation found in the C.F.R. to support the above mentioned Code.

**19**. On **page 6** of Defendants Motion, it addresses counts I-V. Defense is misrepresenting the facts again by attempting to substitute the claim against the IRS for the United States. Defendant then goes on to admit that in fact Title 15 U.S.C. § 1692 FDCPA, "imposes requirements on debt collector[s]" which is what the IRS is. Please see Internal Revenue Service Restructuring and Reform Act of 1998, also known as Taxpayer Bill of Rights III, (Pub.L. 105–206, 112 Stat. 685, enacted July 22, 1998. This Act does impose requirements on debt collectors such as the IRS. The Act also provided that certain assessments and levies must have the approval of IRS legal counsel. The Act provides for changes in the due process rights afforded to people after the filing of a notice of Federal tax lien.

The IRS was also required by the Act to follow certain guidelines in the Fair Debt Collection Practices Act. The IRS is a bureau of the department of treasury which is a government entity.

**20.** On **page 7** of Defendant's Motion it addresses counts VI and VII. Defendant IRS is required

to adhere to **28 USC § 3101,3201**. Pub. L. No. 101-647, 104 Stat. 4789, 4933 (Nov. 29, 1990).

IRS claims that Plaintiff owes a debt to the United States and has filed a fraudulent notice of federal tax lien and cites sections 6321, 6322, 6323 as its authority to do so (**Plaintiff Exhibit F**).

The information below is from a manual that Defendant must be familiar with:

**TITLE**
**EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS**

**3-10.200**

Civil Postjudgment Financial Litigation Activity—Perfecting the Judgment

Immediately following expiration of the 10-day automatic stay after entry of the judgment (whether by default, stipulation, court determination, or by the referral of a judgment from another district), see Fed. R. Civ. P. 62(a), immediate action shall be taken to perfect the judgment as a lien in accordance with the **Federal Debt Collection Procedures Act. See 28 U.S.C. § 3201.**

Special care should be taken to ensure that the judgment is perfected as a lien by filing a certified copy of the abstract of the judgment in the manner in which a notice of tax lien would be filed under paragraphs (1) and (2) of **26 U.S.C. § 6323(f) of the Internal Revenue Code of 1986**. A lien should be filed in accordance with state law filing requirements and should be filed in any state where the debtor owns real property. [updated September 2014] [cited in USAM 3-9.100]

Defendant IRS is in violation of this ACT which is Federal law.

**28 U.S. Code § 3002 – Definitions**

(**3**) "Debt" means—

(B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, **assessment**, penalty, restitution, damages, interest, **tax**, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing under the terms of a contract originally entered into by only persons other than the United States;

(**8**) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.

(**11**) "Prejudgment remedy" means the remedy of attachment, receivership, garnishment, or sequestration authorized by this chapter to be granted before judgment on the merits of a claim for a debt.

**(15)** "United States" means—

**(A)** a Federal corporation;

**(B)** an agency, department, commission, board, or other entity of the United States; or

**(C)** an instrumentality of the United States.

**21.** On page **7 into page 8** Defendant addresses counts VIII and IX. Plaintiff rebuts Defendants claim that a statutory remedy was available to Plaintiff. Defendant cites 26 U.S.C. § 6330, 7422 as the lawful authority for its tax collectors actions (IRS), however neither of these sections have Implementing Regulations in the CFR that would give credence to Defendant's Defense. Said notice of intent to levy carried no lawful validity as there are numerous defects to be proven at trial.

**22.** On **page 8** Defendant addresses count X. Defendant cleverly misquotes Plaintiff's complaint statement by omitting the word FEDERAL in its attempt to continue their misrepresentation of the facts. Defense is fully aware of the <u>Uniform Federal Lien Registration Act of 1966.</u> This is an Act of Congress that all must adhere to. Please see P.L. 89-719, Federal Tax Lien Act of 1966. Defendants actions are in conflict with this ACT and this is just one waiver of the Defendants claim of immunity.

Plaintiff has an twenty seven (27) point Affidavit of Truth submitted with his complaint that to date remains unrebutted.

"The entire taxing and monetary system are hereby, placed under the UCC." [The Federal Tax Lien Act of 1966]

**23.** On **page 9** Defendant addresses count XI by citing 26 U.S.C. § 7422 and 26 C.F.R. § 301.6402-2(b)(1) as a defense. Plaintiff reiterates that there is no implementing Regulation for 26 USC 7422 found in the C.F.R. However, 26 C.F.R. 301.6402 is a Treasury Decision and does

not have general applicability to the general public or Plainitff.

[32 FR 15241, Nov. 3, 1967, as amended by **T.D.** 7008, 34 FR 3673, Mar. 1, 1969; **T.D.** 7188, 37 FR 12794, June 29, 1972; **T.D.** 7410, 41 FR 11020, Mar. 16, 1976; **T.D.** ATF-33, 41 FR 44038, Oct. 6, 1976; **T.D.** 7484, 42 FR 22143, May 2, 1977]

### WHAT IS A TREASURY DECISION?

As shown in Chrysler Corp. v. Brown "Conversely, interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice" are not binding upon the agency. Id. at 301. Courts have long recognized the distinction between mandatory procedures, which are binding on the agency, and directory procedures, which are not.

Again, see Chrysler Corp. v. Brown, 441 U.S. at 302 (quoting Morton v. Ruiz, 415 U.S. 199, 232, 235, 236, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974)), establishes that a regulation or procedure has the force and effect of law when it is promulgated by an agency as a " 'substantive rule" ' or a " 'legislative-type rule" ' pursuant to a mandate or delegation by Congress " 'affecting individual rights or obligations."

Informal rules such as 26 C.F.R. Part 301, all the way up to Revenue Rulings, do not have the force and effect of law as a legislative rule and need not be published according to the Notice and Comment procedures of 5 U.S.C. § 553(b). Caterpillar Tractor Co. v. United States, 589 F.2d. 1040, 1043 (Ct. Cl. 1978)

**24.** Plaintiff addresses **footnotes 3, 4** on the bottom of **page 9**. 26 USC § 6331, 6511, both sections have parallel table of authorities listed in 27 C.F.R. Part 70 which is Title 27 Alcohol Tobacco and Firearm's which is non-applicable to Plaintiff as he is not involved in any of those activities. This is another case of blatant misapplication of revenue laws. Defendant IRS has continually cross referenced another agencies regulations. See 1 CFR § 21.21

§ 21.21 General requirements: References. (a) Each reference to the Code of Federal Regulations shall be in terms of the specific titles, chapters, parts, sections, and paragraphs involved. Ambiguous references such as ''herein'', ''above'', ''below'', and similar expressions may not be used. (b) Each document that contains a reference to material published in the Code shall include the Code citation as a part of the reference. (c) **Each agency shall publish its own regulations in full text. Cross-references to the regulations of another agency may not be used** as a substitute for publication in full text, unless the Office of the Federal Register finds that the regulation meets any of the following exceptions:

**25.** Plaintiff while not accepting the title of taxpayer has in the past filed for a return of property only to have Defendant IRS dismiss this return as frivolous. Plaintiff has exhausted all his

administrative attempts to resolve this matter.

**26.** On page **9 into 10** Defendant addresses count XII, XIII, XIV. Plaintiff is stunned by Defendants lack of concern of the behavior of its tax collection agency IRS. These alleged agents have conspired to attack and steal Plaintiff's property in the form of racketeering and yet Defendant claims that there is no cause of action under 18 U.S.C. 241, 242, 1346. It should not matter who can enforce, the fact of the matter is these violations have occurred and need to be addressed. Plaintiff has been severely injured by this blatant attack and is entitled to equal protection of the law.

**26.** None of the U.S.C. cited in Defendant's Motion to Dismiss are applicable in this matter. Plaintiff has prepared a chart of the Parallel Table of Authority for cites above.

**USC**.................................................................................................. **CFR**

26 USC § 6213.................................................................................No Regs.

26 USC § 6320..................................................................................No Regs

26 USC § 6330..................................................................................No Regs

26 USC § 6331.........................................................................27 CFR Part 70, ATF

26 USC § 6511.........................................................................27 CFR Part 70, ATF

26 USC § 7422..................................................................................No Regs

The government's Table of Parallel Authorities (immediately below) also shows that these sections were written for the collection of Title 27 taxes (alcohol. Tobacco, and excise taxes). The regulations for Title 26 (income taxes) listed in ~~Exhibits~~ SwAR show that the regulations do not authorize collection on subtitle A or C taxes.

```
6301..........................................................27 Part 70
6302..............................................26 Parts 1, 20, 25, 31, 40
                                                27 Parts 19, 251
                                                31 Parts 203, 214
6303..........................................................27 Part 70
6311............................27 Parts 19, 24, 25, 53, 70, 194, 270
6313--6314...................................................27 Part 70
6313..........................................27 Parts 25, 270, 275, 295
6314..........................................................27 Part 194
```

12

```
6321......................................................27 Part 70
6323................................................27 Part 70, 301
6325...................................................26 Part 401
                                                        27 Part 70
6326...................................................26 Part 301
                                                        27 Part 70
6331--6343.............................................27 Part 70
6343...................................................26 Part 301
```

"To the extent that regulations implement the statute, they have the force and effect of law...The regulation implements the statute and cannot vitiate or change the statute..." [Spreckles v. C.I.R., 119 F.2d, 667]

### V. Plainiff's Complaint and Response states all the necessary facts upon Which Relief May Be Granted.

In closing it is Plaintiff's belief that after his research of the Revised Statutes, U.S.C., C.F.R. and the Federal Register he has stated a claim for which relief should be granted. Defendant IRS has perpetrated a Gross Misapplication of Revenue Tax Law.

### PUBLIC PROTECTION

The following cites are examples of the limitations on the authority of employees of government organizations to protect the public against usurpations of positions of public trust. Regulations must be published in the Federal Register to give public notice thereof.

    (1) 5 U.S.C. § 552 (a) (1) (D) "substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and"

    (2) 5 U.S.C. § 552 (a) (1) (E) "each amendment, revision, or repeal of the foregoing. Except to the extent that a person has actual and timely notice of the terms thereof, **a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published...**" (emphasis added)

    (3) 26 C.F.R. Chapter 1, Part 601.702(a)(2)(ii) **"Effect of failure to publish.** Except to the extent that a person has actual and timely notice of the terms of any matter referred to in subparagraph (1) of this paragraph which is required to be published in the Federal Register, such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to subdivision (1) of this subparagraph. Thus, for example, any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a person's rights."

    (4) 44 U.S.C. § 1507 "A document required by section 1505(a) of this title to be published in the Federal Register is not valid as against a person who has not had actual knowledge of it until the

duplicate originals or certified copies of the document have been filed with the Office of the Federal Register and a copy made available for public inspection as provided by section 1503 of this title..."

## Conclusion

"There is no such thing as a power of inherent sovereignty in the government of the United States…In this country sovereignty resides in the people, and Congress can exercise no power which they have not, by their Constitution entrusted to it. All else is withheld." [Juilliard v. Greenman, 110 U.S. 421 (1884)]

"In the United States, sovereignty resides in the people…the Congress cannot invoke sovereign power of the People to override their will as thus declared." [Perry v. U.S., 294 U.S. 330 (1935)]

**Wherefore**, Plaintiff Simeon W. Amen Ra, requests this Honorable Court to Strike Defendant's Motion to Dismiss as Defendant's Motion has no basis in law and enter judgment in favor of Plaintiff for the return of all property taken unlawfully and illegally by the IRS.

Respectfully submitted,

*[signature]*
simeon washa amen ra
Simeon Washa Amen RA
Post Office Box 199273
Chicago, Illinois near [60619-1016]

Dated this _27_ day of January, 2015

## CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiff, hereby certifies that on January 27, 2015, he served a copy of the above Complaint, and this certificate of service, on:

Bradley A. Sarnell
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington D.C. 20044

By certified mail: 7013 2250 0002 2521 9805

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619