

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

Simeon Washa Amen Ra, Ex rel      )    Case No: 14 CV 7173
Simeon Lewis                         )
Plaintiff                             )    Honorable John Z. Lee
                                )
      **vs.**                       )    Magistrate Judge Sheila Finnegan
BNSF RAIL WAY COMPANY,      )
Named and Unnamed employees    )
Defendants                      )

✓ **FILED**

AUG 3 1 2015

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

## PLAINTIFF'S MOTION TO RECONSIDER JUDGES ORDER WITH OBJECTIONS

Now Comes, Simeon Washa Amen Ra flesh and blood man before this honorable court

seeking a reconsideration of Judge Lee's Order and Memorandum [**Docs #80, 81**]. Plaintiff also

seeks reconsideration of Judges Order on [**Docs # 71, 76, 77**] which have been deemed moot.

Plaintiff makes objections to Judges Adoption of Magistrates Finnegan's Report and

Recommendation I, dated 12/12/14 (hereinafter "R&R I"), Report and Recommendation II, dated

2/3/15, (hereinafter "R&R II"). Plaintiff Objects to Judge Lee's order of Plaintiff's Motions or

Pleadings as Moot see the following [**Docs # 71, 76, 77**].

Plaintiff must point out to Judge Lee that per your order this case was sent into Discovery.

Plaintiff was never given an opportunity to receive Discovery documents and for this reason the

court should reconsider this Dismissal. See [**Doc #69, 70**], related document [**Doc #77**].

Plaintiff also entered an Emergency Injunction on July 14, 2015, to enjoin Defendant from a new

withholding of pay [**Doc# 71**]. Magistrate Finnegan set a briefing schedule on this matter. See

[**Doc#75**], related document [**Doc #76**]

2

## FACTUAL BACKROUND

**Plaintiff's Complaint[Doc #1, items 27-33], Injunctive Relief[Doc #6,8]**

**1.** Plaintiff's Complaint and Injunction state that he has a right not to have any Subtitle A withholdings held from his contractually agreed upon pay for the years of 2011,2012,2013,2014 based on following United State Codes (U.S.C )and supporting parallel Implementing Regulations found in the Code of Federal Regulations (C.F.R.):

**26 USC** § 3402 (p) Voluntary withholding agreements.

**26 CFR** § 31.3402 (p)-1(b) (2) Voluntary withholding agreements.

**26 U.S.C.** §3402(n)-1, Employees incurring no income tax liability

**26 CFR** §31.3402(n)-1—"Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to the payment, a **withholding exemption certificate** furnished to the employer by the employee which contains statements that—

(a) The employee incurred no liability for income tax imposed under subtitle A of the Code for his preceding taxable year; and

(b) The employee anticipates that he will incur no liability for income tax imposed by Subtitle A for his current taxable year."

> The Company is not authorized to alter the form [W-4 or its **equivalent**] or to dishonor the **worker's claim**. The certificate goes into effect automatically"
> [U.S. District Court Judge Huyett, United States v. Malinowski, 347 F. Supp. 352 in 1992]

Defendant admits that it received an Affidavit (in place of form W-4) on January 31, 2011, from Plaintiff . Said Affidavit cancelled any and all Form W-4, instructing Defendant to cease the withholdings listed as Federal Income Tax, which is not the same as Employment Taxes. Defendant is in violation of Plaintiff's rights concerning a non-withholding of pay.

## I. Plaintiff addresses Judges reasoning for Dismissal.

**A.** Plaintiff contends that Judge Lee's acceptance of 26 U.S.C. § 3403, as a proper immunity defense for Defendant is incorrect. His ruling states "However, Judge Finnegan also found that, under 26 U.S.C. § 3403, employers like Defendant are immune from lawsuits by any person for

3

complying with the requirements of income tax collection. *See Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993), other case cite is, Crucially, "[e]mployees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability." See Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 (7th Cir. 1984).

This case cite involves an Employment Tax, which is not Plaintiff's argument. Plaintiff seeks reconsideration on the dismissal for the following facts and reasons:

**1.** Plaintiff emphatically contends that 26 U.S.C. § 3403, at best is a Treasury Decision and does not have the force and effect of a Law such as a "Substantive rule" or a "Legislative-type rule" pursuant to a mandate or delegation by Congress affecting individual rights or obligations.

Plaintiff has researched the history of said prima facie code "3403"and cannot find a connection to a Statute or Implementing Regulation that would give said Code full effect of law that would apply to Plaintiff for a Subtitle A Income tax or in law for that matter. Alleged authority shown in (**Exhibit V**).

### Plaintiff is requesting that this court take judicial notice of the following:
### Subtitle G—The Joint Committee on Taxation

#### § 8001. Authorization

There shall be a joint congressional committee known as the Joint Committee on Taxation (hereinafter in this subtitle referred to as the "Joint Committee").

#### § 8023. Additional powers to obtain data

(a) Securing of data.

"Internal Revenue Code construction to Statutes at Large must be made by individual section and subsection since each section and subsection is derived from their own set of Statutes at Large pamphlet, Joint Committee in Taxation, 'Derivations of Code Sections of the Internal Revenue Codes of 1939 and 1954 (JCS-1-92), January 21, 1992, U.S. Government Printing Office'."

**1a.** Plaintiff has done a thorough search of the Derivations of code sections of the Internal Revenue Codes of 1939 and 1954 prepared by the Staff of the Joint Committee on Taxation, (January 21, 1992).

Please take notice that page 80 of 1954 Code list § 3403 as § 1623 of the 1939 Code. Upon review of page 18 of the 1939 Code there is no section 1623. It appears that the section stops at §1610, then goes to §1700. In support of his argument Plaintiff submits (**Exhibit W).**
Plaintiff also submits documents to correlate the relation of 26 U.S.C., 26 C.F.R. and prior codes of 1939 and the Revised Statutes. (**Exhibit X, 7 pgs**)

Plaintiff can find no Statute and supporting Regulation that would warrant a dismissal of his case. Case cites that support Plaintiff's argument that Statutes and Regulations go hand in hand are as follows:

The U.S. Supreme Court stated in Stephan v. United States, 319 U.S. 423 (1943) that:

"The very meaning of prima facie is that the Code cannot prevail over the Statutes at Large when the two are inconsistent." This statement has been cited consistently by the courts in years since, and a lower court decision was actually reversed by the Court in United States Nat'l. Bank v. Independent Ins. Agents of Am., 508 U.S. 439 (1993) because it used the U.S. Code instead of the Statutes at Large. When there is a discrepancy between the U.S. Code and the Statutes at Large, the Statutes at Large always wins.

"To the extent that regulations implement the statute, they have the force and effect of law...The regulation implements the statute and cannot vitiate or change the statute..." [Spreckles v. C.I.R., 119 F.2d, 667]

"The official source to find United States law is the Statutes at Large and the United , States Code is only prima facie evidence of such laws. Royer's Inc. 11. United States, 265 F2d 615, 59-1 (1959, CA3 Pa)."

"Unless Congress affirmatively enacts title of United States Code into law, that title is only "prima facie" evidence of the law." Presto11 v. Ilec/cler, 734 F2d 1359, (1984, CA9 Alaska).

"... that the Code establishes "prima facia" the laws of the United States, the very meaning of "prima facia" being that the Code cannot prevail over the Statutes at Large when the two are inconsistent." Stephm1 v. United States, 319 U.S. 423 (1943); United States v. Wefaen, 377 U.S. 95 (1964).

**2.** Judge Lee states that in reality, Plaintiff's request amounts to "an action to enjoin the Government from collecting taxes". *Stefanelli v. Silvestri*, 524 F. Supp. 1317, 1319 (D. Nev. 1981), aff'd, 698 F.2d 1232 (9th Cir. 1982).**[Doc #81,See Page 6,7 of 14**).
This case cites involves "Employment Taxes" (Chapter C) not withholdings (Chapter A). Plaintiff's right to non-withholdings are in accordance with the law as he has no agreement contract (W-4) with Defendant.
This case cite use in Judge's ruling, *Stefanelli v. Silvestri*, 524 F. Supp. 1317, 1319 (D. Nev. 1981), aff'd, 698 F.2d 1232 (9th Cir. 1982) blurs Plaintiff's claim and causes controversy.

26 U.S.C. § 3403, pertains to "Employment Taxes" (Chapter C). Plainitffs Injunctive Relief is about Lawful pay "Withholdings" under (Chapter A). **Plaintiff objects to the notion that the chapters "A""C" are the same.**

**2a.** Judge Lee's agreement with the R&R I, II, and denial of Plaintiff's motion to enjoin Defendant from taking withholdings in compliance with IRS directives is improper. Once again the use of the terms "WITHHOLDINGS" and "TAXES" are not interchangeable, the first is supported by code and regulation and is consensual the latter is not.

This continues mixing of the words take Plaintiff's argument out of context and off base.

**Plaintiff Objects to these words being used as interchangeable terms.**

**2b.** Judge Lee states that Defendant's reliance on an IRS directive was proper. Plaintiff states that an IRS Directive is not a lawful command nor is there any law enacted by Congress to support this act of an Administrative Agency. The letter from the IRS received by Defendant that caused the unlawful violation quotes 26 C.F.R § 31.3402(f)(2)-1 (g), as its authority, however that regulation is not valid because:

(i) It imposes a penalty not authorized by Congress.

(ii) It violates the taking of property contrary to the 5th amendment.

(iii) It calls for administrative actions not authorized by Congress.

(iiii) It has NO STATUTORY foundation and is in conflict with 26 U.S.C. 3402(n) and 26 U.S.C. 7207. Defendant should have verified that the request it received was lawful before it willfully turned over Plaintiffs pay in error.

**In Federal Crop Insurance v. Merrill, 332 U.S. 380, the Supreme Court ruled:**

"Whatever the form in which the government functions, anyone entering into an arrangement with the government takes a risk of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority." Also see, Utah Power & Light Co. v. United States, 243 U.S. 389; United States v. Stewart, 311 U.S. 60; and generally, in re Floyd Acceptances, 7 Wall. 666.

**3.** Plaintiff's Injunctive Relief to enjoin is proper. Plaintiff gave clear and concise details when he argued his position in explaining his rights not to have a Subtitle A "Withholding" held from his pay without his consent. The courts constant disregard and non-acknowledgment of the difference between 26 U.S.C. § 1, Subtitle A- Income Tax and 26 U.S.C. § 3402 Subtitle C- Employment Tax, has led to the improper dismissal. The constant erroneous and improper mixing of the two distinct sections by Magistrate Finnegan's R&R I, II, has caused Plaintiff's pleadings and argument to be grossly misrepresented which has caused controversy.

6

**3a.**This court agrees that Defendant had no authority to withhold and therefore any directive not supported by a bone fide judicial order was unlawful. Plaintiff has stated repeatedly that his request for injunctive relief is to enjoin Defendant from withholding any of his pay for a 26 U.S.C. § 1, Subtitle A withholding. These certain Federal Payments are only required to be held via <u>contract agreement</u>. That contract agreement would be <u>FORM W-4</u>, which Plaintiff has repeatedly stated and clarified that he cancelled and does not have on file with Defendant for the years of 2011,2012,2013,2014, so therefore there is no contract with Defendant that would allow any third party intervener. Defendant knows or should have known that it had no lawful right to turn over Plaintiffs property. **Plaintiff Objects to this courts notion that a Directive would allow Plaintiffs rights to be violated.**

**4.** Title 26 U.S.C. § 3402(p) and Implementing Regulation found in 26 C.F.R. § 31.3402, support Plaintiffs argument completely. Title 26 U.S.C. § 3402 and 26 C.F.R. § 31.3402, apply to Subtitle C "Employment Taxes" only and **not** to Subtitle A "Income Taxes". [See **Plaintiffs Response [Doc #43].**

If there were a valid Implementing Regulation to withhold Plaintiff's pay without his consent it would read as such **26 C.F.R. § 1.3402**, but no such regulation exist.

Plaintiff contends that Judge Lee's acceptance of an "IRS DIRECTIVE" as a lawful command which would grant Defendant immunity from suit is improper based on:

There is no Statute, Law or Implementing Regulation that states in part, that an IRS directive such as the one received by Defendant (Lock in letter), has the force and effect of a Law such as a "Substantive rule" or a "Legislative-type rule" pursuant to a mandate or delegation by Congress affecting individual rights or obligations.

An IRS Letter Rulings are various IRS documents released to the public which may be helpful in determining the IRS's position on certain issues. The documents provide guidance but should not be cited as legal authority. The following types of documents represent a final determination of the IRS's position and NOT a law, but only with respect to a specific situation and issue:

• Private Letter Rulings • Determination Letters • Technical Advice Memoranda • Chief Counsel Advice. **Plaintiff Objects to the notion that a mere Directive is lawful**

**5.** Plaintiff is seeking reconsideration of Judges Order based on Structure of the Law.

(a) Congress creates laws [Statutes & Implementing Regulations] for two different jurisdictions. The 50 states of the Union & the Federal Zone defined in Article 1 Section 8 Clause 17 in the Constitution.

(b) The Agency that is delegated the power to enforce the Statutes then drafts Enforcement Regulations which have the full force and effect of the law. [Also referred to as Legislative Regulations.]

(c) These Implementing Regulations are required by law to be published in the Federal Register if the Implementing Regulations are applicable within the 50 states of the Union. This provides American Nationals who would be affected by the law a chance to voice objections and ask for changes before it goes into effect. (**Federal Register Act, 44 USC Section 1505**)

(d) The Regulations must be very specific as to who is subject to the Statute. Implementing Regulations **not published in the Federal Register have no adverse effect on a person's rights** and do not extend within the 50 states of the Union but are only applicable within the Federal Zone.

(e) For reference purposes, there are Parallel Tables put in the Code of Federal Regulations so anyone can see at a glance:

• The Statute and the Implementing Regulation for that Statute

• The Statute and the specific parties from whom the Statute can require information.

### II. Enjoining of Wage Withholdings and IRS Levy

**Plaintiff addresses Judge Lee's Order and Memorandum [Doc #81]**

   **6.** Plaintiff disagrees with Judge for allowing Title 26 U.S.C. § 7421 to stand as a subject matter bar. This court is improperly applying 26 U.S.C. § 7421, as the controversy is contractual in nature which this court has subject matter jurisdiction to here.

Judge states that "Plaintiff argues, without citation to legal authority that the Anti-Injunction Act has no bearing on this law suit" (**See Page 6 of 14**).

Plaintiff states that there was no need to cite anything because his Injunctive Relief sought to stop Defendant from interfering with Plaintiff exercising his rights in regards to "Withholdings" from his pay and not a "Tax" per se. Plaintiff adamantly states that Subtitle A "Withholdings" are not the same as Subtitle C "Employment Taxes" so there was no need to cite case law at that time.

Plaintiff contends that "Withholdings" from his pay can be reduced, increased or completely stopped by cancelling the agreement (W-4). With "Employment Taxes" one does not have that option; these Taxes are by way of Congress and cannot be adjusted at will. However Plaintiff did cite case law and legal authority in **[Doc #62, items # 7-9 and Exhibit P].**

For this reason as well Plaintiffs case should not be dismissed. Plaintiff also Objects to the courts allowance of a jurisdictional bar based on 26 USC § 7421.

    **6a.** Plaintiff also explains why 26 U.S.C. § 7421, Anti Injunction Act (AIA), is not a jurisdictional bar in regards to Injunctive Relief sought by Plaintiff.

Judge Lee stated that Plaintiff did not cite case law in regard to 26 U.S.C. § 7241. Plaintiff believes he presented more than enough explanation to show that a "Violation of procedural rights are exception to the AIA". See **[Doc#62 ,items # 7-9 and Exhibit P]**.

Plaintiff went as far back as the Revised Statutes of 1874, Title XXXV, Internal Revenue. Plaintiff has shown this court that none of taxes listed in the statute would apply to him.

    The U.S. Supreme Court stated in Stephan v. United States, 319 U.S. 423 (1943) that:

"The very meaning of prima facie is that the Code cannot prevail over the Statutes at Large when the two are inconsistent." This statement has been cited consistently by the courts in years since, and a lower court decision was actually reversed by the Court in United States Nat'l. Bank v. Independent Ins. Agents of Am., 508 U.S. 439 (1993) because it used the U.S. Code instead of the Statutes at Large. When there is a discrepancy between the U.S. Code and the Statutes at Large, the Statutes at Large always wins.

    Title 1 USC § 112 Statutes at Large; contents; **admissibility in evidence**:

The Archivist of the United States shall cause to be compiled, edited, indexed, and published, the United States Statutes at Large, which shall contain all the laws and concurrent resolutions enacted during each regular session of Congress;....... The **United States Statutes at Large shall be legal evidence of laws**, concurrent resolutions, treaties, international agreements other than treaties, proclamations by the President, and proposed or ratified amendments to the Constitution of the United States therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States.

See**[Doc# 43, III- items #1-3]**

The Defendant has not produced a Statute at Large to support their position.

    **7.** Plaintiff thinks it is safe to say that 26 U.S.C. 7241, AIA is not a bar in any respect

(A) because the United States cannot establish its claim to the funds as this is not a "statutory tax" issue, the controversy involves an unlawful withholding of pay which Plaintiff does not consent to.

(B) Plaintiff is demonstrating that collection would cause him "irreparable harm". The harm caused to Plaintiff would be an indefinite unlawful withholding of his pay for as long as he is

employed, which is involuntary servitude, a constitutional violation of the thirteenth Amendment.

### III. Enjoining of Child Support Wage Garnishment

**Plaintiff addresses Judge Lee's Order and Memorandum [Doc #81]**

**8.** Plaintiff states that this court does have jurisdiction to restrain Defendant from garnishing his pay. Plaintiff contends that Rooker- Feldman doctrine is non-applicable for the following reasons.

**8a.** Plaintiff repeatedly stated that there was not a Petition for support in state court against him in 2007 and therefore not a court action. Magistrate Finnegan relied on an alleged state court docket #2007D080461, to reach her determination. Had Magistrate actually reviewed the documents and information she would have come to the correct conclusion that this in fact was not a child support case as stated by Plaintiff. Plaintiff did everything in his power to be granted an oral hearing but his repeated attempts were in vain.

Plaintiff also alleged fraud upon the court and requested an oral hearing to address the issue and that request as well was ignored [**Doc #43, items 19-21**],[**Doc # 62, items #1,2, exhibit O**].

**8b.** Judge Lee also made a reference to the alleged state case in his dismissal and added a link for all to view. (http://www.cookcountyclerkofcourt.org, see footnote 4). Plaintiff regrets to say with all due respect, had the information on the docket been actually been looked at, and not just the docket sheet, this court we have known that this is not an ongoing proceeding.

Plaintiff proved his argument by way of special appearance in state court and on May 11, 2015, the States petition for modification and arrearage was Stricken. The order also states that the matter is off call and nothing is pending. (**See Exhibit Y**)


### IRREPARABLE HARM

If this court allows this dismissal to stand it will cause irreparable harm as it would allow an indefinite Constitutional violation of Plaintiff's right to contract or not. If this ruling stands it will force Plaintiff under duress to contract with the Defendant against his will, which is a constitution violation. A dismissal will allow an indefinite Fifth Amendment Constitutional violation by denying Plaintiff his Due Process rights. Plaintiff has explained some of these injuries in his motion for Emergency Injunction [**Doc #71**]. Plaintiff now has to deal with

10

constantly cleaning up raw sewage in his basement living, laundry area every time it rains because cannot afford to pay a plumber to repair a clogged main sewer line. This is a major health concern and issue for Plaintiff's family especially for Plaintiff's mother who sleeps in the basement. Plaintiff's mother has a preexisting health condition. Plaintiff has had to also deal with a leaking roof that he cannot afford to have repaired. Plaintiff has attached pictures of the flooding and damaged roof. (**See Exhibit Z**)

**A**) Plaintiff in in jeopardy of losing his job because he cannot afford to pay for fuel to get to and from work. Plaintiff has already taken days of work and is in jeopardy of facing disciplinary action.

**B**) Both of Plaintiff's family vehicles are in repossession status for a second time due to Defendant's actions. There is a threat of criminal charges from the lender because Plaintiff has not returned said vehicles.

Plaintiff has essentially lost his primary place of residence to foreclosure because of Defendant's actions. Plaintiff cannot obtain a loan modification for said residence because Defendant has for a second time prevented Plaintiff from maintaining proof of income.

**C**) Plaintiff can no longer afford to keep his household utilities on.

## IN CLOSING

Plaintiff's Civil, Constitutional and Human Rights are being blatantly violated by Defendant. Defendant is a multi-billion dollar corporation with multi- million dollar representation who has placed Plaintiff in a state of Peonage with their actions. Removing the stay of the Emergency Injunction is in place. Plaintiff has done his due diligence and has shown this court through his pleadings that Defendants actions are unlawful. Defendant has not produced a valid levy and court order to support their actions. Plaintiff has submitted to this court a FOIA response letter from the IRS Disclosure Office that's states that there are no records on file that show any levy, liens against Plaintiff. Plaintiff has also shown this court that there is a fraudulent Notice of Federal Tax Lien on file with the Recorder of Deeds Office [**Doc #71**]. What Plaintiff and his family are experiencing is abuse and inhuman and should be addressed immediately. This is Plaintiff's only recourse at law and he is seeking immediate help.

**1.** Granting the injunction in favor of Plaintiff will not contravene a public interest.

11

**2.** Plaintiff has a substantial likelihood of success based on the allegations of the attached affidavit; i.e., the facts alleged are likely to be proven and are not merely speculative.

**3.** There is an unavailability of any adequate remedy at law (i.e., an award of money damages after the harm has occurred will not restore the Plaintiff's threatened losses).

**4.** There is a real existence of continuing and imminent likelihood of irreparable harm if the injunction is not granted.

**5.** The threat of continuing harm to Plaintiff outweighs any possible harm to Defendant(s) as there would be no adverse action to Defendant(s).

### Prayer for relief

WHEREFORE Plaintiff humbly request that this court reconsiders its dismissal and grants the emergency injunction immediately based on Plaintiff's stated facts, affidavit, exhibits and this motion to reconsider. Plaintiff also humbly request that this Honorable Courts Injunctive Relief will:

**(A)** Instruct Defendant to cease any further withholding of property until it is proven that Plaintiff's claim for relief is improper.

**(B)** Instructing the Respondent to return Plaintiff's pay in the amount of $16,334.91.

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619

CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiff, hereby certifies that on August 31, 2015, he served a copy of the above **NOTICE OF PLAINTIFF'S MOTION TO RECONSIDER JUDGES ODER,** with the Clerk of the Court, and the same was served on the following:

TO: Daley Mohan Groble
     Heather R. Adams
     55 W. Monroe, Suite 1600
     Chicago, Illinois 60603


By regular mail: USPS


                                        Respectfully submitted,


                                        /s/ simeon washa amen ra
                                        P.O. Box 199273
                                        Chicago, Illinois 60619

13

EXHIBIT V

**Note 24**

alies and interest for payment by third parties of individual income tax and self-employment tax for taxable years of 1985 through 1989; credits included elimination of backup withholding taxes, and interest thereon, relative to those subcontractors who submitted forms reporting those taxes and, in addition, adjustments in debtor's federal income or employment tax assessments had to be reflected in associated adjustments in state taxes. Erickson v. C.I.R., Bkrtcy.D.Minn.1994, 172 B.R. 900.  Internal Revenue 4835

Debtor was not entitled to take as tax credit FICA taxes which were not withheld from his wages by employer. In re Eryurt, Bkrtcy.M.D.Fla.1992, 142 B.R. 999.  Internal Revenue 3520

## 25. Time of withholding

"Withholding" of federal income tax from wages occurs, and trust is created, at time net wages are paid to employee, rather than later when taxes are placed in segregated fund or paid to the Internal Revenue Service (IRS). Begier v. I.R.S., U.S.Pa.1990, 110 S.Ct. 2258, 496 U.S. 53, 110 L.Ed.2d 46.  Internal Revenue 4849

Income taxes are to be withheld upon paying wages, as are employee taxes under Federal Insurance Contribution Act, section 3101 et seq. of this title.  U.S. v. Associated Developers of Florida, Inc., Fla.App. 1 Dist.1980, 400 So.2d 17.  Internal Revenue 4849

## 26. Payroll period

Under this section, requiring every employer to deduct and withhold taxes on payment of wages, employer was required to withhold deductions from each weekly pay check, ratably equal, and could not pay gross earnings to employees for three paydays and then withhold from fourth pay check an amount equal to withholding for pay due that date and for pay employee had received on the three previous paydays.  Summers v. Looker, N.D.W.Va.1964, 231 F.Supp. 513.  Internal Revenue 4849

## 27. Constructive receipt of income

Severance payments which employer made to employees in 1965 and which employees were improperly required to return upon their recall seven days later and which employer was obliged to return in 1971 after arbitration and litigation, were not actually or constructively

received by employees until 1971 and were subject to the higher withholding tax rates applicable in the later year. Driscoll v. Exxon Corp., S.D.N.Y.1975, 366 F.Supp. 992.  Internal Revenue 4849

Cash basis taxpayer was not entitled to bad debt deduction for unsatisfied portion of wage claim allowed in bankruptcy proceeding, since, even assuming bona fide character of debt, unpaid wages were never reported as income as required by regulations; nor was taxpayer entitled to withhold under § 31(a) of this title, duty to withhold wages under this section does not arise until employer actually constructively pays wages, and, contrary to petitioner's contention, bankruptcy court's allowance of wage claim was not tantamount to constructive receipt. Gertz v. Commissioner of Internal Revenue, U.S.Tax Ct.1975, 64 T.C. 598.

Balance in bonus payable account, payable to petitioner as officer of corporation for its fiscal year ending Oct. 31, 1952, which was paid to and reported by him in 1953, was not constructively received in 1952, since under terms of employment contract which must be given effect petitioner was not entitled to receive bonus until 1953, and crediting at end of 1952 did not cause amount credited to be subject to petitioner's unqualified demand, nor did his power of majority stockholder to take corporate funds give him such right; amount of funds required to be withheld under this section on part of bonus advanced in 1952, but used by company as withholding on 1952 income, was constructively received in 1952. Basila v. C.I.R., Tax Ct.1961, 36 T.C. 111, acq.

## 28. Time of attachment of liability

Liability for payroll taxes attached at time wages were actually or constructively paid, so that, even though employee's sole shareholder of taxpayer did not cash many paychecks made out to her, because her business did not have sufficient funds to cover wages, taxpayer was liable for payroll taxes. Boutique for Women, Inc. v. U.S., N.D.Ill.1985, 607 F.Supp. 1259.  Internal Revenue 4557

## 29. Notice of deficiency

There is no requirement under the provisions of this title that before liability for

employment taxes accrues, notice of deficiency or assessment be given, rather, liability arises by virtue of duties pursuant to the provisions of this title that are imposed to collect and pay over taxes, and, even if it notices were defective in amount, such notices did not affect taxpayers failing in notice did not affect taxpayers liability for unpaid taxes.  Marvel v. U.S., C.A.10 (Okla.) 1983, 719 F.2d 1507.  Internal Revenue 4543

## 30. Interest

Executive was not entitled to interest on amount that corporation withheld from lump-sum severance payment for taxes for period between issuance of federal tax and date that tax was due to Internal Revenue Service (IRS), regardless of alleged unfairness to executive that he derived no benefit from admittedly illegal and thus unconstitutional provision of this contract with corporation awarding reimbursement of amount of tax to him; pay employment taxes as employer of contract separately required that corporation withheld from "any" payments federal taxes determined by corporation to be required to be withheld, and executive received intended benefit, i.e. no responsibility for taxes associated with severance.  Kleinberg v. Radian Group, Inc., S.D.N.Y.2002, 2002 WL 31422884, Unreported, 240 F.Supp.2d 260.  Corporations And Business Organizations 1819(1)

## 31. Abatement

Non-penalty portion of claim asserted by the Internal Revenue Service (IRS) for unpaid withholding tax on interest payments made by debtor was subject to abatement, to extent that this interest income was reported by payees, and that income was reported by payees, and the Rock Land Co. Bkrtcy.N.D.Cal.2000, 248 B.R. 174.  Internal Revenue 4850

## 32. Burden of proof

Taxpayer, not government, has burden of demonstrating that its withholding treatment is proper.  American Airlines, Inc. v. U.S., C.A.Fed.2000, 204 F.3d 1103.  Internal Revenue 4849

## 33. Estoppel

Corporate taxpayer, whose president/sole shareholder had been convicted of failing to collect, account for, and pay employment taxes as employer of corporate taxpayer's laborers, was, as result of that conviction, collaterally estopped from denying that temporary laborers were its employees, and from denying its liability for payment of employment taxes with respect to those temporary laborers, in proceedings on taxpayer's petition for review of IRS's determination that taxpayer was liable for employment taxes.  Hi-Q Personnel, Inc. v. C.I.R., U.S.Tax Ct.2009, 132 T.C. 279, 2009 WL 1181612, Unreported.  Judgment 648

## § 3403.  Liability for tax

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

(Aug. 16, 1954, c. 736, 68A Stat. 469; Sept. 3, 1982, Pub.L. 97-248, Title III, § 307(a)(2), 96 Stat. 589; Aug. 5, 1983, Pub.L. 98-67, Title I, § 102(d), 97 Stat. 369)

## HISTORICAL AND STATUTORY NOTES

### Revision Notes and Legislative Reports

**1954 Acts.** House Report No. 1337, Senate Report No. 1622, and Conference Report No. 2543, see 1954 U.S.Code Cong. and Adm.News, pp. 4468, 5126.

**1982 Acts.** Senate Report No. 97-494, House Conference Report No. 91-760, and Statements by Legislative Leaders, see 1982 U.S.Code Cong. and Adm.News, p. 781.

**1983 Acts.** House Report No. 98-120, a Related Report, and House Conference Report No. 98-325, see 1983 U.S.Code Cong. and Adm.News, p. 635.

### Amendments

**1982 Amendments.** Pub.L. 97-248 substituted "this subchapter" for "this chapter" after "withheld under".

ts and retained as long as the
s thereof may become material
administration of any internal
law.

*ansmittal form.* Persons making
its of winnings subject to with-
shall use Form W–3G to trans-
rms W–2G to the Internal Rev-
ervice Centers.

011 and 7805 of the Internal Revenue
1954 (68A Stat. 732, 917; 26 U.S.C. 6011,

787, 46 FR 46908, Sept. 23, 1981, as
d by T.D. 7919, 48 FR 46298, Oct. 12,
FR 55728, Dec. 15, 1983; T.D. 7943, 49
, Feb. 13, 1984; 49 FR 8437, Mar. 7, 1984;
)5, 65 FR 50408, Aug. 18, 2000]

02(r)–1 Withholding on distribu-
ns of Indian gaming profits to
bal members.

1) *General rule.* Section 3402(r)(1)
es every person, including an In-
tribe, making a payment to a
er of an Indian tribe from the net
ues of any class II or class III
ig activity, as defined in 25 U.S.C.
conducted or licensed by such
to deduct and withhold from such
ent a tax in an amount equal to
payment's proportionate share of
nnualized tax, as that term is de-
in section 3402(r)(3).

*Withholding tables.* Except as pro-
i in paragraph (a)(4) of this sec-
the amount of a payment's pro-
onate share of the annualized tax
be determined under the applica-
table provided by the Commis-
er.

*Annualized amount of payment.*
ion 3402(r)(5) provides that pay-
ts shall be placed on an annualized
s under regulations prescribed by
Secretary. A payment may be
ed on an annualized basis by multi-
ng the amount of the payment by
total number of payments to be
ie in a calendar year. For example,
onthly payment may be annualized
multiplying the amount of the pay-
it by 12. Similarly, a quarterly pay-
it may be annualized by multi-
ing the amount of the payment by 4.
) *Alternate withholding procedures—*
*In general.* Any procedure for deter-
ning the amount to be deducted and
hheld under section 3402(r) may be
d, provided that the amount of tax

deducted and withheld is substantially
the same as it would be using the ta-
bles provided by the Commissioner
under paragraph (a)(2) of this section.
At the election of an Indian tribe, the
amount to be deducted and withheld
under section 3402(r) shall be deter-
mined in accordance with this alter-
nate procedure.

(ii) *Method of election.* It is sufficient
for purposes of making an election
under this paragraph (a)(4) that an In-
dian tribe evidence the election in any
reasonable way, including use of a par-
ticular method. Thus, no written elec-
tion is required.

(5) *Additional withholding permitted.*
Consistent with the provisions of sec-
tion 3402(p), a tribal member and a
tribe may enter into an agreement to
provide for the deduction and with-
holding of additional amounts from
payments in order to satisfy the antici-
pated tax liability of the tribal mem-
ber. The agreement may be made in a
manner similar to that described in
§31.3402(p)–1 (with respect to voluntary
withholding agreements between em-
ployees and employers).

(b) *Effective date.* This section ap-
plies to payments made after December
31, 1994.

[T.D. 8634, 60 FR 65238, Dec. 19, 1995]

§31.3403–1  Liability for tax.

Every employer required to deduct
and withhold the tax under section 3402
from the wages of an employee is liable
for the payment of such tax whether or
not it is collected from the employee
by the employer. If, for example, the
employer deducts less than the correct
amount of tax, or if he fails to deduct
any part of the tax, he is nevertheless
liable for the correct amount of the
tax. See, however, §31.3402(d)–1. The
employer is relieved of liability to any
other person for the amount of any
such tax withheld and paid to the dis-
trict director or deposited with a duly
designated depositary of the United
States. *No Source Document listed*

§31.3404–1  Return and payment by
governmental employer.

If the United States, or a State, Ter-
ritory, Puerto Rico, or a political sub-
division thereof, or the District of Co-
lumbia, or any agency or instrumen-

tality of any one or more of the fore-
going, is an employer required to de-
duct and withhold tax under Chapter
24, the return of the amount deducted
and withheld as such tax may be made
by the officer or employee having con-
trol of the payment of the wages or
other officer or employee appropriately
designated for that purpose. (For provi-
sions relating to the execution and fil-
ing of returns, see Subpart G of the
regulations in this part.)

§31.3405(c)–1  Withholding on eligible
rollover distributions; questions
and answers.

The following questions and answers
relate to withholding on eligible roll-
over distributions under section 3405(c)
of the Internal Revenue Code of 1986, as
added by section 522(b) of the Unem-
ployment Compensation Amendments
of 1992 (Public Law 102– 318, 106 Stat.
290) (UCA). For additional UCA guid-
ance under sections 401(a)(31), 402(c),
402(f), and 403(b)(8) and (10), see
§§1.401(a)(31)–1, 1.402(c)–2, 1.402(f)–1, and
1.403(b)–2 of this chapter, respectively.

LIST OF QUESTIONS

Q–1: What are the withholding require-
ments under section 3405 for distributions
from qualified plans and section 403(b) annu-
ities?

Q–2: May a distributee elect under section
3405(c) not to have Federal income tax with-
held from an eligible rollover distribution?

Q–3: May a distributee be permitted to
elect to have more than 20-percent Federal
income tax withheld from an eligible roll-
over distribution?

Q–4: Who has responsibility for complying
with section 3405(c) relating to the 20-percent
income tax withholding on eligible rollover
distributions?

Q–5: May the plan administrator shift the
withholding responsibility to the payor and,
if so, how?

Q–6: How does the 20-percent withholding
requirement under section 3405(c) apply if a
distributee elects to have a portion of an eli-
gible rollover distribution paid to an eligible
retirement plan in a direct rollover and to
have the remainder of that distribution paid
to the distributee?

Q–7: Will the plan administrator be subject
to liability for tax, interest, or penalties for
failure to withhold 20 percent from an eligi-
ble rollover distribution that, because of er-
roneous information provided by a dis-
tributee, is not paid to an eligible retirement
plan even though the distributee elected a
direct rollover?

EXHIBIT W

Case: 1:14-cv-07173 Document #: 85 Filed: 08/31/15 Page 17 of 31 PageID #:656

### Table I.—Sources of the 1939 Code—Continued

[* = Amending statute.   † = Reenacting statute.   ‡ = Adding statute.]

| 1939 I. R. C. section | Date enacted | Statutes at Large— | | | Act section |
|---|---|---|---|---|---|
| | | Volume | Page | Chapter | |
| 1537 | | | | | |
| 1600 | 1935, Aug. 14 | 49 | 639 | 531 | 901. |
| 1601(a) | ....do | 49 | 639 | 531 | 902. |
| 1601(b)(1) | ....do | 49 | 643 | 531 | 909(a). |
| 1601(b)(2) | ....do | 49 | 643 | 531 | 909(b). |
| 1601(c) | ....do | 49 | 643 | 531 | 909(c). |
| 1602 | ....do | 49 | 644 | 531 | 910. |
| 1603 | ....do | 49 | 640 | 531 | 903. |
| 1604(a), (b) | ....do | 49 | 641 | 531 | 905(b). |
| 1604(c) | ....do | 49 | 642 | 531 | 905(c). |
| 1605(a), (b) | ....do | 49 | 641 | 531 | 905(a). |
| | 1935, Aug. 30 | 49 | 1027 | 829 | 404. |
| 1605(c) | 1935, Aug. 14 | 49 | 642 | 531 | 905(d). |
| 1605(d) | ....do | 49 | 642 | 531 | 905(e). |
| 1605(e) | ....do | 49 | 642 | 531 | 905(f). |
| 1606 | ....do | 49 | 642 | 531 | 906. |
| 1607(a)-(g) | ....do | 49 | 642 | 531 | 907. |
| 1607(h) | ....do | 49 | 647 | 531 | 1101(a)(6). |
| 1607(i) | ....do | 49 | 647 | 531 | 1101(a)(1). |
| 1607(j) | ....do | 49 | 647 | 531 | 1101(a)(3). |
| 1608 | ....do | 49 | 647 | 531 | 1101(c). |
| 1609 | ....do | 49 | 643, | 531 | 908, 1102. |
| | | | 647 | | |
| 1610 | ....do | 49 | 642 | 531 | 905(b). |
| 1700(a)(1) | 1926, Feb. 26 | 44 | 91 | 27 | 500(a)(1). |
| | *1928, May 29 | 45 | 863 | 852 | 411(a). |
| | *1932, June 6 | 47 | 271 | 209 | 711 (a), (e). |
| | *1933, June 16 | 48 | 206 | 90 | 212. |
| | *....do | 48 | 209 | 90 | 219. |
| | 1935, June 28 | 49 | 431 | 333 | |
| | 1937, June 29 | 50 | 358 | 402 | |
| | 1938, May 28 | 52 | 573 | 289 | 712(a). |
| 1700(a)(2) | 1926, Feb. 26 | 44 | 91 | 27 | 500(a)(1). |
| | *1932, June 6 | 47 | 271 | 209 | 711(a). |
| 1700(b) | 1926, Feb. 26 | 44 | 91 | 27 | 500(a)(4). |
| 1700(c) | ....do | 44 | 91 | 27 | 500(a)(2). |
| | *1932, June 6 | 47 | 271 | 209 | 711(b). |
| 1700(d) | 1926, Feb. 26 | 44 | 91 | 27 | 500(a)(3). |
| 1700(e) | ....do | 44 | 91 | 27 | 500(a)(5). |
| 1700(f) | | | | | |
| 1701(a) | 1926, Feb. 26 | 44 | 92 | 27 | 500 (b) (1), (e). |
| | *1932, June 6 | 47 | 271 | 209 | 711(c). |
| 1701(b) | 1926, Feb. 26 | 44 | 92 | 27 | 500(b)(2). |
| 1701(c) | ....do | | | 27 | 500(b)(2). |

80

## Table II.—Sources of the 1954 Code—Continued

| 1954 Code section | Derived from 1939 Code section | 1954 Code section | Derived from 1939 Code section | 1954 Code section | Derived from 1939 Code section |
|---|---|---|---|---|---|
| 1314 | 3801 (c), (d), (e), (f), (g). | 2033 | 811(a). | 2515 | |
| | | 2034 | 811(b). | 2516 | |
| 1315 | | 2035 | 811(c)(1)(A), (l). | 2521 | 1004(a)(1). |
| 1321 | 22(d)(6). | | | 2522 | 1004 (a)(2), (b). |
| 1331 | 127(c)(1). | 2036 | 811(c)(1)(B). | | |
| 1332 | 127(c)(2). | 2037 | 811(c) (1)(C), (2), (3). | 2523 | 1004(a)(3). |
| 1333 | 127(c)(3). | | | 2524 | 1004(c). |
| 1334 | 127(c)(4). | 2038 | 811(d). | 3101 | 1400. |
| 1335 | 127(c)(5). | 2039 | | 3102 | 1401 (a), (b). |
| 1336 | 127(d). | 2040 | 811(e). | 3111 | 1410. |
| 1337 | 127 (e), (f). | 2041 | 811(f); 403(d)(2) R.A. 1942; 2, P.L. 636 (80th Cong.). | 3112 | 1412. |
| 1341 | | | | 3121 | 1426 (a)-(e), (g)-(i). |
| 1346 | 128. | | | 3122 | 1420(e). |
| 1347 | 106. | | | 3123 | 1427. |
| 1351 | | | | 3124 | 1428. |
| 1361 | | 2042 | 811(g). | 3125 | 1432. |
| 1401 | 480. | 2043 | 811(i), 812(b). | 3201 | 1500. |
| 1402 | 481. | 2044 | 811(h). | 3202 | 1501 (a), (b). |
| 1403 | 482. | 2051 | 812. | 3211 | 1510. |
| 1441 | 143(b). | 2052 | 935(c). | 3212 | 1511. |
| 1442 | 144. | 2053 | 812(b). | 3221 | 1520. |
| 1443 | 143(h). | 2054 | 812(b). | 3231 | 1532 (a)-(e), (g), (h). |
| 1451 | 143(a). | 2055 | 812(d). | | |
| 1461 | 143(c). | 2056 | 812(e). | 3232 | 1534. |
| 1462 | 143(d). | 2101 | 860, 935. | 3233 | 1538. |
| 1463 | 143(e). | 2102 | 861(a)(2). | 3301 | 1600. |
| 1464 | 143(f). | 2103 | 861(a). | 3302 | 1601 (a), (b), (c). |
| 1465 | 3797(a)(16). | 2104 | 862. | 3303 | 1602. |
| 1471 | 650, 651. | 2105 | 863. | 3304 | 1603. |
| 1481 | 3906. | 2106 | 861. | 3305 | 1606. |
| 1491 | 1250. | 2201 | 939. | 3306 | 1607 (a)-(j), (l)-(o). |
| 1492 | 1251. | 2202 | 850. | | |
| 1493 | 1252. | 2203 | 930(a). | 3307 | 1608. |
| 1494 | 1253. | 2204 | 825(a). | 3308 | 1611. |
| 1501 | 141(a). | 2205 | 826(b). | 3401 | 1621. |
| 1502 | 141(b). | 2206 | 826(c). | 3402 | 1622 (a)-(d), (g)-(k). |
| 1503 | 141(c). | 2207 | 826(d). | | |
| 1504 | 141 (d), (e), (f), (g). | 2501 | 1000(a). | 3403 | 1623. |
| 1505 | 141 (h), (i). | 2502 | 1001 (a), (b); 1008(a); 1030(a). | 3404 | 1624. |
| 1551 | 15(c). | | | 3501 | 1420(a), 1530(a), 1605(a). |
| 1552 | | 2503 | 1008 (a), (b). | | |
| 2001 | 810, 935. | 2504 | | 3502 | 1402, 1503, 1512, 1622(e). |
| 2002 | 822(b). | 2511 | 1000(b), 1030(b). | | |
| 2011 | 810, 812(b). | 2512 | 1002, 1005. | 3503 | 1422, 1531. |
| 2012 | 813(a)(2), 936(b). | 2513 | 1000(f). | 3504 | 1632. |
| 2013 | | 2514 | 1000(c); 452(b)(2) R.A. 1942; 2, P.L. 636 (80th Cong.). | 4001 | 1650, 2400. |
| 2014 | 813(c), 936(c). | | | 4002 | 2412(a). |
| 2015 | 927. | | | 4003 | 2400, 2412(b). |
| 2016 | 874(b)(3). | | | 4011 | 1650, 2401. |
| 2031 | 811(k). | | | 4012 | 2401, 2412(a). |
| 2032 | 811(j). | | | 4013 | 2412(b). |

EXHIBT X

PUBLIC LAW 591 - CHAPTER 736
APPROVED AUGUST 16, 1954, 9:45 a. m., E. D. T.
H. R. 8300

# Internal Revenue Code of 1954

ENACTED DURING THE

SECOND SESSION OF THE EIGHTY-THIRD CONGRESS

OF THE UNITED STATES OF AMERICA

*Begun and held at the City of Washington on*

*Wednesday, January 6, 1954.*

## An Act

### *To revise the internal revenue laws of the United States.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) CITATION.—

(1)  The provisions of this Act set forth under the heading "Internal Revenue Title" may be cited as the "Internal Revenue Code of 1954".

(2)  The Internal Revenue Code enacted on February 10, 1939, as amended, may be cited as the "Internal Revenue Code of 1939".

(b)  PUBLICATION.—This Act shall be published as volume 68A of the United States Statutes at Large, with a comprehensive table of contents and an appendix ; but without an index or marginal references. The date of enactment, bill number, public law number, and chapter number, shall be printed as a headnote.

(c)  CROSS REFERENCE.—For saving provisions, effective date provisions, and other related provisions, see chapter 80 (sec. 7801 and following) of the Internal Revenue Code of 1954.

(d)  ENACTMENT OF INTERNAL REVENUE TITLE INTO LAW.—The Internal Revenue Title referred to in subsection (a)(1) is as follows:

3

# UNITED STATES
# STATUTES AT LARGE

CONTAINING THE

# Internal Revenue Code
# of 1954

*Enacted During the Second Session of the*
*Eighty-Third Congress*
*of the United States of America*

## 1954



→ **VOLUME 68A**

IN ONE PART



Case: 1:14-cv-07173 Document #: 85 Filed: 08/31/15 Page 22 of 31 PageID #:661

(h) WITHHOLDING ON BASIS OF AVERAGE WAGES.—The Secretary or his delegate may, under regulations prescribed by him, authorize employers—

(1) to estimate the wages which will be paid to any employee in any quarter of the calendar year,

(2) to determine the amount to be deducted and withheld upon each payment of wages to such employee during such quarter as if the appropriate average of the wages so estimated constituted the actual wages paid, and

(3) to deduct and withhold upon any payment of wages to such employee during such quarter such amount as may be necessary to adjust the amount actually deducted and withheld upon the wages of such employee during such quarter to the amount required to be deducted and withheld during such quarter without regard to this subsection.

(i) ADDITIONAL WITHHOLDING.—The Secretary or his delegate is authorized by regulations to provide, under such conditions and to such extent as he deems proper, for withholding in addition to that otherwise required under this section in cases in which the employer and the employee agree (in such form as the Secretary or his delegate may by regulations prescribe) to such additional withholding. Such additional withholding shall for all purposes be considered tax required to be deducted and withheld under this chapter.

## SEC. 3403. LIABILITY FOR TAX.

The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

## SEC. 3404. RETURN AND PAYMENT BY GOVERNMENTAL EMPLOYER.

If the employer is the United States, or a State, Territory, or political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, the return of the amount deducted and withheld upon any wages may be made by any officer or employee of the United States, or of such State, Territory, or political subdivision, or of the District of Columbia, or of such agency or instrumentality, as the case may be, having control of the payment of such wages, or appropriately designated for that purpose.

Case: 1:14-cv-07173 Document #: 85 Filed: 08/31/15 Page 23 of 31 PageID #:662

sentence gave rise to such action. The venue of any such action shall be the same as under existing law.

### SEC. 7805. RULES AND REGULATIONS.

(a) AUTHORIZATION.—Except where such authority is expressly given by this title to any person other than an officer or employee of the Treasury Department, the Secretary or his delegate shall prescribe all needful rules and regulations for the enforcement of this title, including all rules and regulations as may be necessary by reason of any alteration of law in relation to internal revenue.

(b) RETROACTIVITY OF REGULATIONS OR RULINGS.—The Secretary or his delegate may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect.

(c) PREPARATION AND DISTRIBUTION OF REGULATIONS, FORMS, STAMPS, AND OTHER MATTERS.—The Secretary or his delegate shall prepare and distribute all the instructions, regulations, directions, forms, blanks, stamps, and other matters pertaining to the assessment and collection of internal revenue.



### SEC. 7806. CONSTRUCTION OF TITLE.

(a) CROSS REFERENCES.—The cross references in this title to other portions of the title, or other provisions of law, where the word "see" is used, are made only for convenience, and shall be given no legal effect.

(b) ARRANGEMENT AND CLASSIFICATION.—No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title, nor shall any table of contents, table of cross references, or similar outline, analysis, or descriptive matter relating to the contents of this title be given any legal effect. The preceding sentence also applies to the sidenotes and ancillary tables contained in the various prints of this Act before its enactment into law.

### SEC. 7807. RULES IN EFFECT UPON ENACTMENT OF THIS TITLE.

(a) INTERIM PROVISION FOR ADMINISTRATION OF TITLE.—Until regulations are promulgated under any provision of this title which depends for its application upon the promulgation of regulations (or which is to be applied in such manner as may be prescribed by regulations) all instructions, rules or regulations which are in effect immediately prior to the enactment of this title shall, to the extent such instructions, rules, or regulations could be prescribed as regulations under authority of such provision, be applied as if promulgated as regulations under such provision.

(b) PROVISIONS OF THIS TITLE CORRESPONDING TO PRIOR INTERNAL REVENUE LAWS.—



(1) REFERENCE TO LAW APPLICABLE TO PRIOR PERIOD.—Any provision of this title which refers to the application of any portion of this title to a prior period (or which depends upon the application to a prior period of any portion of this title) shall, when appropriate and consistent with the purpose of such provision, be deemed to refer to (or depend upon the application of) the corresponding provision of the Internal Revenue Code of 1939 or of such other internal revenue laws as were applicable to the prior period.

§ 7807(b)(1)

918                    INTERNAL REVENUE CODE OF 1954

(2) ELECTIONS OR OTHER ACTS.—If an election or other act under the provisions of the Internal Revenue Code of 1939 would, if this title had not been enacted, be given effect for a period subsequent to the date of enactment of this title, and if corresponding provisions are contained in this title, such election or other act shall be given effect under the corresponding provisions of this title.

## SEC. 7808. DEPOSITARIES FOR COLLECTIONS.

The Secretary or his delegate is authorized to designate one or more depositaries in each State for the deposit and safe-keeping of the money collected by virtue of the internal revenue laws; and the receipt of the proper officer of such depositary to the proper officer or employee of the Treasury Department for the money deposited by him shall be a sufficient voucher for such Treasury officer or employee in the settlement of his accounts.

## SEC. 7809. DEPOSIT OF COLLECTIONS.

(a) GENERAL RULE.—Except as provided in subsection (b), sections 4735, 4762, 7651, 7652, and 7654, the gross amount of all taxes and revenues received under the provisions of this title, and collections of whatever nature received or collected by authority of any internal revenue law, shall be paid daily into the Treasury of the United States under instructions of the Secretary or his delegate as internal revenue collections, by the officer or employee receiving or collecting the same, without any abatement or deduction on account of salary, compensation, fees, costs, charges, expenses, or claims of any description. A certificate of such payment, stating the name of the depositor and the specific account on which the deposit was made, signed by the Treasurer of the United States, designated depositary, or proper officer of a deposit bank, shall be transmitted to the Secretary or his delegate.

(b) DEPOSIT FUNDS.—In accordance with instructions of the Secretary or his delegate, there shall be deposited with the Treasurer of the United States in a deposit fund account—

(1) SUMS OFFERED IN COMPROMISE.—Sums offered in compromise under the provisions of section 7122;

(2) SUMS OFFERED FOR PURCHASE OF REAL ESTATE.—Sums offered for the purchase of real estate under the provisions of section 7506; and

(3) SURPLUS PROCEEDS IN SALES UNDER LEVY.—Surplus proceeds in any sale under levy, after making allowance for the amount of the tax, interest, penalties, and additions thereto, and for costs and charges of the levy and sale.

Upon the acceptance of such offer in compromise or offer for the purchase of such real estate, the amount so accepted shall be withdrawn from such deposit fund account and deposited in the Treasury of the United States as internal revenue collections. Upon the rejection of any such offer, the Secretary or his delegate shall refund to the maker of such offer the amount thereof.

§ 7807(b)(2)

# SUBCHAPTER C—SPECIAL EDITIONS OF THE FEDERAL REGISTER

## PART 8—CODE OF FEDERAL REGULATIONS

Sec.
8.1  Policy.
8.2  Orderly development.
8.3  Periodic updating.
8.4  Indexes.
8.5  Ancillaries.
8.6  Forms of publication.
8.7  Agency cooperation.
8.9  Form of citation.

AUTHORITY: 44 U.S.C. 1506, 1510; sec. 6, E.O. 10530, 19 FR 2709, 3 CFR, 1954–1958 Comp., p. 189.

SOURCE: 37 FR 23605, Nov. 4, 1972, unless otherwise noted.

### § 8.1  Policy.

(a) Pursuant to chapter 15 of title 44, United States Code, the Director of the Federal Register shall publish periodically a special edition of the FEDERAL REGISTER to present a compact and practical code called the "Code of Federal Regulations", to contain each Federal regulation of general applicability and legal effect.

(b) The Administrative Committee intends that every practical means be used to keep the Code as current and readily usable as possible, within limitations imposed by dependability and reasonable costs.

[37 FR 23605, Nov. 4, 1972, as amended at 54 FR 9677, Mar. 7, 1989]

### § 8.2  Orderly development.

To assure orderly development of the Code of Federal Regulations along practical lines, the Director of the Federal Register may establish new titles in the Code and rearrange existing titles and subordinate assignments. However, before taking an action under this section, the Director shall consult with each agency directly affected by the proposed change.

### § 8.3  Periodic updating.

(a) *Criteria.* Each book of the Code shall be updated at least once each calendar year. If no change in its contents has occurred during the year, a simple notation to that effect may serve as the supplement for that year. More frequent updating of any unit of the Code may be made whenever the Director of the Federal Register determines that the content of the unit has been substantially superseded or otherwise determines that such action would be consistent with the intent and purpose of the Administrative Committee as stated in § 8.1.

(b) *Staggered publication.* The Code will be produced over a 12-month period under a staggered publication system to be determined by the Director of the Federal Register.

(c) *Cutoff dates.* Each updated title of the Code will reflect each amendment to that title published as a codified regulation in the FEDERAL REGISTER on or before the "As of" date. Thus, each title updated as of July 1 each year will reflect all amendatory documents appearing in the daily FEDERAL REGISTER on or before July 1.

[37 FR 23605, Nov. 4, 1972, as amended at 54 FR 9677, Mar. 7, 1989]

### § 8.4  Indexes.

A subject index to the entire Code shall be annually revised and separately published. An agency-prepared index for any individual book may be published with the approval of the Director of the Federal Register.

### § 8.5  Ancillaries.

The Code shall provide, among others, the following-described finding aids:

(a) *Parallel tables of statutory authorities and rules.* In the Code of Federal Regulations Index or at such other place as the Director of the Federal Register considers appropriate, numerical lists of all sections of the current edition of the United States Code (except section 301 of title 5) which are cited by issuing agencies as rulemaking authority for currently effective regulations in the Code of Federal Regulations. The lists shall be arranged in the order of the titles and sections of the United States Code with

11

parallel citations to the pertinent titles and parts of the Code of Federal Regulations.

(b) *Parallel tables of Presidential documents and agency rules.* In the Code of Federal Regulations Index, or at such other place as the Director of the Federal Register considers appropriate, tables of proclamations, Executive orders, and similar Presidential documents which are cited as rulemaking authority in currently effective regulations in the Code of Federal Regulations.

(c) *List of CFR sections affected.* Following the text of each Code of Federal Regulations volume, a numerical list of sections which are affected by documents published in the FEDERAL REGISTER. (Separate volumes, "List of Sections Affected, 1949–1963" and "List of CFR Sections Affected, 1964–1972", list all sections of the Code which have been affected by documents published during the period January 1, 1949, to December 31, 1963, and January 1, 1964, to December 31, 1972, respectively.)[1] Listings shall refer to FEDERAL REGISTER pages and shall be designed to enable the user of the Code to find the precise text that was in effect on a given date in the period covered.

[37 FR 23605, Nov. 4, 1972, as amended at 54 FR 9677, Mar. 7, 1989]

### § 8.6  Forms of publication.

(a) Under section 1506 of title 44, United States Code, the Administrative Committee authorizes publication of the Code of Federal Regulations in the following formats:

(1) Paper;

(2) Microfiche; and

(3) Online on GPO Access (44 U.S.C. 4101).

(b) The Director of the Federal Register is authorized to regulate the format of the Code of Federal Regulations according to the needs of users and compatibility with the facilities of the Government Printing Office. The Director may provide for the Code of Federal Regulations to be printed in as many separately bound books as nec-

essary, set requirements for microfiche images, and oversee the organization and means of access to material in the online edition.

[65 FR 8843, Feb. 23, 2000]

### § 8.7  Agency cooperation.

Each agency shall cooperate in keeping publication of the Code current by complying promptly with deadlines set by the Director of the Federal Register and the Public Printer.

### § 8.9  Form of citation.

The Code of Federal Regulations may be cited by title and section, and the short form "CFR" may be used for "Code of Federal Regulations." For example, "1 CFR 10.2" refers to title 1, Code of Federal Regulations, part 10, section 2.

## PART 9—THE UNITED STATES GOVERNMENT MANUAL

Sec.
9.1  Publication required.
9.2  Scope.

AUTHORITY: 44 U.S.C. 1506; sec. 6, E.O. 10530, 19 FR 2709; 3 CFR, 1954–1958 Comp., p. 189.

SOURCE: 37 FR 23606, Nov. 4, 1972, unless otherwise noted.

### § 9.1  Publication required.

The Director of the Federal Register shall separately publish annually or at times designated by the Administrative Committee of the Federal Register a special edition of the FEDERAL REGISTER called "The United States Government Manual" or any other title that the Administrative Committee of the Federal Register considers appropriate. The Director of the Federal Register may issue special supplements to the Manual when such supplementation is considered to be in the public interest.

[54 FR 9677, Mar. 7, 1989]

### § 9.2  Scope.

(a) The Manual shall contain appropriate information about the Executive, Legislative, and Judicial branches of the Federal Government, which for the major Executive agencies shall include—

[1] A three volume set, "List of CFR Sections Affected, 1973–1985", lists all sections of the Code which have been affected during the period January 1, 1973 to December 31, 1985.

EXHIBIT Y

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## DOMESTIC RELATIONS DIVISION

Illinois Department of Healthcare and Family Services ex rel.,

Rose Harding,

Petitioner,

-vs-

Simeon Amen Ra,

Respondent.

Docket No.: 07008041

IV-D No.: C 01055196

Calendar No.: R

### ORDER

THIS CAUSE coming to be heard on the matter of HFS petition for modification and ~~the~~ gmc, due notice having been given, the following parties having appeared: [ ] Petitioner [X] Respondent [X] Assistant State's Attorney [ ] Respondent's Attorney

THE COURT FINDS:

1) Petitioner failed to appear on two consecutive court dates 3/10/15 and 5/11/15

IT IS HEREBY ORDERED:

1) HFS petition for modification is ~~withdrawn~~. Stricken gmc

2) This matter is off call, nothing is pending.

_____
Respondent's Signature

_____
Petitioner's Signature

ANITA ALVAREZ #17052
Cook County State's Attorney

By: _____ (LONG)
Assistant State's Attorney, (Attorney for HFS)
28 North Clark St., Suite 300
Chicago, Illinois 60602
(312) 345-2200

_____
Respondent's Attorney

Judge Jean M. Cocozza

ENTERED: _____

MAY 11 2015

_____
Judge's Signature

Circuit Court - 2092
Judge's No.

SAO 400-47 CR - EXP [Rev. 12/13]

EXHIBIT Z




