UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMEON LEWIS, Estate,<br>Simeon Washa Amen Ra, Ex,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, C.E.O. -<br>Matthew K. Rose<br><br>Defendants. | )<br>)<br>)<br>) Case No.: 14 CV 7173<br>)<br>) Honorable Judge John Z. Lee<br>)<br>) Magistrate Judge Sheila Finnegan<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO RECONSIDER JUDGE'S ORDER**

Defendants, BNSF RAILWAY COMPANY and MATTHEW K. ROSE (hereinafter "BNSF" and "Rose") by their attorneys, Daley Mohan Groble, P.C, submit their Response in Opposition to Plaintiff's Motion to Reconsider Judge's Order. In support of their Response, Defendants state as follows:

**INTRODUCTION**

BNSF respectfully requests that this Court deny Mr. Lewis' (also known as Mr. "Simeon Washa Amen Ra") Motion to Reconsider Judge's Order ("Motion to Reconsider" or "Motion") and issue to him a formal reprimand for his frivolous and duplicative filings. Nothing in Mr. Lewis' Motion is legally or substantively sufficient to invalidate this Court's August 17, 2015 Memorandum Opinion and Order ("Opinion"); rather, it is merely a rehash of prior frivolous arguments asserted in Mr. Lewis' previous filings.[1] The Court's Opinion correctly held that:

---

[1] **Mr. Lewis' Previous Filings**
- Complaint (Dkt. No. 1),
- Emergency Motion for Preliminary Injunction (Dkt. No. 6),
- Motion for Injunction (Dkt. No. 8),

1

- the Anti-Injunction Act, 28 U.S.C. § 7421, deprives this Court of subject matter jurisdiction to enjoin BNSF from complying with IRS directives because the Act prohibits lawsuits designed to restrain the government's ability to assess and collect federal taxes. Dkt. 81, Memo. & Order, 5-7, Aug. 17, 2015;
- 26 USC § 3403 grants BNSF immunity for complying with IRS directives. *Id*. at 6, 10-11; and
- Neither BNSF nor Rose are government actors and cannot be held liable under the Fifth Amendment. *Id*.

## **LEGAL STANDARD**

A motion to reconsider serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990); *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269-70. A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The Seventh Circuit held that reconsideration is proper when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Cleversafe,*

---

- Response to BNSF's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 43),
- Objections to Magistrate Judge Finnegan's Report and Recommendation denying Mr. Lewis' Emergency Motion for Preliminary Injunction and Motion for Injunction (Dkt. No. 44),
- Objections to Magistrate Judge Finnegan's Report and Recommendation granting BNSF's Motion to Dismiss (Dkt. No. 62);
- Emergency Motion for Preliminary Injunction (Dkt. 71); and
- On September 14, 2015, Mr. Lewis, through his newly retained attorney, filed his third Emergency Motion for Preliminary Injunction (Dkt. No. 89).

*Inc. v. Amplidata, Inc.*, No. 11 C 4890, 2014 WL 5073341, at *2 (N.D. Ill. Oct. 9, 2014) (quoting *Bordelon v. Chi. Sch. Reform. Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.2000)).

## ARGUMENT

I. **THE COURT HAS BROAD DISCRETION OVER THE CONDUCT OF DISCOVERY.**

Mr. Lewis, for the first time and without citation to any statute, case law or other persuasive authority; argues that this Court erred by failing to permit him to conduct discovery in this matter. Pl.'s Mot. to Reconsider, 2; *See also* Dkt. 79, Minute Entry (staying case number 14-cv-7173, in its entirety, pending the Court's decision regarding Magistrate Finnegan's Reports and Recommendations). On the contrary, federal district courts have extremely broad discretion in controlling discovery in a manner necessary to secure the "just, speedy and inexpensive determination of an action; including, staying discovery during the pendency of its ruling on a party's motion to dismiss regarding a threshold issue or where discovery is unlikely to produce facts necessary to defeat the motion. *Sprague,* 149 F.R.D. 575, 577 (N.D. Ill. 1993); *Bianchi v. Tonigan*, 2012 WL 5906539 at *1 (N.D. Ill. 2012) (holding that courts are more likely to stay discovery pending a motion to dismiss where the motion will resolve an important threshold issue); *First Nat'l Bank v. Cities Serv. Co.,* 391 U.S. 253, 88 S. Ct. 1575, 20 L.Ed.2d 569 (1968) (limitations on general pre-trial discovery not improper if additional discovery would merely amount to a fishing expedition); *Kircher v. Putnam Funds Trust,* No. 06-cv-939, 2007 U.S. Dist. LEXIS 37826, *6-7, 2007 WL 1532116 (S.D.Ill. May 24, 2007) (holding that a court's decision to issue a stay rests with the Court's discretion, so long as such discretion is exercised in a manner consistent with equity and judicial economy).

District courts may stay a proceeding *sua sponte* or upon a party's motion. *Sprague,* 149 F.R.D. at 577-78; *Bianchi,* 2012 WL 5906536 at *2 (staying, *sua sponte,* oral discovery pending

3

the court's decision on defendants' motion to dismiss). This Court's decision to stay discovery until after its ruling on BNSF's Motion to Dismiss does not suggest error; instead, it is an exercise of the Court's discretion. Mr. Lewis has propounded no reasons as to why discovery should have been commenced or how he has been prejudiced by the Court's decision. He neither identifies what factual information he would have sought through discovery nor how such information would have been relevant to the threshold issues in this matter: (1) whether the Anti-Injunction Act, 26 U.S.C. § 7421(a) bars this Court from asserting subject matter jurisdiction over his claims and (2) whether BNSF is immune from liability for complying with IRS directives under 26 USC § 3403. Accordingly, Mr. Lewis' contention that the Court erred in not granting him leave to conduct discovery has no legal or factual bases.

I. **PLAINTIFF REASSERTS THE SAME MERITLESS ARGUMENTS.**

Mr. Lewis Motion is a continuation of his baseless campaign to restrain BNSF from complying with IRS directives to withhold and/or garnish monies from his wages for the payment of federal taxes. Specifically, Mr. Lewis contends that the Court erred by:

- Failing to find that he is exempt from paying federal taxes, that any such payment on his part is completely voluntary and contractual in nature, and that BNSF wrongfully deducted federal taxes from his pay without his consent. Dkt. No. 85, Pl.'s Mot. to Reconsider, 5-7.
- Finding that 26 USC § 3403 granted BNSF immunity from liability for complying with IRS directives because there is no implementing regulation giving it the force of law. *Id*. at 3-4.
- Failing to find that BNSF wrongfully complied with an IRS "Lock-in" letter, because the Letter is unconstitutional as it is a penalty, violates the Fifth Amendment Takings clause, calls for administrative actions not authorized by Congress, and has no statutory foundation. *Id*. at 6.
- Finding that the Anti-Injunction Act, 26 U.S.C. § 7421(a), deprived the Court of subject matter jurisdiction over his motion to enjoin BNSF from withholding taxes from his pay because the Act is inapplicable as his payment of federal taxes is completely voluntary as IRS Form W-4 is merely a contract, which can be cancelled. *Id.* at 8-10.

None of the aforementioned arguments constitute bases for reconsideration as they have been argued at length in the parties' prior submissions. S*ee Caisse Nationale de Credit Agricole v. CBI Indus., Inc*., 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments"). *See also Duever v. Rivera*, 2001 WL 561417 (N.D. Ill 2001) (holding that the Anti-Injunction Act barred a claim for injunctive relief against the IRS, which was filed by a sovereign citizen who believed that his payment of federal taxes was voluntary); *U.S. v. Small*, 487 F. App'x 302, 304 (7th Cir. 2012) (rejecting argument that income tax payment is voluntary); *See Lysiak v. Comm'n of Internal Revenue*, 774 F.2d 1168 (7th Cir. 1985)(imposing sanctions upon a *pro se* plaintiff for continuously filing frivolous tax petitions and appeals based on his repeatedly rejected theories that: (1) he was exempt from taxation because of his membership in a certain religious order; and (2) the government is without power to tax him because the 16th amendment was never properly ratified); *Squire v. Capoeman*, 351 U.S. 1, 6 (1956) (Native Americans are subject to federal income tax liability); *United States v. Sanders*, 2013 WL 5567421 (S.D. Ill. 2013) (repeatedly rejecting a *pro se* sovereign citizen's argument that the United States is a corporation that cannot tax him unless he voluntarily executes a contract with the United States consenting to the authority of the IRS).

Mr. Lewis continues to ignore this Court's reasons for dismissing his claim to enjoin BNSF from complying with a state court Child Support Order. Rather, he argues, without basis, that because there is currently no ongoing state court proceeding regarding the child support order, which *has already been entered* against him, the federal court can now review the merits of the state court decision and enjoin BNSF from complying with the order. Dkt. No. 85, Pl.'s Mot. to Reconsider, 10. This is precisely the type of conduct in which the *Rooker-Feldman* doctrine states that federal courts cannot engage. *Id.*; *Mannix v. Machnik*, 244 F. App'x 37 (7th

5

Cir. 2007). Mr. Lewis also insists that this Court based its decision on fraudulent information presented by BNSF. However, Mr. Lewis has now had four opportunities to present competent evidence to explain which documents are fraudulent and, each time, he has failed to so do. Moreover, this is the same argument Mr. Lewis made in his Objections to Magistrate Judge Finnegan's December 12, 2014 and February 3, 2015 Reports and Recommendations. Dkt. Nos. 44 and 62, respectively. Accordingly, the Court should deny Mr. Lewis' Motion to Reconsider.

## II. PLAINTIFF IS UTILIZING VEXATIOUS LITIGATION TACTICS.

BNSF requests that this Court issue a formal reprimand to Mr. Lewis for his frivolous and duplicative filings. Federal district courts are vested with the inherent power and constitutional obligation to manage their affairs so as to achieve orderly and expeditious disposition of cases and to protect themselves from vexatious litigation through the issuance of warnings and sanctions, by awarding attorneys' fees to opposing parties and/or barring vexatious litigants from filing new papers with the court for a set period. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991); *Alexander v. U.S.*, 121 F. 3d 312 (1997) (assessing attorneys' fees against non-attorney party for filing false and frivolous pleadings and wrongfully initiating additional proceedings in different tribunals based on the same issues).

Mr. Lewis has engaged in a relentless onslaught of frivolous litigation by filing multiple motions for injunctions, objections, emergency motions, motions for clarification and the instant Motion to Reconsider. Mr. Lewis has also multiplied the number of proceedings by filing case number 14-cv-7171[2], which is currently pending before District Court Judge Tharpe, Jr. and EEOC charge number 440-2015-0539[3], which is pending before the Chicago Division of the

---

[2] On November 14, 2015, BNSF filed a motion to dismiss case number 14-cv-7171, which has been fully briefed and is awaiting Judge Tharpe's decision. Ex. A, BNSF's fully briefed Motion to Dismiss.
[3] On August 25, 2015, BNSF filed a request to dismiss EEOC charge number 440-2015-05395, which is currently awaiting a decision by the EEOC. Ex. B, BNSF Request to Dismiss.

EEOC. This is an abuse of process. Mr. Lewis cannot force BNSF to defend against three separate actions, in two different fora, regarding substantially the same claims. *See Rogers v. Ameriprise Fin. Srvs.,* 2008 WL 4826262 at *2 (N.D. Ill. 2008) (holding, in part, that plaintiff could not pursue the same dispute in two fora); *Chambers*, 501 U.S. at 57 (holding that a court may impose sanctions upon a party for conduct before other tribunals).

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments… [T]here is no constitutional right to bring frivolous suits. People who wish to express displeasure with taxes must choose other forums, and there are many available.

*Coleman v. C.I.R.*, 791 F.2d 68, 72 (7th Cir. 1986)).

The Court should, therefore, formally reprimand Mr. Lewis for his meritless filings.

## **CONCLUSION**

WHEREFORE, Defendants, BNSF RAILWAY COMPANY and MATTHEW K. ROSE respectfully request that this Honorable Court deny Mr. Lewis' Motion to Reconsider Judge's Order and issue to him a formal reprimand for his improper, frivolous filings or fashion an appropriate sanction for such conduct, and for any other relief this Court deems proper.

          BNSF RAILWAY COMPANY and MATTHEW K. ROSE

          By: /s/Heather R. Adams_____
               One of the Attorneys for Defendants

Raymond H. Groble III
Heather R. Adams
Daley Mohan Groble, P.C.
55 W. Monroe, Suite 1600
Chicago, Illinois 60603
(312) 422-9999
Groble@daleymohan.com
hadams@daleymohan.com