# IN UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION
#### EMERGENCY PRELIMNARY INJUNCTION

Simeon Washa Amen Ra,
Ex Rel Simeon Lewis
Plaintiff

              vs.

BNSF RAILWAY COMPANY,
Named and Unnamed Employees
Defendant,

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action file

No: 14-CV-7173

Judge John Z. Lee
Magistrate Judge Sheila M. Finnegan

   INJUCTION

 

Now Comes, the Plaintiff, Simeon Washa Amen Ra, before this honorable court seeking an order against Burlington Northern Santa Fe Railway (BNSF). Plaintiff asks this court to intervene and grant an emergency injunction to prevent further harm. Defendant is a private sector employer who has withheld 85% to 90% of Plaintiff's pay since April 25, 2015 until present with no judgment against Plaintiff. Defendant's action has caused Plaintiff extreme hardship in that he has not been able to provide financially for his family.

**Irreparable Injury**

**A)** Plaintiff is in jeopardy of losing his job because he cannot afford to pay for fuel to get to and from work. Plaintiff has already taken days of work and is in jeopardy of facing disciplinary action.

**B)** Both of Plaintiff's family vehicles are in repossession status for a second time due to Defendant's actions. There is a threat of criminal charges from the lender because Plaintiff has not returned said vehicles.

**C)** Plaintiff has essentially lost his primary place of residence to foreclosure because of Defendant's actions. Plaintiff cannot obtain a loan modification for said residence because Defendant has for a second time prevented Plaintiff from maintaining proof of income.

**D)** Plaintiff can no longer afford to pay utility bills.

**E)** Plaintiff's marriage is in dissolution because of the repeated actions of Defendant. His family of seven children including three (3) minors is in disarray due to the extreme financial hardship caused by the Defendant's wage garnishment.

**F)** Plaintiff cannot make his agreed upon child support payments for his minor children because the wage garnishment leaves only ten (10) to fifteen (15) percent of Plaintiff's earned wages per period. Defendant's actions have caused Plaintiff to fall behind on support payments. Plaintiff is in the arrears for $13,320.00

## FACTUAL ALLEGATIONS

**1.** On or about April 22, 2015, Plaintiff discovered that his paycheck had been garnished and paid to the IRS in the amount of $2,397.67.

**2.** On April 25, 2015, Plaintiff emailed BNSF employees Stacey Mirch, Brandi Varner to inquire about the garnishment. Plaintiff spoke with Stacey Mirch and was told that she would not discuss the issue and referred the matter to her supervisor Brandi Varner. To date, Ms. Varner has not responded to Plaintiff.

**3.** On April 25, 2015 Plaintiff discovered that two fraudulent Notice of Federal Tax Lien were file with the Cook County Recorder of Deeds. Plaintiff has an open case with the Department of The Treasury Inspector General (**Exhibit Q**)

**4.** On May 10, 2015, Plaintiff's pay was garnished in the amount of $1,982.08.

**5.** On May 25, 2015, Plaintiff's pay was garnished in the amount of $1,676.41.

**6.** On June 1, 2015, Plaintiff faxed, emailed and sent certified mail (7013 2250 0002 2521 9867) received on June 5, 2015, to Brandi Varner a "Notice and Demand" for the return of his contractually agreed upon pay (**Exhibit R**).

Said Notice included a copy of a Freedom of Information Request response letter from the Department of Treasury that stated that there were no levy or liens on file with the IRS for the tax years of 2012-2015 against Plaintiff. (**Exhibit S**)

**7.** On June 10, 2015, Plaintiff's pay was garnished in the amount of $2,105.38.

**8.** On June 16, 2015, Plaintiff faxed, emailed and sent certified mail (7013 2250 0002 2521 9881) to BNSF, Brandi Varner a copy of a second response letter from the IRS. Said letter informed Plaintiff that his request for a Collection Due Process Hearing had been granted. The

letter also stated that the Appeals Office would inform Plaintiff of the time, date and location of the collection due process hearing. Plaintiff has not had his Due Process hearing with the IRS; therefor there should not have been any withholding of pay. (**Exhibit T**)

**9.** On June 22, 2015, Plaintiff's pay was garnished in the amount of $2,318.43.

**10.** On July 10, 2015, Plaintiff's pay was garnished in the amount of $ 2,072.24.

Total sum taken from April 22, 2015 through July 11, 2015 is $12,552.21

## SUPPORTING EXHIBITS

**11.** Fraudulent Notice of Federal Tax Lien, TIGTA. (**Exhibit Q**)

**12.** Notice and Demand sent to Defendant. (**Exhibit R**)

**13.** Plaintiff has attached the FOIA response received from the Department of Treasury, IRS Disclosure Office, which states for:

Item# 2, there is no record of assessment for the tax years 2012-2015.

Item# 7, alleged Revenue Officer Cheryl Cordero duty station is New Carrollton, MD.

Item#8&9, there are no records of any liens or levies on file for tax years2012-2015. (**Exhibit S**)

**14.** Collection Due Process Hearing letter. (**Exhibit T**)

**15.** FOIA response from Cook County Recorder of Deeds, which states that the Notice of Federal Tax Lien was mailed from Cincinnati, OH. and not prepared in Chicago as stated on the face of the document by alleged IRS Revenue officers Cheyrl Cordero and Deann Bender. (**Exhibit U**)

## IN CLOSING

**16.** Granting the injunction in favor of Plaintiff will not contravene a public interest.

**17.** Plaintiff has a substantial likelihood of success based on the allegations of the attached affidavit; i.e., the facts alleged are likely to be proven and are not merely speculative.

**18.** There is an unavailability of any adequate remedy at law (i.e., an award of money damages after the harm has occurred will not restore the Plaintiff's threatened losses).

**19.** There is a real existence of continuing and imminent likelihood of irreparable harm if the injunction is not granted.

**20.** The threat of continuing harm to Plaintiff outweighs any possible harm to Defendant(s) as there would be no adverse action to Defendant(s).

## Prayer for relief

WHEREFORE Plaintiff humbly request that this court grant the emergency injunction immediately and instantly before notice is received by Defendant, based on Plaintiff's stated facts, affidavit and exhibits. Plaintiff also humbly request that this Honorable Courts Injunctive Relief will:

**(A)** Instruct Defendant to cease any further withholding of property in regards to any "Notice of Levy" or any future "Notices" without a verified court order signed by a judge from a court of competent jurisdiction.

**(B)** Instructing the Respondent to return Plaintiff's pay in the amount of $12,552.21.

Respectfully submitted,

/s/ Alia M Horwick
Attorney for Simeon Washa Amen Ra
600 West Van Buren, Suite 909
Chicago, Illinois 60607