# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Simeon Washa Amen Ra, Ex rel<br>Simeon Lewis<br>Plaintiff<br><br>vs.<br><br>BNSF RAIL WAY COMPANY,<br>Named and Unnamed employees<br>Defendants | Case No: 14 CV 7173<br><br>Honorable John Z. Lee<br><br>Magistrate Judge Sheila Finnegan |

**FILED NOV 23 2015**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## NOTICE OF PLAINTIFF'S REQUEST/MOTION FOR DECISION

TO: Heather R. Adams
Daley Mohan Groble
55 W. Monroe, Suite 1600
Chicago, Illinois 60603

PLEASE TAKE NOTICE that on November 23, 2015, Plaintiff Simeon W. Amen Ra filed the attached **PLAINTIFF'S REQUEST/MOTION FOR DECISION**, with the United States District Court for the Northern District of Illinois, Eastern Division, located at 219 South Dearborn St., Chicago, Illinois, a copy of which is attached and hereby served upon you.

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619



1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Simeon Washa Amen Ra, Ex rel )  Case No: 14 CV 7173
Simeon Lewis )
Plaintiff )
) Honorable John Z. Lee
vs. )
) Magistrate Judge Sheila Finnegan
BNSF RAIL WAY COMPANY, )
Named and Unnamed employees )
Defendants )

FILED

NOV 23 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## PLAINTIFF'S REQUEST/MOTION FOR DECISION

Now Comes, Simeon Washa Amen Ra flesh and blood man before this honorable court seeking a request for decision on Plaintiff's Motion to Reconsider [**Doc #85**]. Judges order and memorandum [**Docs #80, 81**], other related motions not addressed or deemed moot: [**Emergency Injunction # 71**], [**Motion to Strike# 76**], [**Motion for clarification 77**], [**Judge Lee's discovery orders #69, 70**].

## BACKROUND

Original complaint filed on September 14, 2014. This case was ongoing and had been sent into discovery but the proceedings were then abruptly dismissed by Judge Lee. There is an issue of an unlawful garnishment of Plaintiff's pay by Defendant that took place during this case. A hearing on this unlawful garnishment was heard by Magistrate Finnegan but Plaintiff's motion for injunctive relief which is separate but related was also abruptly deemed moot by Judge Lee. There are two other motions filed by Plaintiff deemed moot as well for no explained reasons.

1. On April 25, 2015, Plaintiff's pay was garnished by Defendant at a rate of 85% to 90%. Defendant who is a private sector employer did not produce a bona fide court order and levy document when requested by Plaintiff to justify this unlawful act.

2. On June 30, 2015, the ongoing litigation was sent into discovery by order of Judge Lee. [**Doc#69, 70**]

3. On July 14, 2015, Plaintiff filed an Emergency Injunction to stop the unlawful garnishment of his pay by Defendant that began on April 25, 2015, [**Doc# 71**].

4. On July 16, 2015, Plaintiff had an oral hearing with Magistrate Judge Sheila Finnegan, wherein Plaintiff ask the court to instruct Defendant to produce the actual bona fide court order and Levy document that would give Defendant authority to garnish Plaintiff's pay. Magistrate Finnegan incorrectly instructed Defendant to produce a Notice of Levy and not the actual Levy and court order so Plaintiff's filed a Motion to strike [**Finnegan's Order #75, related #76**].

5. On July 23, 2015, Plaintiff informed Judge Lee in an oral hearing that 85-90% of his pay was being unlawfully garnished since April 25, 2015, by Defendant with no lawful authority.

6. The court was also presented with information that the IRS had granted Plaintiff a Collection Due Process Hearing (CDPH) as of June 06, 2015. Said letter stated that the date time and place of hearing would take place within 90 days. The garnishing of Plaintiff's pay was premature at best, unlawful and in violation of his due process rights. Plaintiff submitted to the court contradictory documentation wherein the IRS stated that there had not been a CDPH held yet, therefore there should not have been any garnishment of Plaintiff's pay as he has not had a hearing on the matter nor been found liable of owing any tax debt by a court of competent jurisdiction. [**Emergency Injunction Doc#71, exhibits Q-U**]

7. On August 17, 2015, Judge Lee dismissed Plaintiffs case. Judge Lee offered no explanation as to why the case had been sent into discovery and then abruptly dismissed. The result of the dismissal brought an improper halt to discovery documents that would have ultimately proved Plaintiff's argument and position in regards to his original complaint as well as Emergency Injunctive relief which was filed on July 14, 2015, one month before the dismissal.

8. On August 31, 2015, Plaintiff filed a Motion to Reconsider.

9. On September 14, 2015, Plaintiff filed second Emergency Injunction and that motion was met with resistance. [**Doc #92**]

10. On September 16, 2015, Defendant filed its Response to Plaintiff's Motion to Reconsider, which had no bearing on Injunctive Relief that should have been granted.

11. On September 22, 2015, Plaintiff filed third Emergency Injunction and that motion was also met with resistance. [Doc #95]

## IN CLOSING

It has now been 210 day since the unlawful garnishment of Plaintiff's pay took place at 85-90% and Plaintiff is not receiving compensation for his labor. It has been more than 120 days since Plaintiff filed for Injunctive Relief. It has now been 74 days since Defendant filed its response to Plaintiff's motion to reconsider. The non-granting of relief in this matter is causing even further injury and irreparable harm to Plaintiff and his family. To allow Defendant to continue this unlawful garnishment of Plaintiff's pay without lawful authority is cruel, unjust and extremely excessive as there is no justification in law for this action and it is in violation of the fourth, fifth, and eight Amendments. Plaintiff's Due Process Rights have been blatantly violated, ignored, and trampled on. Plaintiff states that it is nothing short of inhumane to prevent a human being the rightful ability to provide for his family, when there is no law to support such action against him. Plaintiff has not been found liable of violating or breaking any law. Plaintiff has also been reduced to applying for Public Aid assistance but was denied because he no longer uses a social security number. Plaintiff is seeking a decision based on law enacted by Congress (Statutes at Large). Plaintiff also submits pictures of further damage to his home because he cannot afford to have his roof repaired. These pictures include a light fixture that has water leaking into it every time it rains or snows. This hazard is putting his family and home in danger due to a possible electrical fire. It also includes pictures of the leak into his kitchen area due to non-ability to repair roof. (**Exhibit Z1**)

### Prayer for relief

WHEREFORE, Plaintiff humbly requests that this court issues a decision on his Motion to Reconsider immediately so that he may have his Motion for Injunctive Relief heard. If this court does not wish to rule on the Injunctive Relief, may it please state so as soon as possible for the record so that Plaintiff can seek a new judge to file his motion with.

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619

4

## CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiff, hereby certifies that on November 23, 2015, he served a copy of the above, **Request for Decision** with the Clerk of the Court, and the same was served on the following:

TO: Heather R. Adams
    Daley Mohan Groble
    55 W. Monroe, Suite 1600
    Chicago, Illinois 60603

By regular mail: USPS

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619

EXHIBIT Z1









