IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMEON LEWIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    14-cv-7173 |
| v. | ) |
| | )    Judge John Z. Lee |
| | ) |
| BNSF RAILWAY COMPANY, and | ) |
| MATTHEW ROSE, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

Plaintiff Simeon Lewis, also known as Simeon Washa Amen Ra Ex, moves the Court to reconsider its Memorandum Opinion and Order in which it adopted in full Magistrate Judge Sheila Finnegan's Report and Recommendations that denied Plaintiff's motion for preliminary injunction (R&R I) and granted Defendants' motion to dismiss (R&R II). The Court dismissed Counts I, II, and IV with prejudice and dismissed Count III without prejudice for lack of jurisdiction. For the reasons provided herein, Plaintiff's motion for reconsideration [85] is denied. Plaintiff's motion for decision is stricken as moot [96]. Plaintiff's motion for emergency intervention is stricken as moot and for failure to file a notice of motion [98]. This case remains closed.

## STATEMENT

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotations omitted). A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The Seventh Circuit further articulated that reconsideration is proper when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform. Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (quotation omitted).

Plaintiff's motion to reconsider merely rehashes his arguments in support of his theories that he is exempt from paying federal taxes, that BNSF is liable and may be enjoined for its complying with IRS directives, and that the *Rooker-Feldman* doctrine does not preclude the Court from determining whether BNSF should be enjoined from complying with a state court Child Support Order. These are arguments that he either raised or could have raised in his emergency motion for preliminary injunction [6], his motion for injunction [8], his response to Defendants' motion to dismiss [43], his objections to R&R I and R&R II [44, 62], his emergency motion for preliminary injunction [71], and his third emergency motion for preliminary injunction [89]. None of Plaintiff's arguments is sufficient to cause the Court to reconsider its judgment.

Plaintiff's additional argument that reconsideration is appropriate because the Court should have permitted discovery to proceed is a nonstarter. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") Accordingly, given the latitude provided to district courts to control their own dockets, this Court did not commit a manifest error of law when it held off discovery in order to address the motions for preliminary injunctions and the motions to dismiss.

Having found no basis to reconsider its dismissal of the Complaint, the Court denies Plaintiff's motion. The Court disregards BNSF's request for an issuance of a formal reprimand to Plaintiff for his improper, frivolous filings because such request was not brought as a separate motion, and was merely incorporated in BNSF's response brief. This case remains closed.

Date: 2/10/16                                                                 /s/ John Z. Lee