# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Simeon Washa Amen Ra, Ex rel )  Case No:  14 CV 7173
Simeon Lewis )
Plaintiff )
       ) Honorable John Z. Lee
**v** )
       ) Magistrate Judge Sheila Finnegan
BNSF  RAIL WAY COMPANY, )
Named and Unnamed employees )
Defendants )

**FILED**

FEB 2 9, 2016
2-29-16
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### NOTICE OF APPEAL

     Notice is hereby given that Simeon Washa Amen Ra, in the above named case 14-cv-7173, Simeon Washa Amen Ra, Ex rel Simeon Lewis vs. BNSF  RAIL WAY COMPANY, hereby appeal to the United States Court of Appeals for the seventh Circuit, from the final judgment on **DENIAL OF PLAINITFF'S  MOTION TO RECONSIDER**, Judges Order Doc#99, **DISMISSAL OF PLAINTIFFS COMPLAINT**, Judges Order Doc #81, in their entirety, entered in this action on 2/10/16, 8/17/15.

                        Respectfully submitted,

                        /s/ simeon washa amen ra
                        P.O. Box 199273
                        Chicago, Illinois 60619
                        (773) 6481317
                        thechief1970@hotmail.com

Date:  February 29, 2016

## CERTIFICATE OF SERVICE

The undersigned, Pro se of record for the plaintiff, hereby certifies that on February 29, 2016 he served a copy of the above, **NOTICE OF APPEAL** and this certificate of service, on:

Heather R. Adams
Daley Mohan Groble
55 W. Monroe, Suite 1600
Chicago, Illinois 60603

By USPS mail

Respectfully submitted,

/s/ simeon washa amen ra
P.O. Box 199273
Chicago, Illinois 60619

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1**
**Eastern Division**

Simeon Lewis

                        Plaintiff,

v.                                          Case No.: 1:14−cv−07173
                                            Honorable John Z. Lee

BNSF Rail Way Company

                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, August 17, 2015:

        MINUTE entry before the Honorable John Z. Lee: The Court adopts in full Judge
Finnegan's Report and Recommendation [36] on Plaintiff's motions for preliminary
injunction [6] [8]. Plaintiff's motions are denied. The Court also adopts in full Judge
Finnegans Report and Recommendation [60] on Defendants motion to dismiss [26]. The
motion to dismiss is granted. Counts I, II, and IV are dismissed with prejudice. Count III
is dismissed for lack of jurisdiction. All other pending motions [71] [76] [77] are denied
as moot. Civil case terminated. [For further details see memorandum opinion and order.]
Mailed notice(ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SIMEON LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | 14-cv-7173 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| BNSF RAILWAY COMPANY, and | ) | |
| MATTHEW ROSE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Simeon Lewis, also known as Simeon Wasah Amen Ra, ("Plaintiff"), filed this lawsuit seeking relief from Defendant BNSF Railway Company's ("Defendant")[1] withholdings of his wages pursuant to IRS levies for federal tax liability and child support payments. Plaintiff filed two motions seeking a preliminary injunction. Defendant then filed a motion to dismiss. The Court referred the motions for preliminary injunction to Judge Sheila Finnegan for a report and recommendation. The Court also referred the motion to dismiss to Judge Finnegan.

Judge Finnegan recommended denying the motions for preliminary injunction and granting the motion to dismiss. *See* 12/12/14 Rep. & Recommendation (motions for preliminary injunction) (hereinafter, "*R&R I*"); 2/3/15 Rep. & Recommendation (motion to dismiss) (hereinafter "*R&R II*"). Plaintiff has filed objections to both *R&R I* and *R&R II*. After reviewing Plaintiff's objections, and for the reasons provided herein, the Court adopts in full Judge

---

[1] Though Defendant Matthew Rose is also named, Plaintiff asserts no factual allegations against him, and he consequently will be dismissed from this lawsuit under Federal Rule of Civil Procedure 12(b)(6). *See infra* Section IV.

Finnegan's *R&R I*, denying the motions for preliminary injunction. The Court also adopts in full Judge Finnegan's *R&R II*, granting Defendant's motion to dismiss.

## **Factual Background**

Judge Finnegan's Report and Recommendation on the motions for preliminary injunction contains a succinct statement of the factual and procedural background of this case. The Court adopts these factual recitations here. *See R&R I* 2–6 (facts concerning federal tax liability); *id.* 9–12 (facts concerning child support payment and wage garnishment).

The Court also adopts Judge Finnegan's statement of facts in connection with Defendant's motion to dismiss, which provide a general overview of the case:

> From 2005 through 2010, in his Form W-4s, Plaintiff claimed he was exempt from federal income tax withholdings. On February 11, 2010, the IRS sent a lock-in letter to BNSF, Plaintiff's employer, instructing it to withhold federal income taxes from Plaintiff's wages at the single rate with zero withholding allowances. On or about October 22, 2010, BNSF began complying with the IRS's instructions. Over the next several months, Plaintiff repeatedly demanded BNSF stop withholding federal income taxes from his wages. Despite Plaintiff's demands, BNSF only temporarily adjusted the withholding rate when instructed to by the IRS, and otherwise continued (and still continues) to withhold federal income taxes from Plaintiff's wages at the single rate with zero allowances.

> BNSF also turned over an additional portion of Plaintiff's wages to the IRS from about October 22, 2012 through about June 4, 2014, pursuant to a September 22, 2012 IRS notice of levy. The notice of levy purported to seek payment for Plaintiff's unpaid income taxes, interest and penalties for 2007 through 2009. Finally, in addition to these withholdings, since about June 22, 2014, BNSF has withheld $420 semi-monthly from Plaintiff's wages for child support, pursuant to an Illinois court order.

*See R&R II* 2.

## **Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(2), after a magistrate judge issues a report and recommendation, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2).   That is, "Rule 72(b) of the Federal Rules of Civil Procedure requires a party that disagrees with a magistrate judge's report and recommendation on a dispositive motion to file 'written, specific objections' to the report." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2).  After these responses are made, a district judge reviews *de novo* "any part of the magistrate judge's disposition that has been properly objected to . . . . The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  The Seventh Circuit has further articulated the *de novo* standard:

> *De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).   "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with de novo review." *Id.*   That said, "[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

## <u>Legal Standards</u>

### I. Preliminary Injunction

A party seeking a preliminary injunction must show (1) that its case has "some likelihood of success on the merits," and (2) that it has "no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied." *Ezell v. City of Chi.,* 651 F.3d 684, 694

(7th Cir. 2011). If the moving party meets these threshold requirements, the district court "weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id.* The district court's weighing of the facts is not mathematical in nature; rather, it is "more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895–96 (7th Cir. 2001) (quoting *Abbott Labs. v. Mead Johnson & Co.,* 971 F.2d 6, 12 (7th Cir. 1992)).

## II. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann,* 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845, 848 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *Id.*

### III. Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. The Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

### Report and Recommendation — Preliminary Injunction

Plaintiff previously filed two motions for injunctive relief, which the Court referred to Judge Finnegan for issuance of a report and recommendation. *See* 9/29/14 Min. Entry. Judge Finnegan issued her *R&R I*, finding that the Court lacked jurisdiction to issue the injunctions. Plaintiff filed several objections to this finding. The Court examines these objections below.

### I. Enjoining of Wage Withholdings and IRS Levy

Judge Finnegan's Report and Recommendations found that the Anti-Injunction Act, 28 U.S.C. § 7421, deprives this Court of subject matter jurisdiction to issue the injunctions Plaintiff seeks with regards to his federal tax liabilities. Like Judge Finnegan, the Court starts its analysis with this threshold jurisdictional question. *See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002).

As Judge Finnegan correctly noted, under the Anti-Injunction Act, except in limited circumstances that do not apply here,[2] "no suit for the purpose of restraining the assessment or

---

[2] Under the Anti-Injunction Act, "courts may impose an injunction regarding tax collection practices, but only if two requirements of a narrow exception are met: (1) that it is apparent, under the

collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). "The purpose of this statute is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Mejia*, 2013 WL 1337191, at *2 (citing *Enochs*, 370 U.S. at 7). "It has been broadly interpreted to apply not just to the assessment and collection of taxes, but to 'activities which are intended to or may culminate in the assessment or collection of taxes.'" *Id.* (quoting *United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976)).

Plaintiff objects to Judge Finnegan's holding concerning the Anti-Injunction Act. First, Plaintiff argues, without citation to legal authority, that the Anti-Injunction Act has no bearing on this lawsuit. Plaintiff also argues that there is no implementing regulation corresponding to "his right not to have a 26 U.S.C. Subtitle A withholdings." *See* Pl.'s Obj. 3. Lastly, Plaintiff incorporates the arguments he made in his reply briefing: that he is not liable for various federal taxes; that paying these taxes is voluntary; and that the IRS does not have statutory authority to collect taxes. *See* Pl.'s Reply Supp. Mot. Prelim. Inj. 2–4.

These objections all lack merit. First, Plaintiff cites no case law or legal authority that convinces this Court that the Anti-Injunction Act would not operate as a bar to issuing the injunction Plaintiff seeks. Furthermore, despite Plaintiff's insistence that he only seeks relief against Defendant, and not against the federal government, in reality, Plaintiff's request amounts to "an action to enjoin the Government from collecting taxes." *Stefanelli v. Silvestri*, 524 F.

---

most liberal view of the law and the facts, that the United States cannot establish its claim to the funds, and (2) the taxpayer demonstrates that collection would cause him irreparable harm." *See Mejia v. Verizon Mgmt. Pension Plan*, No. 11 C 3949, 2013 WL 1337191, at *2 (N.D. Ill. Mar. 29, 2013) (citing *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). Plaintiff has offered no evidence to satisfy either requirement.

Supp. 1317, 1319 (D. Nev. 1981), *aff'd*, 698 F.2d 1232 (9th Cir. 1982). Plaintiff asks this Court to enjoin Defendant from withholding his wages pursuant to an IRS directive and from complying with any notices of levy issued by the IRS. Plaintiff plainly asks this Court to enjoin IRS collection efforts. To the extent that Plaintiff objects that IRS directives, notices, and levies are not valid because the IRS has not produced a court order, this objection also falls short. *See Beck v. McKinney*, 16 F. App'x 482, 483 (7th Cir. 2001) ("The Act bars groundless suits to defeat collection efforts, even those styled as objections to the IRS's assessment and collection methods rather than to the tax itself."). Plaintiff's objection that he is exempt from paying federal taxes because he is a Native American or that paying federal taxes is voluntary similarly fail. *See Squire v. Capoeman*, 351 U.S. 1, 6 (1956) (Native Americans subject to federal income tax liability); *United States v. Small*, 487 F. App'x 302, 304 (7th Cir. 2012) (rejecting argument that income tax payment is voluntary).

In sum, Plaintiff's objections are either meritless or unpersuasive.[3] The Court fully adopts Judge Finnegan's well-reasoned Report and Recommendation denying Plaintiff's motion to enjoin Defendant from withholding taxes in compliance with IRS directives.

## II. Enjoining of Child Support Wage Garnishment

Judge Finnegan also found devoid of merit Plaintiff's request that the Court restrain Defendant from garnishing wages based on income-withholding orders issued pursuant to a state child support order. The Court agrees.

To the extent that Plaintiff argues that the underlying state court judgment requiring child support lacks merit, this challenge is barred by the *Rooker-Feldman* doctrine. As Judge Finnegan noted, Plaintiff's child support payments and domestic custody matters were

---

[3] Because the Court finds that the Anti-Injunction Act deprives it of jurisdiction to issue the injunction that Plaintiff seeks, the Court does not reach Plaintiff's other objections.

determined in state court proceedings, and under the *Rooker-Feldman* doctrine, "federal district courts cannot review the merits of decisions made by state courts in civil litigation" by issuing an "injunction that will alter the state court's allocation of custody and the level of child-support payments." *Mannix v. Machnik*, 244 F. App'x 37, 38–39 (7th Cir. 2007).

Furthermore, to the extent that Plaintiff argues Defendant did not properly withhold his wages because the income-withholding orders were not accompanied by a "court order signed by a judge," this argument also fails. *R&R I* (quoting Pl.'s Reply 11). As Judge Finnegan points out, Plaintiff's argument is factually incorrect; the child support order is self-executing and authorizes the issuance of income-withholding orders to employers "without further order of the Court." *See R&R I*, 10–13 (quoting Exs. Def.'s Resp. Mot. Preliminary Inj., Ex. 1, 4 (Child Support Order)). Defendant followed the proper procedures in garnishing Plaintiff's wages in accordance with the income-withholding orders it received. Plaintiff cites no authority establishing otherwise.

Plaintiff offers three objections to these findings. First, he objects to Judge Finnegan's reference to an unrelated case involving different child support withholdings for children Plaintiff had with Mona Miller. *See* Pl.'s Obj. 4. But Judge Finnegan's reference to the Miller order has no bearing on her determination. Second, Plaintiff objects to Judge Finnegan's finding that Rose Harding (whose children with Plaintiff *are* the subject of the withholdings he seeks to enjoin) initiated a lawsuit against him in state court. *See id.* 9. But the docket from the state court reveals Harding as the plaintiff and shows that she filed a petition for administrative declaration of parentage against Plaintiff. [4] This objection also lacks merit.

---

[4]     As noted in Judge Finnegan's Report and Recommendations, the docket for these proceedings can be accessed at http://www.cookcountyclerkofcourt.org. *See R&R I*, 13 n.8. As of the date of issuance of this Order, state court proceedings in Case No. 2007D080461 are ongoing.

Lastly, Plaintiff objects that the state court no longer has jurisdiction over him in the domestic relations matter. *See id.* 5. Plaintiff does not explain why this is so. In any case, the Seventh Circuit has long held that child support matters are the purview of state courts, which have the specialized expertise and staff necessary to handle child custody matters. *See Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 860 (7th Cir. 2007) ("State courts, moreover, are assumed to have developed a proficiency in core probate and domestic-relations matters and to have evolved procedures tailored to them, and some even employ specialized staff not found in federal courts."). Indeed, this recognition, "akin to a doctrine of abstention[,]" operates as an additional bar to this Court retaining jurisdiction over a child-custody matter. *Id.*, at 859–60.

None of Plaintiff's objections alter this Court's views that *Rooker-Feldman* bars any challenge Plaintiff seeks to bring against the underlying child support order and that Defendant followed the correct procedures in garnishing Plaintiff's wages in accordance with income-withholding orders. The Court fully adopts Judge Finnegan's well-reasoned Report and Recommendation denying Plaintiff's motion to enjoin the Defendant from garnishing his wages for child support obligations.

### Report and Recommendation — Motion to Dismiss

Plaintiff has also filed objections to Judge Finnegan's *R&R II* recommending that the Defendant's motion to dismiss be granted. The Court will address Plaintiff's objections on each count below.

#### I. Tax Liability (Counts I & II)

In contrast to the finding on the motion for injunctive relief, Judge Finnegan found that the Anti-Injunction Act did not prohibit Plaintiff from seeking *monetary* relief and consequently

the Court had subject matter jurisdiction to entertain such claims.[5]   However, Judge Finnegan also found that, under 26 U.S.C. § 3403, employers like Defendant are immune from lawsuits by any person for complying with the requirements of income tax collection.  *See Burda v. M. Ecker Co.*, 2 F.3d 769, 775 (7th Cir. 1993) (when a private entity "is acting as a private tax collector pursuant to federal tax laws, it is immune from suit" and the "sole remedy was to initiate a tax refund claim against the government") (citing 26 U.S.C. § 3403).  Crucially, "[e]mployees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability."  *See Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 (7th Cir. 1984).

For his part, Plaintiff argues that 26 U.S.C. § 3403 does not authorize Defendant to withhold income tax.  *See* Pl.'s Obj. 7–8.  This is correct, but beside the point.  Judge Finnegan relied on 26 U.S.C. § 3403 for the proposition that the Defendant is immune from suit for improper withholdings, not for the proposition that it authorized the Defendant to withhold the tax in the first instance.

Plaintiff also objects on the grounds that 26 U.S.C. § 3403 is not enforceable because there are no implementing regulations.  *See* Pl.'s Obj. 8.  But "[p]rovisions of the Internal Revenue Code generally do not require implementing regulations as a prerequisite to enforcement."  *Stafford v. C.I.R.*, 73 T.C.M. (CCH) 1848 (T.C. 1997), *aff'd*, 146 F.3d 868 (5th Cir. 1998) (citing *Occidental Petroleum Corp. v. Commissioner*, 82 T.C. 819, 829 (1984)).  Additionally, Plaintiff contends that Judge Finnegan's citations to the United States Code and the Internal Revenue Code were improper, but as Plaintiff's own authority makes clear, these code

---

[5]    Plaintiff spends some time objecting to the applicability of the Anti-Injunction Act as a bar to his suit to recover monies that were withheld from his paycheck.  *See* Pl.'s Obj. 4–7.  But Judge Finnegan agreed with Plaintiff in this regard, finding the Anti-Injunction Act did not bar consideration of the claims for *monetary* relief.  *See R&R II* 5–7.

sections are interchangeable. *See* Pl.'s Obj. 8 ("The sections of Title 26, United States Code, are identical to the sections of the Internal Revenue Code.").

Lastly, as the Defendant points out, many of the cases that Plaintiff cites actually support Judge Finnegan's ruling that a suit against an employer is not the proper vehicle to obtain a tax refund. *See, e.g.*, *Bob Jones Univ. v. Simon*, 416 U.S. 725, 730–31 (1974) (noting proper review procedures for seeking a refund from the IRS involve initiating a suit for refund against the IRS in federal court or the Court of Claims). Plaintiff's objections are meritless, and the Court fully adopts that portion of Judge Finnegan's *R&R II* dismissing Counts I and II with prejudice. [6]

## II. Child Support Wage Garnishment (Count III)

Adopting the reasoning and findings in *R&R I*, Judge Finnegan recommended that this count be dismissed based upon the *Rooker-Feldman* doctrine. Plaintiff lodges three objections to Judge Finnegan's findings: (1) that the state court does not have jurisdiction over him; (2) that the evidence the Defendant submitted is fraudulent; and (3) that Judge Finnegan did not grant him a hearing on the matter. These objections have been addressed above. The Court fully adopts Judge Finnegan's *R&R II* dismissing Count III for lack of subject matter jurisdiction.

## III. Due Process Claim (Count IV)

Concerning Plaintiff's claim for violation of due process rights under the Fifth Amendment, Judge Finnegan rejected Plaintiff's claim that Defendant's withholdings of his wages have forced him into a "state of peonage" made illegal under the Thirteenth Amendment. *See R&R II* 13. Specifically, Judge Finnegan found that a Fifth Amendment Due Process claim

---

[6] Plaintiff objects throughout his briefing that he has not been granted a hearing to elaborate on various arguments he presented. *See, e.g.*, Pl.'s Obj. 1–2, 11, 12. Of course, Plaintiff was not entitled to another hearing (or even a first hearing). *See* LR 78.3 ("Oral argument may be allowed in the court's discretion."). And despite his claim that a hearing would address "fraudulent documents" submitted by the Defendant, Plaintiff has offered no competent evidence or argument concerning which documents are fraudulent.

can only be brought against government actors, and therefore the claim against the Defendant must be dismissed. *See id.* (citing *Esang v. U.S. Sec'y of Hous. & Urban Dev.*, No. 01 C 5537, 2002 WL 31655215, at *2 (N.D. Ill. Nov. 25, 2002). The Court agrees. Generally, the Fifth Amendment "protects citizens from conduct by the government, but not by conduct by private actors, no matter how egregious that conduct might be." *Hallinan v. Fraternal Order of Police of Chic. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). Plaintiff cannot bring a Fifth Amendment claim against the Defendant here.

Plaintiff lodges two objections to this finding. First, he objects to Judge Finnegan's citation to *Edwards v. Stringer*, 89 F. App'x 663, 665 (10th Cir. 2004), for the proposition that private companies are legally bound to withhold and pay federal income taxes to the IRS. Plaintiff argues that *Edwards* concerned Social Security taxes, and because he does not pay into the Social Security Fund, *Edwards* has no application here. This is incorrect. The general principle in *Edwards* applies to all forms of federal income tax liability, including those Plaintiff incurred. *See Thomas v. United States*, 41 F.3d 1109, 1113 (7th Cir. 1994) (noting that employers are legally required to withhold Social Security *and* income taxes, among others).

Second, Plaintiff argues that the Defendant was acting under "the color of state law," and therefore was a government actor for purposes of the Fifth Amendment, when it withheld taxes. According to Plaintiff, by virtue of collecting taxes pursuant to *federal* law, the Defendant became a *state* actor. But Plaintiff provides no authority to support this position. Moreover, as noted above, a private company collecting taxes pursuant to federal law is immune from suit. *See Burda*, 2 F. 3d at 775.

For the foregoing reasons, the Court fully adopts Judge Finnegan's *R&R II* dismissing Count IV with prejudice.

**IV. Defendant Matthew Rose**

Finally, Judge Finnegan found that Plaintiff failed to plead allegations concerning Defendant Matthew Rose's conduct that would meet federal notice pleading standards under Rule 8(a)(2). In particular, Judge Finnegan found that the only allegation concerning Rose was that he is the Chief Operating Officer of BNSF. There are no allegations of acts of wrongdoing by Rose, or indeed, allegations of any conduct by Rose at all. Under federal notice pleading rules a complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's allegations against Rose do not and therefore require that Rose be dismissed from the case. Plaintiff lodges no objections to this aspect of Judge Finnegan's findings.[7] The Court fully adopts Judge Finnegan's Report and Recommendation dismissing Defendant Matthew Rose from the case.

---

[7] Plaintiff does argue that "Mr. Rose was the C.E.O. of the company" in his reply brief, *see* Pl.'s Reply 7, but it is well-established that "arguments presented for the first time in a reply brief are waived." *W. v. MeadWestvaco Corp.*, 81 F. App'x 74, 75 (7th Cir. 2003). Even if this argument were not waived, Plaintiff does not elaborate on this objection any further, and the Court can discern no basis for reversing course on Judge Finnegan's finding where Plaintiff simply repeats his bare allegation.

## Conclusion

The Court adopts in full Judge Finnegan's Report and Recommendation [36] on Plaintiff's motions for preliminary injunction [6] [8]. Plaintiff's motions are denied. The Court also adopts in full Judge Finnegan's Report and Recommendation [60] on Defendant's motion to dismiss [26]. The motion to dismiss is granted. Counts I, II, and IV are dismissed with prejudice. Count III is dismissed for lack of jurisdiction. All other pending motions [71] [76] [77] are denied as moot. Civil case terminated.

**SO ORDERED**

**ENTER: 8/17/15**

_____

**JOHN Z. LEE**
**United States District Judge**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Lewis          ,

Plaintiff(s),

v.

BNSF Rail Way Company
Matthew Rose,

Defendant(s).

Case No.  14-cv-7173
Judge John Z. Lee

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐　　　in favor of plaintiff(s)
　　　　and against defendant(s)
　　　　in the amount of $　　　　,

　　　　　　which ☐ includes　pre–judgment interest.
　　　　　　　　　☐ does not include pre–judgment interest.

　　　Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

　　　Plaintiff(s) shall recover costs from defendant(s).

_____

☐　　　in favor of defendant(s)
　　　　and against plaintiff(s)

.

　　　Defendant(s) shall recover costs from plaintiff(s).

_____

☒　　　other: Judgment is entered in favor of Defendant BNSF Rail Way Company, Matthew Rose and against the plaintiff Simeon Lewis

This action was (check one):

☐ tried by a jury with Judge　　　presiding, and the jury has rendered a verdict.
☐ tried by Judge　　　without a jury and the above decision was reached.
☒ decided by Judge John Z. Lee on a motion to dismiss

Date:  8/17/2015

Thomas G. Bruton, Clerk of Court

Carmen Acevedo , Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **SIMEON LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **14-cv-7173** |
| **v.** | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| **BNSF RAILWAY COMPANY, and** | ) | |
| **MATTHEW ROSE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff Simeon Lewis, also known as Simeon Washa Amen Ra Ex, moves the Court to reconsider its Memorandum Opinion and Order in which it adopted in full Magistrate Judge Sheila Finnegan's Report and Recommendations that denied Plaintiff's motion for preliminary injunction (R&R I) and granted Defendants' motion to dismiss (R&R II). The Court dismissed Counts I, II, and IV with prejudice and dismissed Count III without prejudice for lack of jurisdiction. For the reasons provided herein, Plaintiff's motion for reconsideration [85] is denied. Plaintiff's motion for decision is stricken as moot [96]. Plaintiff's motion for emergency intervention is stricken as moot and for failure to file a notice of motion [98]. This case remains closed.

## STATEMENT

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotations omitted). A "manifest error of law" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The Seventh Circuit further articulated that reconsideration is proper when:

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform. Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (quotation omitted).

Plaintiff's motion to reconsider merely rehashes his arguments in support of his theories that he is exempt from paying federal taxes, that BNSF is liable and may be enjoined for its complying with IRS directives, and that the *Rooker-Feldman* doctrine does not preclude the Court from determining whether BNSF should be enjoined from complying with a state court Child Support Order. These are arguments that he either raised or could have raised in his emergency motion for preliminary injunction [6], his motion for injunction [8], his response to Defendants' motion to dismiss [43], his objections to R&R I and R&R II [44, 62], his emergency motion for preliminary injunction [71], and his third emergency motion for preliminary injunction [89]. None of Plaintiff's arguments is sufficient to cause the Court to reconsider its judgment.

Plaintiff's additional argument that reconsideration is appropriate because the Court should have permitted discovery to proceed is a nonstarter. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") Accordingly, given the latitude provided to district courts to control their own dockets, this Court did not commit a manifest error of law when it held off discovery in order to address the motions for preliminary injunctions and the motions to dismiss.

Having found no basis to reconsider its dismissal of the Complaint, the Court denies Plaintiff's motion. The Court disregards BNSF's request for an issuance of a formal reprimand to Plaintiff for his improper, frivolous filings because such request was not brought as a separate motion, and was merely incorporated in BNSF's response brief. This case remains closed.

Date:  2/10/16                                           /s/ John Z. Lee

APPEAL,FINNEGAN,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:14-cv-07173
## Internal Use Only

| | |
|---|---|
| Lewis v. BNSF Rail Way Company | Date Filed: 09/15/2014 |
| Assigned to: Honorable John Z. Lee | Date Terminated: 08/17/2015 |
| Demand: $75,000 | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Breach of Fiduciary Duty | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Diversity |

**Plaintiff**

**Simeon Lewis**          represented by   **Simeon Lewis**
*estate of*                                P.O. Box 199273
Simeon Washa Amen Ra Ex                    Chicago, IL 60619
                                           (773) 648-1317
                                           Email: thechief1970@hotmail.com
                                           PRO SE

                                           **Alia Miriam Horwick**
                                           Reyes Kurson
                                           600 W Van Buren
                                           Suite 909
                                           Chicago, IL 60607
                                           (312) 332-0055
                                           Fax: 3123320419
                                           Email: ahorwick@rkchicago.com

V.

**Defendant**

**BNSF Rail Way Company**          represented by   **Maisha N. Shaw**
*C.E.O. Matthew K. Rose*                             Daley Mohan Groble PC
                                                     55 West Monroe
                                                     Suite 1600
                                                     Chicago, IL 60603
                                                     (312) 422-9999
                                                     Fax: (312) 422-5370
                                                     Email: mshaw@daleymohan.com
                                                     *TERMINATED: 12/18/2014*
                                                     *LEAD ATTORNEY*

                                                     **Raymond Hugo Groble , III**

Daley Mohan Groble P.C.
55 W. Monroe
Suite 1600
Chicago, IL 60603
(312) 422-9999
Fax: (312) 201-9368
Email: groble@daleymohan.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cherie K. Getchell**
Daley Mohan Groble
55 W. Monroe Street
Suite 1600
Chicago, IL 60603
(312) 422-6522
Fax: 312-341-9656
Email: CGetchell@daleymohan.com
*TERMINATED: 01/30/2015*

**Heather Renee Adams**
Daley Mohan Groble P.C.
55 West Monroe
Suite 1600
Chicago, IL 60603
(312) 422-6522
Email: hadams@daleymohan.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2014 | 1 | COMPLAINT and opening statement filed by Simeon Lewis; Jury Demand. (tlm) (Entered: 09/15/2014) |
| 09/15/2014 | 2 | EXHIBITS by Plaintiff Simeon Lewis regarding complaint 1 . (tlm) (Modified on 12/29/2014) (tlm, ). (Entered: 09/15/2014) |
| 09/15/2014 | 3 | CIVIL Cover Sheet. (tlm) (Entered: 09/15/2014) |
| 09/15/2014 | 4 | ENTRY of Appearance by Simeon Lewis. (tlm) (Entered: 09/15/2014) |
| 09/15/2014 | 🔒 5 | (Court only) RECEIPT regarding payment of filing fee paid on 9/15/2014 in the amount of $400.00, receipt number 4624126879. (tlm) (Entered: 09/15/2014) |
| 09/15/2014 | 6 | EMERGENCY MOTION by Plaintiff Simeon Lewis for preliminary injunction (Exhibit). (tlm) (Entered: 09/16/2014) |
| 09/15/2014 | 18 | PRO SE Appearance by Plaintiff Simeon Lewis, aka, Simeon W. Amen Ra. (tlm) (Entered: 10/10/2014) |

| 09/16/2014 | 7 | MINUTE entry before the Honorable John Z. Lee: The Court has received Plaintiff's Emergency Preliminary Injunction 6 . Upon review of the motion, the Court finds that a delay in hearing the motion would not cause serious harm to one or more of the parties and therefore proceeding on an emergency basis is not warranted. Any motion filed as an "emergency" must state the reasons why it is being filed on an emergency basis without complying with the 3-day notice requirement. Plaintiff's lawsuit and motion concern his employers allegedly illegal paycheck withholdings, causing Plaintiff financial hardship, missed child support and loan payments, and foreclosure. But according to Plaintiff, these withholdings have been ongoing for at least several years, belying any exigency. The cited harms, while troubling, do not rise to the level of seriousness which necessitates proceeding on an emergency basis.Absent exigent circumstances, parties are entitled to 3-days notice of motions so that they can arrange to appear at the motions presentation and provide a response. Plaintiff is directed to notice the motion for hearing in accordance with the local rules and the Court's standing orders on Motion Practice, available on the Court's homepage. Plaintiff is instructed to serve Defendant with a copy of the Complaint and the Emergency Preliminary Injunction at least 48 hours before the motion hearing. Mailed notice (ca, ) (Entered: 09/16/2014) |
| 09/22/2014 | 8 | MOTION by Plaintiff Simeon Lewis for Injunction. (tlm) (Entered: 09/25/2014) |
| 09/22/2014 | 9 | NOTICE of Motion by Simeon Lewis for presentment of motion for preliminary injunction 6 , 8 before Honorable John Z. Lee on 9/30/2014 at 9:00 AM. (tlm) (Entered: 09/25/2014) |
| 09/29/2014 | 10 | ATTORNEY Appearance for Defendant BNSF Rail Way Company by Maisha N. Shaw (Shaw, Maisha) (Entered: 09/29/2014) |
| 09/29/2014 | 11 | MINUTE entry before the Honorable John Z. Lee:Plaintiff's motion for preliminary injunction 6 and 8 are referred to Magistrate Judge Finnegan for a report and recommendation. No appearance is required on 9/30/14.Mailed notice (ca, ) (Entered: 09/29/2014) |
| 09/29/2014 | 12 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sheila M. Finnegan for the purpose of holding proceedings related to: Plaintiff's motion for preliminary injunction 6 8 for a report and recommendation. (ca, ). Mailed notice. (Entered: 09/29/2014) |
| 09/29/2014 | 13 | MINUTE entry before the Honorable Sheila Finnegan: Motion Hearing set for 10/1/2014 at 8:45 a.m. as to Plaintiff's motion for preliminary injunction 6 , 8 . Mailed notice. (is, ) (Entered: 09/29/2014) |
| 10/01/2014 | 14 | MINUTE entry before the Honorable Sheila Finnegan: Motion hearing held on 10/1/2014. After hearing oral argument, the court entered the parties' requested briefing schedule. Defendant's response to plaintiff's motion for preliminary injunction 6 , 8 due by 10/22014. Plaintiff's reply due by 11/5/2014. After reviewing the briefs, the Court will decide whether another hearing is necessary before issuing a report and recommendation to Judge Lee. Mailed notice. (is, ) (Entered: 10/01/2014) |

| | | |
|---|---|---|
| 10/08/2014 | 15 | MOTION by Defendant BNSF Rail Way Company for extension of time to file answer (Shaw, Maisha) (Entered: 10/08/2014) |
| 10/08/2014 | 16 | NOTICE of Motion by Maisha N. Shaw for presentment of motion for extension of time to file answer 15 before Honorable John Z. Lee on 10/16/2014 at 09:00 AM. (Shaw, Maisha) (Entered: 10/08/2014) |
| 10/09/2014 | 17 | MINUTE entry before the Honorable John Z. Lee:Defendant's motion for extension of time to answer or otherwise plead 15 is granted. Defendant's answer or responsive pleading is due by 11/11/14. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 10/09/2014) |
| 10/22/2014 | 19 | MINUTE entry before the Honorable Sheila Finnegan: The time for defendant to file a response to plaintiff's motion for preliminary injunction 6 , 8 is extended to 10/23/2014. Mailed notice. (is, ) (Entered: 10/22/2014) |
| 10/23/2014 | 20 | RESPONSE by BNSF Rail Way Companyin Opposition to MOTION by Plaintiff Simeon Lewis for order 8 , MOTION by Plaintiff Simeon Lewis for preliminary injunction 6 (Attachments: # 1 Affidavit, # 2 Exhibit Ex. A to the Affidavit, # 3 Exhibit Ex. B to the Affidavit, # 4 Exhibit Ex. C to the Affidavit, # 5 Exhibit Ex. D to the Affidavit, # 6 Exhibit Ex. E to the Affidavit, # 7 Exhibit Ex. F to the Affidavit, # 8 Exhibit Ex. G to the Affidavit, # 9 Exhibit Ex. H to the Affidavit, # 10 Exhibit Ex. I to the Affidavit, # 11 Exhibit Ex. J to the Affidavit, # 12 Exhibit Ex. K to the Affidavit, # 13 Exhibit Ex. L to the Affidavit)(Shaw, Maisha) (Entered: 10/23/2014) |
| 10/23/2014 | 21 | NOTICE by BNSF Rail Way Company re response in opposition to motion,, 20 (Shaw, Maisha) (Entered: 10/23/2014) |
| 11/05/2014 | 22 | REPLY by Plaintiff Simeon Lewis to Defendant's response to Plaintiff's motion for injunction (Exhibits). 20 (tlm) Docket text modified on 11/6/2014 by Clerk's Office. (tlm). (Entered: 11/06/2014) |
| 11/10/2014 | 23 | MOTION by Defendant BNSF Rail Way Company for extension of time to file answer (Shaw, Maisha) (sj, ). (Entered: 11/10/2014) |
| 11/10/2014 | 24 | NOTICE of Motion by Maisha N. Shaw for presentment of motion for extension of time to file answer 23 before Honorable John Z. Lee on 11/18/2014 at 09:00 AM. (Shaw, Maisha) (Entered: 11/10/2014) |
| 11/10/2014 | 25 | MINUTE entry before the Honorable John Z. Lee: Defendant's motion for an extension of time to answer or otherwise plead 23 is granted. Defendant's answer or responsive pleading is due by 11/14/14. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 11/10/2014) |
| 11/14/2014 | 26 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION by Defendant BNSF Rail Way Company to dismiss for lack of jurisdiction (Shaw, Maisha) (Entered: 11/14/2014) |
| 11/14/2014 | 27 | NOTICE of Motion by Maisha N. Shaw for presentment of Motion to Dismiss for Failure to State a Claim, motion to dismiss/lack of jurisdiction 26 before Honorable John Z. Lee on 11/20/2014 at 09:00 AM. (Shaw, Maisha) (Entered: |

| | | |
|---|---|---|
| | | 11/14/2014) |
| 11/19/2014 | 28 | MINUTE entry before the Honorable John Z. Lee: In light of the pending motion for preliminary injunction before Judge Finnegan, Defendant's motion to dismiss also is referred to Judge Finnegan for a report and recommendation. No appearance is required on 11/20/14. Mailed notice (ca, ) (Entered: 11/19/2014) |
| 11/19/2014 | 29 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sheila M. Finnegan for the purpose of holding proceedings related to: Issue a report and recommendation on Defendants' motion to dismiss 26 .(ca, )Mailed notice. (Entered: 11/19/2014) |
| 11/26/2014 | 30 | MINUTE entry before the Honorable Sheila M. Finnegan: The Court has reviewed the parties' memoranda regarding Plaintiff's pending motions for injunctive relief ( 6 , 8 ) and is considering whether the district court has subject matter jurisdiction to grant the requested relief. To this end, Defendants are requested to provide the Court with copies of the orders and judgments entered in case number 2007D080461 of the Illinois Circuit Court of Cook County, County Department, Domestic Relations Division, as well as filings in that case from 2014. The supplemental filing is due by 12/10/2014. Mailed notice (ber, ) (Entered: 11/26/2014) |
| 11/26/2014 | 31 | MINUTE entry before the Honorable Sheila M. Finnegan: The district court has requested Magistrate Judge Finnegan to issue a report and recommendation on Defendant's motion to dismiss 26 filed on 11/14/2014. Plaintiff's response to the motion is due by 12/23/2014. Defendant's reply is due by 1/6/2015. Mailed notice (ber, ) (Entered: 11/26/2014) |
| 12/03/2014 | 32 | OBJECTION by plaintiff to proceedings (sj, ) (Entered: 12/05/2014) |
| 12/05/2014 | 33 | ORDER Signed by the Honorable Sheila Finnegan on 12/5/2014: Plaintiff has filed an Objection to the proceedings 32 . He complains first that, after the parties were contacted by Magistrate Judge Finnegan's law clerk in an effort to schedule a hearing to address a "clarification question" of the judge, the judge elected not to hold that hearing. Plaintiff states in his Objection that he would have been able to address the Judge's question had a hearing been held. This objection is overruled. [For further details see order.] Mailed notice (is, ) (Entered: 12/05/2014) |
| 12/09/2014 | 34 | ATTORNEY Appearance for Defendant BNSF Rail Way Company by Cherie K. Getchell (Getchell, Cherie) (Entered: 12/09/2014) |
| 12/10/2014 | 35 | EXHIBIT by Defendant BNSF Rail Way Company regarding order,, 33 , response in opposition to motion,, 20 (Attachments: # 1 Circuit Court Doc., # 2 Healthcare and Family Services Doc.)(Shaw, Maisha) (Entered: 12/10/2014) |
| 12/12/2014 | 36 | REPORT AND RECOMMENDATION regarding Plaintiff's Emergency Preliminary injunction motion 6 , and Injunction motion 8 Signed by the Honorable Sheila Finnegan on 12/12/2014: Pursuant to Fed. R. Civ. P. 72(b)(2), specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Failure |

| | | |
|---|---|---|
| | | to file objections with the Honorable John Z. Lee within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. Objections to R&R due by 12/26/2014. [For further details see report and recommendation]. Mailed notice. (is, ) (Entered: 12/12/2014) |
| 12/16/2014 | 37 | ATTORNEY Appearance for Defendant BNSF Rail Way Company by Raymond Hugo Groble, III (Groble, Raymond) (Entered: 12/16/2014) |
| 12/17/2014 | 38 | MOTION by counsel for Defendant BNSF Rail Way Company to withdraw as attorney (Shaw, Maisha) (Entered: 12/17/2014) |
| 12/17/2014 | 39 | NOTICE of Motion by Maisha N. Shaw for presentment of motion to withdraw as attorney 38 before Honorable John Z. Lee on 12/23/2014 at 09:00 AM. (Shaw, Maisha) (Entered: 12/17/2014) |
| 12/18/2014 | 40 | MINUTE entry before the Honorable John Z. Lee:Defendants' motion to withdraw Maisha N. Shaw's 38 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 12/18/2014) |
| 12/23/2014 | 43 | PLAINTIFF'S Response by Plaintiff Simeon Lewis to Defendant's Motion to Dismiss Plaintiff's Complaint (jl, ) (Entered: 12/29/2014) |
| 12/29/2014 | 41 | NOTICE of Correction regarding document 2 . (tlm) (Entered: 12/29/2014) |
| 12/29/2014 | 42 | MINUTE entry before the Honorable John Z. Lee:Because no objection has been filed regarding Magistrate Judge Sheila Finnegan's 12/12/14 Report & Recommendation 36 , the Court hereby adopts the Order in full. Mailed notice (air, ) (Entered: 12/29/2014) |
| 12/29/2014 | 44 | OBJECTION by Plaintiff Simeon Lewis (jl, ) (Entered: 12/31/2014) |
| 12/31/2014 | 45 | MINUTE entry before the Honorable John Z. Lee: Subsequent to the docketing of the Report and Recommendation 36 , the Chief Judge closed the Court for the holidays on 12/26/14. Consequently, Plaintiff was unable to file his objections with the Clerk's office by his deadline to do so. Because the Clerk's office was inaccessible, Plaintiff had until 12/29/14 to file his objections. See Fed. R. Civ. P. 6(a)(3)(A). His objections therefore are timely and will be considered by the Court. Docket Entry 42 was thus entered in error. Mailed notice (air, ) (Entered: 12/31/2014) |
| 01/02/2015 | 46 | MOTION by Defendant BNSF Rail Way Company for extension of time to file response/reply *in support of Defendants' Motion to Dismiss* (Getchell, Cherie) (Entered: 01/02/2015) |
| 01/02/2015 | 47 | NOTICE of Motion by Cherie K. Getchell for presentment of motion for extension of time to file response/reply 46 before Honorable Sheila M. Finnegan on 1/8/2015 at 09:15 AM. (Getchell, Cherie) (Entered: 01/02/2015) |
| 01/05/2015 | 48 | MINUTE entry before the Honorable Sheila Finnegan: Defendants' motion for extension of time 46 is granted. Defendants' reply brief in support of their motion to dismiss plaintiff's complaint 26 due by 1/16/2015. Motion hearing set |

| | | |
|---|---|---|
| | | for 1/8/2015 is cancelled. Mailed notice. (is, ) (Entered: 01/05/2015) |
| 01/05/2015 | 49 | MOTION by Plaintiff Simeon Lewis to strike Defendant's request for extension of time. (ym, ) (Entered: 01/07/2015) |
| 01/05/2015 | 50 | NOTICE of Motion by Simeon Lewis for presentment of motion to strike 49 before Honorable Sheila M. Finnegan on 1/7/2015 at 09:15 AM. (ym, ) (Entered: 01/07/2015) |
| 01/09/2015 | 51 | MINUTE entry before the Honorable Sheila Finnegan: Plaintiff's motion to strike defendant's request for extension of time 49 is denied. Mailed notice. (is, ) (Entered: 01/09/2015) |
| 01/09/2015 | 52 | OBJECTIONS by Simeon Lewis to orders 48 , 42 . (tlm) (Entered: 01/13/2015) |
| 01/16/2015 | 53 | REPLY by BNSF Rail Way Company to Response 43 *to Motion to Dismiss* (Groble, Raymond) (Entered: 01/16/2015) |
| 01/16/2015 | 54 | CERTIFICATE of Service *to Defendants' Reply in Support of Their Motion to Dismiss Plaintiff's Complaint* by Raymond Hugo Groble, III on behalf of All Defendants regarding reply to response to motion 53 (Groble, Raymond) (Entered: 01/16/2015) |
| 01/27/2015 | 58 | RESPONSE by plaintiff to defendant's motion to dismiss plaintiff's complaint(tlm) Modified on 1/30/2015 (tlm). (Text Modified on 4/22/2015) (gcy, ). (Entered: 01/30/2015) |
| 01/28/2015 | 55 | MOTION by counsel for Defendant BNSF Rail Way Company to withdraw as attorney (Getchell, Cherie) (Entered: 01/28/2015) |
| 01/28/2015 | 56 | NOTICE of Motion by Cherie K. Getchell for presentment of motion to withdraw as attorney 55 before Honorable John Z. Lee on 2/3/2015 at 09:30 AM. (Getchell, Cherie) (Entered: 01/28/2015) |
| 01/30/2015 | 57 | MINUTE entry before the Honorable John Z. Lee: Defendants' motion to withdraw Cherie K. Getchell's appearance 55 is granted. No appearance is required 2/3/15. Mailed notice (ca, ) (Entered: 01/30/2015) |
| 01/30/2015 | 59 | NOTICE of Correction regarding document 58 . (tlm,) (Entered: 01/30/2015) |
| 02/03/2015 | 60 | REPORT AND RECOMMENDATION regarding Defendants' Motion to Dismiss Plaintiff's Complaint 26 Signed by the Honorable Sheila Finnegan on 2/3/2015: Pursuant to Fed. R. Civ. P. 72(b)(2), specific written objections to this Report and Recommendation may be served and filed within fourteen (14) days from the date that this order is served. Failure to file objections with the Honorable John Z. Lee within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the Report and Recommendation. Objections to R&R due by 2/17/2015. [For further details see report and recommendation]. Mailed notice. (is, ) (Entered: 02/03/2015) |
| 02/03/2015 | 61 | MINUTE entry before the Honorable Sheila Finnegan: The referral is closed and the case is returned to the district judge for further proceedings. Honorable Sheila Finnegan no longer referred to the case. Mailed notice. (is, ) (Entered: |

| | | 02/03/2015) |
|---|---|---|
| 02/17/2015 | 62 | OBJECTIONS by Plaintiff Simeon Lewis to REPORT AND RECOMMENDATIONS (Exhibits). 60 (tlm) (Entered: 02/18/2015) |
| 02/19/2015 | 63 | MINUTE entry before the Honorable John Z. Lee: Defendant's reply to plaintiff's objection to the report and recommendation 62 if any is due by 3/5/15; Plaintiff's response if any is due by 3/19/15. Mailed notice (ca, ) (Entered: 02/19/2015) |
| 03/03/2015 | 64 | RESPONSE by Defendant BNSF Rail Way Company to objections 62 *to Magistrate Judge's Report and Recommendation* (Adams, Heather) (Entered: 03/03/2015) |
| 03/03/2015 | 65 | CERTIFICATE of Service by Heather Renee Adams on behalf of BNSF Rail Way Company regarding Response 64 (Adams, Heather) (Entered: 03/03/2015) |
| 03/19/2015 | 66 | TRANSCRIPT OF PROCEEDINGS held on 10-1-14 before the Honorable Sheila M. Finnegan. Court Reporter Contact Information: Pamela S. Warren, https://www.ilnd.uscourts.gov/home/Transcript-Order-Form.aspx. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 4/9/2015. Redacted Transcript Deadline set for 4/20/2015. Release of Transcript Restriction set for 6/17/2015. (Warren, Pamela) (Entered: 03/19/2015) |
| 03/19/2015 | 67 | ATTORNEY Appearance for Defendant BNSF Rail Way Company by Heather Renee Adams (Adams, Heather) (Entered: 03/19/2015) |
| 03/19/2015 | 68 | REPLY by Plaintiff Simeon Lewis to Defendant's Response in opposition to objections to Magistrate Judge's Report and Recommendation 64 . (tlm) (Entered: 03/23/2015) |
| 06/30/2015 | 69 | MINUTE entry before the Honorable John Z. Lee:This case is referred to Magistrate Judge Finnegan for general discovery supervision. Mailed notice (ca, ) (Entered: 06/30/2015) |
| 06/30/2015 | 70 | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Sheila M. Finnegan for the purpose of holding proceedings related to: General discovery supervision.(ca, )Mailed notice. (Entered: 06/30/2015) |
| 07/14/2015 | 71 | EMERGENCY MOTION by Plaintiff Simeon Lewis for preliminary injunction (cc, ) (Entered: 07/15/2015) |
| 07/14/2015 | 72 | NOTICE of Motion by Simeon Lewis for presentment of motion for emergency preliminary injunction 71 before Honorable John Z. Lee on 7/16/2015 at 02:00 PM. (cc, ) (Entered: 07/15/2015) |

| | | |
|---|---|---|
| 07/15/2015 | 73 | EXECUTIVE COMMITTEE ORDER:Case referred to the Honorable Sheila M. Finnegan for motion # 71 . Signed by Executive Committee on 7/15/2015.(cc, ) (Entered: 07/16/2015) |
| 07/15/2015 | 🔒 | (Court only) MOTIONS REFERRED: MOTION by Plaintiff Simeon Lewis for preliminary injunction 71 (cc, ) (Entered: 07/16/2015) |
| 07/16/2015 | 74 | MINUTE entry before the Honorable John Z. Lee: Plaintiff has filed an emergency motion for a preliminary injunction 71 . Because Judge Lee is not hearing motions through July 22nd, Plaintiff is directed to contact the emergency judge on duty if Plaintiff still wishes to proceed on an emergency basis. Notices mailed by Judicial Staff. (psm, ) (Entered: 07/16/2015) |
| 07/16/2015 | 75 | MINUTE entry before the Honorable Sheila M. Finnegan: Motion Hearing held on 7/16/2015. Defendant's response with attachment of the notices of levy to Plaintiff's emergency preliminary injunction 71 to be filed by 7/30/2015. Plaintiff's reply due by 8/13/2015. Mailed notice. (is, ) (Entered: 07/17/2015) |
| 07/20/2015 | 76 | MOTION by Plaintiff Simeon Lewis to strike order. (cc, ) (Entered: 07/21/2015) |
| 07/20/2015 | 77 | MOTION by Plaintiff Simeon Lewis for clarification (cc, ) (Entered: 07/21/2015) |
| 07/20/2015 | 78 | NOTICE of Motion by Simeon Lewis for presentment of motion to clarify 77 , motion to strike 76 before Honorable John Z. Lee on 7/23/2015 at 09:00 AM. (cc, ) (Entered: 07/21/2015) |
| 07/23/2015 | 79 | MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 7/23/15. Plaintiffs motion to strike order 76 and motion for clarification 77 is entered; any briefing is stayed. This case is stayed until the Court issues its ruling on the pending reports and recommendations. Mailed notice (ca, ) (Entered: 07/23/2015) |
| 08/17/2015 | 80 | MINUTE entry before the Honorable John Z. Lee: The Court adopts in full Judge Finnegan's Report and Recommendation 36 on Plaintiff's motions for preliminary injunction 6 8 . Plaintiff's motions are denied. The Court also adopts in full Judge Finnegans Report and Recommendation 60 on Defendants motion to dismiss 26 . The motion to dismiss is granted. Counts I, II, and IV are dismissed with prejudice. Count III is dismissed for lack of jurisdiction. All other pending motions 71 76 77 are denied as moot. Civil case terminated. [For further details see memorandum opinion and order.] Mailed notice (ca, ) (Entered: 08/17/2015) |
| 08/17/2015 | 81 | MEMORANDUM Opinion and Order Signed by the Honorable John Z. Lee on 8/17/15Mailed notice(ca, ). (Entered: 08/17/2015) |
| 08/17/2015 | 82 | MINUTE entry before the Honorable Sheila M. Finnegan: The referral is closed since the case has been terminated. Honorable Sheila M. Finnegan no longer referred to the case. Mailed notice. (is, ) (Entered: 08/17/2015) |
| 08/17/2015 | 83 | ENTERED JUDGMENT Signed by the Courtroom deputy on 8/17/15Mailed notice(ca, ). (Entered: 08/17/2015) |

| | | |
|---|---|---|
| 08/27/2015 | 84 | TRANSCRIPT OF PROCEEDINGS held on 7/23/2015 before the Honorable John Z. Lee. Court Reporter Contact Information: ALEXANDRA ROTH, alexandra_roth@ilnd.uscourts.gov (312) 408-5038. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 9/17/2015. Redacted Transcript Deadline set for 9/28/2015. Release of Transcript Restriction set for 11/25/2015. (Roth, Alexandra) (Entered: 08/27/2015) |
| 08/31/2015 | 85 | MOTION by Plaintiff Simeon Lewis to reconsider Judges order with objections. (Exhibits) (lk, ) (Entered: 09/01/2015) |
| 08/31/2015 | 86 | NOTICE of Motion by Simeon Lewis for presentment of motion to reconsider Judges order 85 before Honorable John Z. Lee on 9/10/2015 at 09:00 AM. (lk, ) (Entered: 09/01/2015) |
| 09/04/2015 | 87 | MINUTE entry before the Honorable John Z. Lee:Defendant's response to plaintiff's motion to reconsider judges order with objections 85 is due by 9/16/15; ruling will be by mail. No appearance is required on 9/10/15.Mailed notice (ca, ) (Entered: 09/04/2015) |
| 09/14/2015 | 88 | ATTORNEY Appearance for Plaintiff Simeon Lewis by Alia Miriam Horwick (Horwick, Alia) (Entered: 09/14/2015) |
| 09/14/2015 | 89 | MOTION by Plaintiff Simeon Lewis for preliminary injunction (Attachments: # 1 Exhibit)(Horwick, Alia) (Entered: 09/14/2015) |
| 09/16/2015 | 90 | RESPONSE by BNSF Rail Way Company to MOTION by Plaintiff Simeon Lewis for reconsideration 85 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Adams, Heather) (Entered: 09/16/2015) |
| 09/16/2015 | 91 | NOTICE by BNSF Rail Way Company re response to motion 90 (Adams, Heather) (Entered: 09/16/2015) |
| 09/21/2015 | 92 | MINUTE entry before the Honorable John Z. Lee: The Court strikes without prejudice Plaintiff's motion for preliminary injunction 89 . This case is closed. Whether a motion for preliminary injunction may be properly considered depends on the Court's ruling on Plaintiff's motion to reconsider 85 .Mailed notice (ca, ) (Entered: 09/21/2015) |
| 09/22/2015 | 93 | MOTION by Plaintiff Simeon Lewis for preliminary injunction (Horwick, Alia) (Entered: 09/22/2015) |
| 09/22/2015 | 94 | NOTICE of Motion by Alia Miriam Horwick for presentment of (Horwick, Alia) (Entered: 09/22/2015) |

| 09/23/2015 | 95 | MINUTE entry before the Honorable John Z. Lee: The Court strikes without prejudice Plaintiff's motion for preliminary injunction 93 . This case is closed. Whether a motion for preliminary injunction may be properly considered depends on the Court's ruling on Plaintiff's motion to reconsider 85 . Mailed notice (ca, ) (Entered: 09/23/2015) |
|---|---|---|
| 11/23/2015 | 96 | MOTION by Plaintiff Simeon Lewis for decision (Exhibit) (sj, ) (Main Document 96 replaced on 11/25/2015) (sj, ). (Entered: 11/24/2015) |
| 11/25/2015 | 97 | NOTICE of Correction regarding MOTION by Plaintiff Simeon Lewis for order 96 (sj, ) (Entered: 11/25/2015) |
| 12/23/2015 | 98 | MOTION by Plaintiff Simeon Lewis; Emergency intervention requested(sj, ) (Entered: 12/28/2015) |
| 02/10/2016 | 99 | ORDER: Plaintiff Simeon Lewis, also known as Simeon Washa Amen Ra Ex, moves the Court to reconsider its Memorandum Opinion and Order in which it adopted in full Magistrate Judge Sheila Finnegans Report and Recommendations that denied Plaintiff's motion for preliminary injunction (R&R I) and granted Defendants motion to dismiss (R&R II). The Court dismissed Counts I, II, and IV with prejudice and dismissed Count III without prejudice for lack of jurisdiction. For the reasons provided herein, Plaintiff's motion for reconsideration 85 is denied. Plaintiff's motion for decision is stricken as moot 96 . Plaintiff's motion for emergency intervention is stricken as moot and for failure to file a notice of motion 98 . This case remains closed. Signed by the Honorable John Z. Lee on 2/10/16. [For further details see order.]Mailed notice(ca, ) (Entered: 02/10/2016) |
| 02/10/2016 | 100 | NOTICE OF EMAIL NOTIFICATION FAILURE, for document # 99 sent to Attorney Alia Miriam Horwick returned as: Unknown Address Error. Mailed to attorney Alia Miriam Horwick a Letter re: bounce back email and a Notification of Change of Address form. Notices have been set to No. Counsel must email the Clerk's Office at Docketing_ILND@uscourts.gov when a Notification of Change of Address has been filed to ensure electronic notification is reset. (ek, ) (Entered: 02/11/2016) |
| 02/29/2016 | 101 | NOTICE of appeal by Simeon Lewis regarding orders 81 , 99 , 83 , 80 (FEE DUE) (ek, ) (Entered: 03/01/2016) |
| 03/01/2016 | 102 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 101 (ek, ) (Entered: 03/01/2016) |